1  Henry Patrick Nelson, CSB #32249
   Amber A. Logan, CSB #166395
2  *Nelson & Fulton*
   Equitable Plaza, Suite 2800
3  3435 Wilshire Boulevard
   Los Angeles, CA 90010-2014
4  Tel. (213) 365-2703 / Fax (213) 201-1031
   **nelson-fulton@nelson-fulton.com**
5

6  Attorneys for Defendant,
   County of Los Angeles

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA ASTORGA, an individual, on behalf of herself and as a class representative; HUGO PADILLA, an individual, on behalf of himself and a class representative; RYAN MICHAEL DODSON, an individual, and KIYOKO DODSON, an individual, on behalf of themselves and as class representatives,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a municipal corporation; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; SHERIFF ALEX VILLANUEVA, an individual; and DOES 1 through 10, all sued in their individual capacities;<br><br>Defendants. | CASE NO. 2:20-cv-09805-AB-AGR<br><br>[Fee Exempt - Govt. Code §6103]<br><br>**DEFENDANT COUNTY OF LOS ANGELES' OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; MEMORANDUM OF LAW**<br><br>Date: Not Set<br>Time: 10:30 a.m.<br>Place: Courtroom 7B<br>Judge: Hon. Andre Birotte, Jr. |

Defendant, COUNTY OF LOS ANGELES, hereby submits the following points and authorities in support of his opposition to Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction. (Docket No. 11).

The County of Los Angeles hereby opposes the Plaintiffs' application on the following grounds: (1) the Plaintiffs fail to demonstrate a likelihood of success on the merits of their civil rights claims seeking the return of personal property; (2) the Plaintiffs have not demonstrated that they stand to suffer irreparable harm should the injunction not issue.

## MEMORANDUM OF LAW

### I.

### INTRODUCTION

On October 26, 2020, the Plaintiffs filed a civil rights complaint pursuant to 42 U.S.C. section 1983. On October 31, 2020, the Plaintiffs' filed an Application for Temporary Restraining Order and a Preliminary Injunction compelling the County of Los Angeles and its Sheriff's Department (hereafter, "LASD") to return to them personal property allegedly seized during their arrests.

Specifically, the application seeks an order for the Sheriff's Department to return the following:

1. To Plaintiffs, Ryan Michael Dodson and Kiyoko Dodson, a 2005 Chevrolet Silverado Truck, license no. 7T77523, registered to Ryan Michael Dodson;

   To Plaintiffs, Ryan Michael Dodson and Kiyoko Dodson, all items of their personal property seized by the LASD when the LASD seized the 2005 Chevrolet Silverado Truck and arrested Ryan Dodson;

> To Plaintiff Christina Astorga, her smartphone seized September 8, 2020 when she was arrested, along with other items of her personal property seized September 8th, bur not returned to her upon her release;
>
> To Plaintiff Hugo Padilla his two smartphones and bicycle seized September 8, 2020 when he was arrested, along with other items of his personal property seized September 8th, but not returned to him upon his release.

The Plaintiffs have not met the burden for a Temporary Restraining Order or Preliminary Injunction and their motion must be denied.

## II.

## PLAINTIFFS HAVE NOT SHOWN THAT THEY ARE

## ENTITLED TO INJUNCTIVE RELIEF

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion. Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (citations omitted). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc. (2008) 555 U.S. 7, 22; see Earth Island Institute v. Carlton, 626 F3d 462, 469 (9th Cir. 2010)–plaintiffs "face a difficult task in proving that they are entitled to this extraordinary remedy."

Courts must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. Winter v. N.R.D.C., 555 U.S. 7,

20, 129 S.Ct. 365,374 (2008). The test is conjunctive, meaning the party seeking the injunction must satisfy each element. However, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the [movant] can support issuance of a preliminary injunction, so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (citing Winter, 129 S.Ct. at 392).

The plaintiff bears the burden to establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). A preliminary injunction may not be granted based on a "possibility" of irreparable harm, even if plaintiffs demonstrate a strong likelihood of prevailing on the merits. Id. at 22. Establishing a risk of irreparable harm in the indefinite future is not enough. The harm must be shown to be imminent. Church v. City of Huntsville, 30 F.3d 1332 (11th Cir. 1994). Moreover, "plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from the harm." Campbell Soup Co. v. ConAgra, Inc. 977 F2d 86, 91, (3rd Cir. 1992).

**A. THE PLAINTIFFS DO NOT DEMONSTRATE A LIKELIHOOD OF SUCCESS ON THE MERITS OF A SECTION 1983 CLAIM REGARDING SEIZURE OF PERSONAL PROPERTY.**

Plaintiffs contend that the County is liable under Section 1983 for a Fourth and/or Fourteenth Amendment violation by seizing their personal property during arrest without a

warrant and seek preliminary relief from this court to return said personal property. However, the Plaintiffs are not likely to prevail on this claim.

