**COLLEEN FLYNN**, CSB 234281
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 facsimile
E-mail: cflynnlaw@yahoo.com

**DONALD W. COOK**, CSB 116666
ATTORNEY AT LAW
3435 Wilshire Blvd., Ste. 2910
Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 facsimile
Email: manncook@earthlink.net

**PEDRAM ESFANDIARY**, CSB 312569
**MONIQUE ALARCON**, CSB 311560
BAUM HEDLUND, ARISTEL, &
GOLDMAN, P.C. 10940 Wilshire Blvd.,
17th Floor
Los Angeles, CA 90024
(310) 207-3233 / (310) 820-7444 facsimile
Email: pesfandiary@baumhedlundlaw.com
Email: malarcon@baumhedlundlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

CHRISTINA ASTORGA, an individual, on behalf of herself and as class representative; HUGO PADILLA, an individual, on behalf of himself and class representative; RYAN MICHAEL DODSON, an individual, and KIYOKO DODSON, an individual, on behalf of themselves and as class representatives,

               Plaintiffs

     vs.

COUNTY OF LOS ANGELES, a municipal corporation; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; SHERIFF ALEX VILLANUEVA, an individual; and Does 1 through 10, all sued in their individual capacities,

               Defendants

Case No.: 2:20-cv-09805-AB-AGR

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

Date: TBD
Time: 10:30
Courtroom 7B
Hon. André Birotte, Jr.

---

## I.      Defendants Admit They Are Effecting Intentional Seizures in Violation of the Fourth Amendment and Due Process.

Defendants do not dispute or otherwise challenge the showing Plaintiffs made (see doc. 11-1 filed 10/31/20) that the LASD:

- Seized Plaintiffs' property without warrants or judicial review;
- Is currently holding Plaintiffs' property, refusing to return the property to Plaintiffs;
- Has not sought and has no plans to seek, judicial review that might justify the ongoing property seizures;
- Has not given any Plaintiff "notice and a meaningful opportunity" to contest the ongoing seizures without warrants; and
- Has not disputed Plaintiffs' factual showing of irreparable harm caused by the defendants' ongoing constitutional violations (see doc. 11-1 at pp. 6-7 [¶¶22, 26]; pp. 13-14 [¶¶6, 9, 12]; pp. 15-16 [¶¶5, 9]).

Thus, defendants essentially admit to the constitutional violations that Plaintiffs charged in their moving papers. *United States v. James Daniel Good Real Property*, 510 U.S. 43, 49-55 (1993) (when the government seizes one's property, it must provide notice and opportunity for the property's owner to contest that seizure, if not pre-seizure then post-seizure); *Brewster v. Beck*, 859 F.3d 1194, 1196-97 (9th Cir. 2017) (There must be Fourth Amendment justification for the entire time the police hold the property; if the justification lapses, the police's continued retention of the property violates the Fourth Amendment).

Glossing over their admission to egregious ongoing constitutional violations, defendants instead argue Plaintiffs must pursue various "remedies" purportedly available under state law.  Failure to pursue those purported remedies, defendants claim, means this Court cannot grant equitable relief (a TRO for return of property and issuance of an OSC on why a preliminary injunction should not issue).

As will be shown, defendants' argument is frivolous.

## II.   The Purported State Law "Remedies" Are Not Remedies And Are Irrelevant.

Defendants contend that Cal. Gov't Code §§ 810, *et seq.* ("Tort Claims Act") provides an adequate post-deprivation remedy for the ongoing property seizures in violation of Fourth Amendment and due process guarantees.  Doc. 18 at 5.  *Wrong*.

Sections § 810 *et seq.* is part of the Tort Claims Act.  In a nutshell, the Tort Claims Act requires that a within a certain time period a claimant must submit a claim form to a public entity before that claimant can pursue litigation against the public entity.  *Williams v. Horvath*, 16 Cal.App.3d 834, 838 (1977) (Explaining claims submission process for seeking recovery of monetary damages under the Tort Claims Act).  Defendants' reliance on the Tort Claims Act is misplaced for two reasons:

*First:* The Tort Claims Act is limited to claims for *monetary* damages against a public entity; the Act does not cover claims for injunctive relief.  *See*, *e.g., Loehr v. Ventura Cty. Cmty. Coll. Dist.*, 147 Cal.App.3d 1071, 1081 (1983).

Here, Plaintiffs seek injunctive relief for the return of their property, property defendants are withholding via *ongoing* violations of Plaintiffs' Fourth Amendment and due process rights.  And the reason injunctive relief issues even though a plaintiff can also pursue a claim for monetary damages, is that monetary damages *cannot remedy the irreparable harm that occurs if injunctive relief is not granted*.

*Second:* Plaintiffs seek relief under federal law, 42 U.S.C. § 1983.  For more than four decades it has been the law that California's Tort Claims Act *cannot* be invoked to bar relief sought under § 1983.  *Williams v. Horvath*, 16 Cal.3d at 838-42; *Felder v. Casey*, 487 U.S. 131, 141 (1988) (Agreeing with *Horvath*, U.S. Supreme Court holds that enforcing state law pre-filing claims requirements violates the Supremacy Clause and thus are inapplicable to actions under § 1983).

Equally meritless is defendants' assertion that Plaintiffs must pursue relief under Cal. Pen. Code §§ 1538-40. Doc. at 6-7.  Plaintiffs, defendants argue, should file "a non-statutory Motion for the Return of Seized Property in the California Criminal

1 | Court." Doc. 18 at 6:23-25.

