Henry Patrick Nelson, CSB #32249
Amber A. Logan, CSB #166395
*Nelson & Fulton*
Equitable Plaza, Suite 2800
3435 Wilshire Boulevard
Los Angeles, CA 90010-2014
Tel. (213) 365-2703 / Fax (213) 201-1031
**nelson-fulton@nelson-fulton.com**

Attorneys for Defendant,
County of Los Angeles

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA ASTORGA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>Defendants. | CASE NO. 2:20-cv-09805-AB-AGR<br><br>[Fee Exempt - Govt. Code §6103]<br><br>**DEFENDANT COUNTY OF LOS ANGELES' SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION; MEMORANDUM OF LAW; EXHIBITS**<br><br>Judge: Hon. Andre Birotte, Jr.<br>　　　　Courtroom 7B |

Defendant, COUNTY OF LOS ANGELES, hereby supplements its opposition to the Plaintiffs' Motion for a Preliminary Injunction per Order of the Court dated November 12, 2020. (Docket No. 20).

**INTRODUCTION**

The Plaintiffs' Motion for a TRO/Preliminary Injunction in this case contains the following allegations: That during protests on September 8, 2020 in South Los Angeles, Plaintiffs, Christina Astorga and Hugo Padilla, were arrested and their personal property seized. The motion alleges that to date Astorga's military grade goggles and smartphone have not been returned to her. Hugo Padilla's bicycle, helmet and two smartphones have not been returned to him. That during protests on September 25, 2020 in West Hollywood,

Plaintiffs, Michael and Kiyoko Dodson, were arrested and their personal property seized. The Motion alleges that to date, Michael Dodson's truck and its contents have not been returned to him, and Kiyoko Dodson's smartphone, debit/credit cars, identification, cash, keys and go pro camera have not been returned to her.

In the supplemental motion for a Preliminary Injunction, Attorney Donald W. Cook's declaration directs the court's attention to a video of Sheriff Villanueva's press conference following the September 8, 2020-protests and arrests in South Los Angeles at https://youtu.be/xzlM0ry6yuA.  In that video, the Sheriff explains that what commenced as a peaceful protest, turned violent primarily because of persons who live outside of the community who came to South Los Angeles solely for that purpose.  The violence resulted in rocks, concrete, fireworks, mortars, glass bottles, and pre-frozen water bottles being hurled at law enforcement and others.  The video depicts many of those items in addition to sticks, bats, and tactical gear which were seized from arrestees on that date.  (*See LASD Statement dated September 10, 2020, attached as Exhibit A to Declaration of John L. Satterfield, Exhibit 3*).

The Sheriff's Department has retained many of the seized items as part of their ongoing criminal investigation into the violence that erupted following these protests.  The investigation had been turned over to the Sheriff's Department's Major Crimes Bureau. The Major Crimes Bureau is working diligently to process the seized items and release those things to the public which are not part of the investigation.  (*See attached Declarations of Captain Eduardo Hernandez and Detective Joshua Short, Exhibits 1 and 2*).

On November 10, 2020, Michael Dodson's truck was released to him.  Kiyoko Dodson's debit/credit cards and identification can be picked up at the Sheriff's Central Property and Evidence in Whittier.  Hugo Padilla's bicycle and helmet can also be retrieved from Central Property and Evidence at this time.  (*See attached Declarations of Captain Eduardo Hernandez and Detective Joshua Short, Exhibits 1 and 2*).

The Sheriff's Department retains the other items of seized property as part of their ongoing criminal investigation. The Department is currently processing and releasing those items not needed for its investigation. (*See attached Declarations of Captain Eduardo Hernandez and Detective Joshua Short, Exhibits 1 and 2*).

The Plaintiffs seek a Preliminary Injunction for the release of all property seized by the Sheriff's Department during the arrests of individuals following protests that turned violent on September 8 and 25, 2020. The motion has not satisfied the requirements for an injunction to issue, and the request for injunctive relief is overly broad.

