1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10
11  CHRISTINA ASTORGA, et al.          Case No. 2:20-cv-09805-AB-AGR
12                    Plaintiffs,
13  v.                                 **ORDER DENYING PLAINTIFFS'**
                                       **MOTION FOR PRELIMINARY**
14                                     **INJUNCTION**
    COUNTY OF LOS ANGELES, et al.,
15
16                    Defendants.
17
           Before the Court is Plaintiffs Christina Astorga, Hugo Padilla, Ryan Michael
18
    Dodson, and Kiyoko Dodson's (collectively, "Plaintiffs") Motion for Preliminary
19
    Injunction (Dkt. No. 11; Dkt. No. 21, ("Motion")).  Defendants Los Angeles County,
20
    Los Angeles Sheriff's Department, and Sherriff Alex Villanueva (collectively,
21
    "Defendants") opposed the Motion (Dkt. No. 18; Dkt. No. 26 ("Opp'n")), and the
22
    Court heard oral arguments on December 29, 2020.  Following the hearing, Plaintiffs
23
    filed a supplemental declaration and the Court ordered Defendants to respond to the
24
    declaration by January 6, 2021 and to provide an in camera submission regarding the
25
    continued seizure of Plaintiffs' items as it pertained to the Motion and as was
26
    discussed in the December 29, 2020 hearing. For the reasons stated below, the Court
27
    **DENIES** Plaintiffs' Motion.
28
                                    1.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This Motion[1] challenges Defendants ongoing seizure of Plaintiffs' personal property including smartphones, bikes, helmets, keys, shoes, backpacks, and wallets. (Mot. at 5.)  These items were seized during protests that occurred in the Los Angeles area during September 2020.  (*Id*.)  The parties do not dispute that the items were seized or that they are being held in custody by Defendants.  (Opp'n at 2-3.)  Plaintiffs allege, however, that Defendants' continued retention of these items—in light of Plaintiffs' release and the absence of pending criminal charges—violates the Fourth and Fourteenth Amendments.  (Mot. at 5-7.)  Although Defendants have returned some items to Plaintiffs, others are still outstanding.  (Reply at 7-8.)  Plaintiffs seek mandatory injunctive relief to have these items returned.  Defendants argue that Plaintiffs have an unusually high burden of proof because they seek a mandatory injunction and that Plaintiffs have otherwise failed to establish the requisite showing for an injunction.  (*See generally,* Opp'n.)  The Court has fully considered all the filings related to this Motion along with the arguments made by the respective parties during oral argument.

## II. DISCUSSION

Injunctive relief is "an extraordinary remedy that may only be issued upon a clear showing that plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 129 S. Ct. 365, 376, 172 L.Ed.2d 249 (2008). The purpose of a preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment on the merits can be rendered. *U.S. Philips Corp. v. KBC*

---

[1] Plaintiff originally filed a motion for a temporary restraining order and injunctive relief on October 31, 2020, (Dkt. No. 11); the Court denied the temporary restraining order, (Dkt. No. 20).  In its denial, the Court also ordered the parties to brief additional matters regarding the issuance of a preliminary injunction.  (Dkt. No. 20).  Now, in deciding the merits of a preliminary injunction, the Court considers the original filings (Dkt. Nos. 11, 18, 19), the Court-ordered supplemental briefing (Dkt. Nos. 21, 26, 29), the briefs filed post-hearing (Dkt. Nos. 43, 49, 52), and all arguments made during the December 29, 2020 hearing.

1   *Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010). A party seeking preliminary

2   injunctive relief must establish that they are (1) likely to succeed on the merits; (2)

3   that they are likely to suffer irreparable harm in the absence of preliminary relief; (3)

4   that the balance of equities tips in their favor and (4) that an injunction is in the public

5   interest. *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th

6   Cir. 2009).

7         Alternatively, "'serious questions going to the merits' and a hardship balance

8   that tips sharply toward the plaintiff can support the issuance of an injunction,"

9   provided that the plaintiff also shows irreparable harm and that the injunction is in the

10  public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir.