The United States Supreme Court has held that an unauthorized deprivation of property, either intentional or negligent, by a prison official is not actionable under § 1983 if a meaningful state post-deprivation remedy for the loss is available. *See,* Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984). A state's post deprivation remedy may be adequate even though it does not provide relief identical to that available under Section 1983. The matter of Parratt v. Taylor, 451 U.S. 527, involved a prisoner's claim that under 42 U.S.C. § 1983 that the prison officials intentionally destroyed his personal property during a search of his cell. This destruction, the prisoner contended, deprived him of property without due process, in violation of the Due Process Clause of the Fourteenth Amendment. The Supreme Court affirmed the District Court dismissal for failure to state a claim. The court held that even an intentional destruction of property by a state employee does not violate due process if the state provides a meaningful post deprivation remedy.

The Ninth Circuit has held that the State of California's Government Claims Presentation Act (*citing, Cal. Gov't Code §§ 810-895*), provides an adequate post-deprivation remedy for any property deprivations. Barnett v. Centoni, 31 F.3d 813, 816-817 (9th Cir. 1994).

Thus, the Plaintiffs in this case are not likely to prevail on their personal property claims under Section 1983. Even where it is alleged that the property was wrongfully seized under the Fourth or Fourteenth Amendment, the Plaintiffs cannot prevail where the

State offers an adequate post deprivation remedy.  The State of California offers more than one such remedy.

The Plaintiffs could file a Claim with the County of Los Angeles pursuant to the California Claims Presentation Act, Cal. Gov. Code section 810, et. seq.  The Ninth Circuit has held that the Claims Act offers a valid post deprivation remedy for property alleged to have been illegally seized.

In addition, the Plaintiffs could file a non-statutory Motion for the Return of Seized Property as a special proceeding before the California criminal courts.  Cal. Penal Code sections 1538 – 1540 provides remedies to obtain the return of property alleged to have been seized unlawfully, and which will not be used as exhibits in a criminal case.  "One whose property is illegally seized may desire not only to prevent its use against him in a criminal case, but also to procure its return.  In that case, he may, either as an alternative to, or in conjunction with, a motion to suppress, move for its return as was done here.  If the property was seized under a void warrant, or if it was not the property described in a warrant, such a motion is expressly authorized by section 1540 of the Penal Code.  If the property was illegally seized without a warrant, the courts have allowed a similar motion." People v. Lamonte (1997) 53 Cal.App.4th 544, 551; citing, Gershenhorn v. Superior Court, Los Angeles County (1964) 227 Cal.App.2d 361, 365.

Thus, the Plaintiffs also have an adequate post deprivation remedy by way of a non-statutory Motion for the Return of Seized Property in the California Criminal Court.  There, the arresting agency can show cause why property seized pursuant to arrest should be held as further evidence of a crime yet to be charged, or should be lawfully returned to its owner.

The Plaintiffs in this case have not demonstrated a likelihood that they would prevail on the merits of a Section 1983 claim for wrongful seizure of their personal property in violation of the United States Constitution. Whether the seizure is alleged to have been intentional or negligent, the State of California offers adequate post deprivation remedies required for due process.

The request for the TRO and injunction should be denied.

**B.     THE PLAINTIFFS HAVE NOT SHOWN THAT THEY WILL SUFFER IRREPARABLE INJURY.**

Where a plaintiff has not made the minimum showing of irreparable injury, it is not necessary for the court to decide whether the plaintiff is likely to succeed on the merits. Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1378 (9th Cir. 1985). Likewise, if the moving party "fails to show that he has some chance on the merits, that ends the matter." Developmental Servs. Network. v. Douglas, 666 F.3d 540, 544 (9th Cir. 2011). A preliminary injunction cannot be granted unless plaintiff "has shown that irreparable harm is 'likely'; the 'possibility' of harm is insufficient to meet [plaintiff's] burden. Small v. Avant Health., LLC, 661 F.3d 1180, 1191 (9th Cir. 2011).

"Moreover, a district court should be wary of issuing an injunction based solely upon allegations and conclusory affidavits submitted by plaintiff." Atari Games Corp. v. Nintendo of Am., Inc., 897 F.2d 1572, 1575 (Fed. Cir. 1990) (*citing* Am. Passage Media Corp. v. Cass Commc'ns, Inc., 750 F.2d 1470, 1471 (9th Cir. 1985)).

The Plaintiffs cannot show that they stand to suffer irreparable injury. The Plaintiffs' contentions regarding irreparable injury are vague and conclusory. The

Plaintiffs cannot rely simply on the allegations in their pleadings or conclusory statements in the moving papers when seeking extraordinary relief from the court. Here we are addressing the seizure of personal property. The Plaintiffs bear the burden of showing the elements necessary for injunctive relief but have offered no evidence that their property will be destroyed, lost, or otherwise damaged by the County of Los Angeles should injunctive relief not issue. Moreover, the plaintiffs offer no evidence of irreparable harm that they stand to suffer if the injunction does not issue.

Plaintiffs bear the burden of establishing the factors under <u>Winter v. Natural Resources Defense Council, Inc.</u> and they fail to do so. Therefore, the motion should be denied.

## CONCLUSION

Based on the foregoing, Defendant County of Los Angeles requests the Court deny the Plaintiffs' motion for a temporary restraining order and/or a preliminary injunction.

DATED: November 4, 2020          Respectfully submitted,

**NELSON & FULTON**

By: _*Amber Logan*_____
HENRY PATRICK NELSON
AMBER A. LOGAN
Attorneys for Defendant,
County of Los Angeles