Putting aside the rather significant problem that there is no pending criminal case in which a Plaintiff could bring such a motion – no charges have been filed against any Plaintiff and it is unlikely that any will be filed – defendants again disregard fundamental constitutional principles.  Under the Fourth Amendment, the burden is not Plaintiffs' but *defendants*' to seek judicial review for these ongoing warrantless seizures. *See, e.g., City of Los Angeles v. Patel*, 576 U.S. 409, 419 (2015). Likewise, due process requires that *defendants* come forward and provide Plaintiffs with notice and a meaningful opportunity to be heard. *See Fuentes v. Shevin*, 407 U.S. 67, 84-87 (1972) (*government* must provide notice and a meaningful opportunity to be heard for property the government seizes); *Krimstock v. Kelly*, 464 F.3d 246, 252-55 (2nd Cir. 2006) (holding that the *state* must provide some form of "immediate judicial review" of warrantless seizures of vehicles).

Just to illustrate how shallow and baseless defendants' arguments are, consider (now Chief) Judge Gutierrez's decision in *Lavan v. City of Los Angeles*, 797 F.Supp.2d 1005 (C.D. Cal. 2011), and the subsequent published Ninth Circuit decision affirming Judge Gutierrez (693 F.3d 1022 (9th Cir. 2012)).  There, the plaintiffs sued seeking injunctive relief to restrict LAPD's warrantless seizures and subsequent destruction of property belonging to people experiencing homelessness.  On the plaintiffs' application, Judge Gutierrez granted the plaintiffs' requested temporary restraining order ("TRO"), before later issuing a preliminary injunction (subsequently affirmed by the Ninth Circuit). 797 F.Supp.2d 1010 ("This Court granted Plaintiffs' TRO after concluding that Plaintiffs would likely succeed on their Fourth and Fourteenth Amendment claims, and that the balance of equities tipped sharply in Plaintiffs' favor.").  If the arguments the County defendants are making in this case had any merit, then Judge Gutierrez and the Ninth Circuit both got it wrong in issuing and upholding the injunctive relief the plaintiffs in that case sought.
//

PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' *EX PARTE* APPLICATION FOR RESTRAINING ORDER

### III.    Cases Defendants Cite Are Inapplicable.

Defendants wrongly rely on *Parratt v. Taylor*, 451 U.S. 527 (1981) and *Hudson v. Palmer,* 468 U.S. 517 (1984).  Both cases involved prisoners whose property the prison officials either lost or destroyed; in *Parratt,* a negligent destruction while in *Hudson* intentional.  Neither involved any claim for equitable relief, nor were the prisoners faced with irreparable harm.  In both cases, critical to the Court's holdings was the fact that the "deprivations of property [were] effected through random and unauthorized conduct of a state employee [and] predeprivation procedures are simply 'impracticable' since the state cannot know when such deprivations will occur." *Hudson*, 468 U.S. at 533.

Those facts are *not* the present case.  Here, defendants are committing ongoing constitutional violations – LASD is intentionally denying Plaintiffs their property; LASD refuses to seek judicial review to justify the ongoing seizures; and LASD refuses to provide Plaintiffs with any notice and meaningful opportunity to be heard in which Plaintiffs can reclaim their property's return.

Defendants' reading of *Parratt* and *Hudson* to mean that § 1983 injunctive relief is precluded whenever there is a claim of wrongful property deprivation so long as a state law damages remedy is available, was rejected decades ago.  *See Haygood v. Younger*, 769 F.2d 1350, 1357 (9th Cir. 1985) ("*Parratt* and *Hudson* did not decide…whether the availability of some remedial relief in state court might be imposed as a bar to federal relief under § 1983 in the myriad fact situations that might present themselves in other cases…*Parratt* and *Hudson* dealt with relatively minor infractions of prisoners' interests in their personal property . . . "); *Bynum v. City of Pittsburg*, 622 F. Supp. 196, 199 (N.D. Cal. 1985).[1]

---

[1] Defendants' reliance on *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) is inapposite for the same reasons. *Barnett*, another case of a *pro se* inmate plaintiff challenging seizure of his property adopted the reasoning of Parratt and *Hudson*, and the case is limited to its facts.  31 F.3d at 817.

Here, the ongoing unconstitutional seizures of property belonging to Plaintiffs are obviously *not* trivial (e.g., depriving all Plaintiffs of their smartphones; refusing to release to the Dodsons their vehicle; withholding Kikoyo Dodson's backpack and its contents). Further, the ongoing seizures have caused irreparable harm while continuing to threaten further irreparable harm.

## IV.    Conclusion.

For the reasons set forth in Plaintiffs' TRO application and the above, the Court should issue Plaintiffs' requested TRO and an order to show cause why a preliminary injunction should not issue.

Respectfully submitted,

Dated:  November 5, 2020          **BAUM, HEDLUND, ARISTEI, GOLDMAN, P.C.**

By:  /s/ Pedram Esfandiary
Pedram Esfandiary, Esq.
pesfandiary@baumhedlundlaw.com
Monique Alarcon, Esq.
malarcon@baumhedlundlaw.com
10940 Wilshire Boulevard, 17th Floor
Los Angeles, CA 90024
Telephone: (310) 207-3233

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

      I, Pedram Esfandiary, hereby certify that, on November 5, 2020, I electronically filed the foregoing with the Clerk for the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to counsel of record.

/s/ Pedram Esfandiary_____

Pedram Esfandiary

PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' *EX PARTE* APPLICATION FOR RESTRAINING ORDER