## MEMORANDUM OF LAW

### I.

### PLAINTIFFS MUST COMPLY WITH THE MONELL REQUIREMENTS IN ORDER TO OBTAIN INJUNCTIVE RELIEF

The Plaintiffs are required to show that deputies were acting pursuant to a policy or custom of the County of Los Angeles in order to obtain injunctive relief. *Monell v Department of Social Services of City of New York*, 436 U.S. 658, 692 (1978); *Los Angeles County v Humphries*, 562 U.S. 29, 37-39 (2010). They have not done so here.

In assigning municipal liability under *Monell,* the courts distinguish an act of a municipal agent without independent authority to establish policy from the act of one authorized to set policy under local law. Municipal liability under 42 U.S.C. § 1984, hinges upon the act of the municipality's authorized policymaker or of an employee following the policymakers lead.' "The 'official policy' requirement was intended to distinguish acts of the municipality from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 417 (1997).

/////

/////

Proof of the existence of a "custom" entails a showing of "practices . . . so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 168 (1970); *see also,* *City of Canton, Ohio v. Harris,* (1989) 489 U.S. 378, 398 (1989). To do this, the Plaintiff must demonstrate "[e]vidence of . . . custom [ ] by practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates,* 99 F.3d 911, 918 (9th Cir.1996)); *in accord, Avalos v. Baca,* 517 F.Supp.2d 1156, 1163–1164 (C.D. Ca;. 2007), aff'd (9th Cir. 2010) 596 F.3d 583.

Under Ninth Circuit precedent, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino,* at *p.* 918. The alleged misconduct must constitute the "standard operating procedure" of the municipal entity. *Clouthier v. Cnty. of Contra Costa,* 591 F.3d 1232, 1249 (9th Cir.2010); *see also, Sorlucco v. New York City Police Dep't,* 971 F.2d 864, 871 (2d Cir.1992) ("[The] discriminatory practice must be so manifest as to imply the constructive acquiescence of senior policy making officials."). A record that reveals an "ad hoc practice" that was "varied and inconsistent" with regard to the alleged constitutional violations is not sufficient to prove a Monell claim. *Trevino,* 99 F.3d at 919–920.

Claims 1-4 of the Plaintiffs' First Amended Complaint alleges *Monell* liability claims by stating, "[t]he acts alleged herein were the product of a policy or custom of the Entity defendants and personally approved by Villanueva as alleged above, and entitles Plaintiffs to recover punitive damages against the individual defendants." (*Plaintiffs' FAC, paragraphs 77, 80, 82 and 87*). These vague allegations do not identify any official policy, or widespread, longstanding custom and practice of the County of Los Angeles sufficient to impose liability under *Monell.*

The moving papers also fail in this respect. The declarations submitted by the Plaintiffs contend that the Sheriff's Department has seized personal property of individuals

during protests on September 6, 2020 (not alleged in the FAC), September 8, 2020, and September 25, 2020, yet these individuals have not been able to recover their seized property. These declarations concern three events that occurred in less than a thirty-day period in the year 2020. These declarations are hardly evidence of a widespread, longstanding custom of the County of Los Angeles that is so prevalent as to constitute a standard operating procedure of the County of Los Angeles.

Indeed, as is evident by the You Tube video that Plaintiff's counsel references in his declaration (https://youtu.be/xzlM0ry6yuA), these protests turned from peaceful to violent and the Department seized a number of items that were used or intended to be used as weapons against law enforcement and other individual citizens. (*See LASD Statement dated September 10, 2020, attached as Exhibit A to Declaration of John L. Satterfield, Exhibit 3*). There is no uniformity shown by the Plaintiffs' declaration based on these individual seizures. Aside from the fact that the Department seized property from arrestees following each incident, there is no evidence of a department-wide custom and practice required for municipal liability. There is no showing that the acts upon which the Plaintiffs sue, are actual customs and practices of the County.

Under <u>Monell</u>, the Plaintiffs have not shown that they are entitled to a Preliminary Injunction and the motion should be denied.

## II.

## RELIEF SOUGHT BY THE PLAINTIFFS IS OVERLY BROAD AND CANNOT APPLY TO AN UNCERTIFIED CLASS

The court correctly points out that the scope of the Plaintiffs' proposed injunction is overly broad. Federal Rules of Civil Procedure 65(d) provides:

(1) Contents. Every order granting an injunction and every restraining order must: (A) State the reasons why it is issued; (B) state its terms specifically; and (C) describe in reasonable detail – and not by referring to the complaint or other document – the act or acts restrained or required.

      (2)      Persons Bound. The order binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

In the matter of Zepeda v. U.S. I.N.S., 753 F.2d 719, 727–728 (9th Cir. 1984), the court held that Rule 65 required the district court to tailor the injunction to affect only those persons over which it has power. See, *Gardner v. Westinghouse Broadcasting Co.,* 437 U.S. 478, 481 (1978). A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court. *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). In *Zapeda*, the Ninth Circuit vacated and remanded to the district court upon finding the injunction to be too broad in that it covered a putative class of plaintiffs despite the fact that there had been no class certification. *Id. Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir.1974) ("Relief cannot be granted to a class before an order has been entered determining that class treatment is proper."). *Zepeda,* 753 F.2d at 728.

The Plaintiffs' motion for injunctive relief is overly broad. There has been no class certification in this case. The scope of an injunction, if any, must be limited to the parties and subject matter over which the court has jurisdiction. In this case those parties and claims are those of Plaintiffs, Christina Astorga, Hugo Padilla, related to their alleged September 8, 2020 -property seizure and Michael Dodson, Kiyoko Dodson related to their alleged September 25, 2020-property seizures.

Plaintiff Michael Dodson's truck has been returned to him. Plaintiff Kiyoko Dodson's identification and debit/credit cards have been released and are available for her to pick up. Plaintiff Hugo Padilla's bicycle and helmet have been released and are available for him to pick up. (*See attached Declarations of Captain Eduardo Hernandez and Detective Joshua Short, Exhibits 1 and 2*).

As indicated, the Sheriff's Department is retaining the seized property as part of an ongoing criminal investigation. The Sheriff's Department's Major Crimes Bureau is currently processing and releasing property which is not part of their criminal investigation. (*See attached Declarations of Captain Eduardo Hernandez and Detective Joshua Short, Exhibits 1 and 2*).

Without class certification, the injunction would require the return of all property seized by the Sheriff's Department during the post-protest arrest on September 8 and 25, 2020. Given that among the properties seized during these protests which turned violent were weapons, projectiles thrown at law enforcement, mortars, fireworks, the Plaintiffs have not set forth grounds for an overly broad injunction requiring the return of all property seized from all individuals arrested.

The Plaintiffs' motion is overly broad, and does not satisfy the requirements of Federal Rule of Civil Procedure 65(d). The motion for an injunction should be denied.

## CONCLUSION

Based on the foregoing, and in addition to the arguments made in its initial opposition, Defendant requests the Court deny the Plaintiffs' motion for a preliminary injunction.

DATED: November 27, 2020　　　　　　　　Respectfully submitted,

**NELSON & FULTON**

By: s / Amber A. Logan
　　HENRY PATRICK NELSON
　　AMBER A. LOGAN
　　Attorneys for Defendant,
　　County of Los Angeles

**DECLARATION OF AMBER A. LOGAN**

I declare that if called and sown, I would state the following which is based upon my personal knowledge.

I am an attorney licensed to practice before all courts in the State of California and admitted to practice before the United Sates District Court for the Central District of California.

I am employed by Nelson & Fulton, attorneys for the Defendant, County of Los Angeles in this matter.

The document attached hereto and incorporated by reference herein as Exhibit "1" is a true and correct copy of the Declaration of Los Angeles County Sheriff's Department's Major Crimes Bureau Captain Eduardo Hernandez.

The document attached hereto and incorporated by reference herein as Exhibit "2" is a true and correct copy of the Declaration of Los Angeles County Sheriff's Department Detective Joshua Short.

The document attached hereto and incorporated by reference herein as Exhibit "3" is a true and correct copy of the Declaration of Los Angeles County Sheriff's Department Operations Lieutenant John L. Satterfield authenticating the LASD Statement entitled "Sheriff Villanueva, Community Members DenounceViolent Rioters in South Los Angeles Community," dated September 10, 2020 (Exhibit A).

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 27th day of November 2020 at Los Angeles, California.

                                                 s / Amber A. Logan
                                                 AMBER A. LOGAN

**Exhibit 1**

## DECLARATION OF EDUARDO HERNANDEZ

I, Eduardo Hernandez declare that if called and sworn, I would state the following under oath.

I am over the age of 18 and am not a party to this action.

I am now, and at all times mentioned herein was, employed as a Captain with the Los Angeles County Sheriff's Department. I am currently assigned to the Major Crimes Bureau. I am personally aware of the facts set forth below and am competent to give this declaration.

During protests on September 25, 2020, the Los Angeles County Sheriff's Department made several arrests and seized property of arrestees.

Plaintiffs Ryan and Kiyoko Dodson were among those arrested. From the Dodsons, we seized a Chevrolet Truck containing various items, Mrs. Dodson's backpack containing her credit cards and identification, her smartphone, and other items.

Mr. Dodson's truck was released to him on November 10, 2020. Mrs. Dodson's backpack was booked with her property and released to her upon her release from custody.

Mrs. Dodson's credit cards and identification are available for her to pick up. She can make arrangements with the Sheriff's Department's Central property custodian at 14201 E. Telegraph Road, Whittier C 90604 (562) 347-4588 to retrieve those items.

The remaining items seized are being retained as part of an ongoing Sheriff's Department criminal investigation. The Sheriff's Department has not completed is investigation into the incident.

Contrary to the assertions of the Dodsons, the case file has not yet been submitted to the District Attorney's Office in regard to the September 25, 2020, arrests in West Hollywood. There has been no "D.A. reject or refusal" in this case because the case is still under investigation and has not yet been submitted to the District Attorney's Office.

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 19 day of November 2020 at Whittier, California.

_[signature]_

1

Exhibit **2**

## DECLARATION OF JOSHUA SHORT

I, Joshua Short declare that if called and sworn, I would state the following under oath.

I am over the age of 18 and am not a party to this action.

I am now, and at all times mentioned herein was, employed as a Deputy Sheriff with the Los Angeles County Sheriff's Department. I am currently assigned to the South LA Detective Bureau.

I am personally aware of the facts set forth below and am competent to give this declaration.

During protests on September 8, 2020, in South Los Angeles, the Los Angeles County Sheriff's Department made several arrests and seized property of arrestees.

We seized a number of cell phones from the persons arrested. I am informed that Christina Astorga contends that her phone was among those seized.

I am also informed that we seized a bicycle and bicycle helmet from Plaintiff Hugo Padilla. Padilla also contends that his two cellular phones were seized or lost at the time of his arrest.

The parties were arrested for violations of California Penal Code section 409 – Failure to Disperse at the Scene of a Riot. The District Attorney's office declined to pursue these charges.

Although the District Attorney declined to pursue the P.C. 409 charges, the Sheriff's Department is currently retaining seized property as part of an ongoing criminal investigation.

The files with regard to the September 8, 2020-incident in South Los Angeles have been submitted to the Sheriff's Department's Major Crimes Bureau for investigation.

Major Crimes is processing the seized property as fast as they can to see what can be released to the involved individuals and what property is to be retained as part of the Sheriff's Department's ongoing criminal investigation.

I have been informed and believe that Plaintiff Hugo Padilla's bicycle and bicycle helmet are available for release. Mr. Padilla may claim his property by contacting the

1 | Sheriff's Department's Central Property & Evidence at 13525 Telegraph Road, Whittier, CA, 90605.

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 20th day of November at Los Angeles, California.

*[signature]*

Joshua Short

2

Exhibit **3**

## DECLARATION OF JOHN L. SATTERFIELD

I, John L. Satterfield, declare as follows:

1. I am an Operations Lieutenant at the Los Angeles County Sheriff's Department, Sheriff's Information Bureau. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. The statement entitled "Sheriff Villanueva, Community Members Denounce Violent Rioters in South Los Angeles Community" is a true and correct copy of a statement posted on Nixle.com (http://nixle.us/C73Y6) and the Los Angeles County Sheriff's Department Newsroom website (https://lasd.org/sheriff-villanueva-community-members-denounce-violent-rioters-in-sla-community/) on September 10, 2020 by the Los Angeles County Sheriff's Department. A copy of this statement is attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 24, 2020, at Los Angeles, California.

JOHN L. SATTERFIELD

-1-

Exhibit A

11/24/2020 Sheriff Villanueva, Community Members Denounce Violent Rioters in South Los Angeles Community | Nixle - Los Angeles Count...

Case 2:20-cv-09805-AB-AGR Document 26 Filed 11/27/20 Page 17 of 19 Page ID #:259

Registered Subscribers: **Sign In Here**

| Receive alerts from your local agencies | ...or text your ZIP CODE to 888777 for mobile alerts |
|---|---|

Full Notification



### LASD - Los Angeles County Sheriffs Dept Information Bureau (SIB)

Thursday September 10th, 2020 :: 06:33 p.m. PDT

**Advisory**

## Sheriff Villanueva, Community Members Denounce Violent Rioters in South Los Angeles Community

**Message Expired**

<u>Sheriff Villanueva, Community Members Denounce Violent Rioters in South Los Angeles Community</u>

Sheriff Alex Villanueva held a press conference today, Thursday, September 10, 2020, to denounce recent unlawfulness in the streets of the Westmont community, spurred in protest of a fatal deputy-involved shooting which occurred last month in the area. The event took place in front of South Los Angeles Sheriff's Station, which serves the areas of Athens, El Camino Village, Del Aire, unincorporated Gardena, Lennox, Lawndale, Moneta Gardens, and Wiseburn.

Since the shooting, numerous protests staged in front of the station turned into unlawful assemblies and lasted through early morning hours. Crowds upward of 100 people gathered nightly at the intersection, and went from peaceful to assaultive toward deputies protecting the building. Unruly participants vandalized the property, likely to cost thousands of dollars to repair. Rebellious, self-proclaimed anarchists threw frozen water bottles, fireworks, smoke bombs, glass bottles, metal pipes, and chunks of cement to create chaos, damage and injury. It was easy to see these participants did not come to make a civic difference for a good cause; they came armed and clad for battle in protective vests, helmets, shields, goggles, and heatproof gloves; they prevented commerce and travel by blocking the streets; and their loud and dangerous actions kept residents awake and shuttered in their homes for hours on several nights.

To determine the source of unruliness, numerous brave and concerned residents filtered through the crowds and did not recognize the majority of rioters and asked many where they reside. Colorado, Florida, Michigan, Burbank, Hollywood, Riverside, San Diego, San Francisco, Santa Ana, Sherman Oaks, Thousand Oaks, etc.: People came from miles around to an area where they were strangers, to create havoc under the guise of communal regard.



« Previous    Image 1 of 5    Next »

**More Messages**

**See more messages from Los Angeles, California »**

**Navigate & Discover**

Enter a town, zip code or address

11/24/2020 Sheriff Villanueva: Community Members Denounce Violent Rioters in South Los Angeles Community, from East Los Angeles Count…

Case 2:20-cv-09805-AB-AGR Document 26 Filed 11/27/20 Page 18 of 19 Page ID #:260

On the fourth night in a row, the peace, flow and quality of life of the community was disturbed. Deputies quelled the situation and engaged the rabble-rousers and anarchists. Over the course of the last several days, 37 people were arrested for civil disobedience-related crimes, including Failure to Disperse at the Scene of a Riot.

Sheriff Villanueva expressed the importance of listening to those who reside and conduct business in the areas we serve, whose voices were overshadowed by the shouting and misconduct by others coming into the area. He wanted them to have a platform to convey their points of view and concerns about the current events. "We're going to encourage the first amendment right, freedom of speech, freedom of assembly, freedom to address government, by all means. But it has to be in a manner that does not disrupt local law enforcement (and) does not disrupt our local community," he said.

A number of speakers at the press conference who live, grew up and conduct business in the area expressed the community's collective displeasure and exhaustion with those foreign to the area coming in and trampling their city. The destruction of structure and flow by wholly unconnected and unconcerned parties became such a concern, residents wanted to publicly address those responsible or considering it, to dissuade them from further action and let them know they are unwelcome.

Lifetime Westmont resident Kevin Orange said those who come from out of town to protest violence in their community and cause disruption undermine the efforts of locals who work hard to keep the area safe. "So when you come here, like in a disrespectful way…it's like our value and what we're trying to do for this community is not warranted no more," he said. "If you're not coming here to give us some kind of structure, to get behind us (or) on the side of us, you're not doing us no good."

Local business owner Robert Gomez expressed his frustration with strangers who enter the area and destroy what helps the local economy flourish and keeps people employed. "I'm okay with peaceful protest…but I'm not okay with outsiders coming to our community and creating chaos. I'm not okay with them looting and burning our businesses," he said. "I'm not okay with the disruption and chaos that these outsiders are creating to our community."

Joe Collins poignantly stated the community's collective position of self-preservation, not self-destruction, "We understand that black lives matter just as much as everyone else's lives matter, but we're not going to destroy our community to prove that. And we will not allow anyone else to come into our communities and destroy it to prove that." Mr. Collins stated their firm resolve to stay intact, unlike some other national cities which were overrun with violence and lawlessness for months, wreaked under the cloak of cultural concern. "South L.A. is not going to be anyone's practice dummy. We will not be Portland, Oregon; we will not be Washington State; we will not be Chicago; and we will not be New York."

Mr. Collins addressed an attorney in the audience, who said she represented one of the arrested rioters. She decried the use of rubber bullets on protesters, likely rounds launched from an ARWEN (Anti-Riot Weapon EnField), a less-lethal tool specifically designed for riot control. Mr. Collins encouraged her to come to the area at night and observe the type of protests occurring with fireworks, rocks, bottles, and fire being hurled.

11/24/2020 Sheriff Villanueva, Community Members Denounce Violent Rioters in South Los Angeles Community. | from LASD - Los Angeles Count…

Case 2:20-cv-09805-AB-AGR Document 26 Filed 11/27/20 Page 19 of 19 Page ID #:261

He pointed out the great danger of one of these objects making its way into a home or car and affecting an unwitting family or occupant.

"Do not come from out of town into our town causing ruckus, causing violence. The community will push back and we're going to support the Sheriff and their use of force to remove these people from our cities because they are a danger," warned Mr. Collins, in reference to outsiders who bring calamity and lawlessness to their neighborhood. "I support the law enforcement, we support the law enforcement. And, how we say in our streets, 'That's what they get.'"

To view the press conference, visit: https://lasd.org/sheriff-villanueva-community-members-denounce-violent-rioters-in-sla-community/

Prepared by:
Deputy Lillian Peck
Sheriff's Information Bureau
211 West Temple Street,
Los Angeles, CA  90012
213-229-1850

Website LASD HQ: http://www.lasd.org

"If You See Something, Say Something"
L.A. Crime Stoppers:  Partner to prevent or report crime by contacting your local Sheriff's station.  If you prefer to remain anonymous, you may call "L.A. Crime Stoppers" at 800-222-TIPS (8477), use your smartphone by downloading the "P3 MOBILE APP" on Google play or the App Store, or use the website http://lacrimestoppers.org.

Text and email, register for LASD Nixle messages:  To receive more detailed, up-to-date information via E-MAIL and/or TEXT directly from the Los Angeles County Sheriff's Department (LASD), sign up for Nixle alerts at http://www.Nixle.com and register for "LASD-Headquarters Newsroom (SHB), Los Angeles County Sheriff" and your local LASD station area.  To receive URGENT TEXT ALERTS ONLY, text your zip code to 888777.  Standard text messaging rates may apply depending on your calling plan.

Alex Villanueva, Sheriff
Los Angeles County Sheriff's Department

**Address/Location**
LASD - Los Angeles County Sheriffs Dept Information Bureau (SIB)
211 E Temple St
Los Angeles, CA 90012

**Contact**
Emergency: 9-1-1
Non-emergencies: 213-229-1700

Message and data rates may apply. Message frequency varies. Terms and privacy.