11  2011); A "serious question" is one on which the movant "has a fair chance of success

12  on the merits." *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1421

13  (9th Cir. 1984).

14        The elements of this test are "balanced, so that a stronger showing of one

15  element may offset a weaker showing of another." *Alliance for the Wild Rockies*, 622

16  F.3d 1045, 1049–50 (9th Cir. 2010), *rev'd on other grounds*, 632 F.3d 1127 (9th Cir.

17  2011). However, the applicant must demonstrate that immediate or imminent

18  irreparable harm is likely: "Speculative injury does not constitute irreparable injury

19  sufficient to warrant granting a preliminary injunction. A plaintiff must do more than

20  merely allege imminent harm sufficient to establish standing; a plaintiff must

21  demonstrate immediate threatened injury as a prerequisite to preliminary injunctive

22  relief." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir.

23  1988) (emphasis in original) (internal citations omitted); *see also Fin. & Sec. Prods.*

24  *Ass'n v. Diebold, Inc.*, Case No. C 04-04347 WHA, 2005 WL 1629813, *6 (N.D. Cal.

25  July 8, 2005) ("Irreparable harm must not be speculative or merely alleged to be

26  imminent . . . . ").

27        Where, as here, the movant seeks a mandatory injunction, rather than a

28  prohibitory one, injunctive relief is "subject to a heightened scrutiny and should not be

3.

1   issued unless the facts and law clearly favor the moving party." *Dahl v. HEM Pharms.*
2   *Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).  A district court should deny a request for a
3   mandatory injunction "'unless the facts and law clearly favor the moving party'."
4   *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994).

5        Having considered Plaintiffs' Motion under the demanding standard for a
6   mandatory preliminary injunction, the Court cannot find that the facts and law clearly
7   favor Plaintiffs.  Indeed, in considering all evidence submitted, the Court is not
8   convinced that Plaintiffs will succeed on the merits of their Fourth and Fourteenth
9   Amendment claims which hinge solely on their speculation that Defendants have not
10  obtained a warrant.  (Mot. at 4-8; Reply at 9-13.)  Additionally, Plaintiffs concede that
11  the initial seizure of their items was lawful.  (*See* Dkt. No. 11 at 16-17.)

12       Next, any alleged irreparable harm to Plaintiffs is somewhat undermined by the
13  delay between when the items were seized and when this request for emergency relief
14  was sought approximately one month later.  *See Lydo Enters., Inc. v. City of Las*
15  *Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) (noting that delay may imply "the lack of
16  need for speedy action" (citations omitted)).  The Court notes that this factor alone is
17  not determinative; however, the Court has found no binding authority to indicate that
18  the loss of personal property items such as the ones at issue here cannot be assigned a
19  monetary value when calculating damages.  *See Rent–A–Center, Inc. v. Canyon*
20  *Television & Appliance Rental, Inc.,* 944 F.2d 597, 603 (9th Cir. 1991) ("economic
21  injury alone does not support a finding of irreparable harm, because such injury can be
22  remedied by a damage award.")  Plaintiffs have not indicated that they credibly fear
23  permanent loss of their personal property; instead, their primary argument for
24  irreparable injury lies in the alleged constitutional violations, which the Court finds
25  unpersuasive under these limited factual circumstances.

26       Finally, Plaintiffs' current loss of personal property—when weighed against
27  Defendants' sworn testimony that these items are being held pursuant to an ongoing
28  criminal investigation—does not "clearly favor" Plaintiffs' request for mandatory

injunctive relief.  At this time and based on all evidence as presented, the Court cannot find that any of the preliminary injunction factors favor Plaintiffs, let alone that the facts and law "clearly favor" them.

**III.    CONCLUSION**

For the reasons stated here, the Motion is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: January 21, 2021    _____

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE