**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTINA ASTORGA; et al., | No. 21-55059 |
| Plaintiffs-Appellants, | D.C. No. 2:20-cv-09805-AB-AGR |
| v. | |
| COUNTY OF LOS ANGELES, a municipal corporation; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

| | |
|---|---|
| In re: CHRISTINA ASTORGA; et al., _____ | No. 21-70845 |
| CHRISTINA ASTORGA; et al., | D.C. No. 2:20-cv-09805-AB-AGR |
| Petitioners, | |
| v. | ORDER |
| UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES, | |
| Respondent, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

> COUNTY OF LOS ANGELES, a municipal corporation; et al.,
>
>   Real Parties in Interest.

Petition for Writ of Mandamus

Argued and Submitted July 8, 2021
San Francisco, California

Before:  GRABER and LEE, Circuit Judges, and VRATIL,** District Judge.

 In Case No. 21-55059, Plaintiffs appeal the denial of a preliminary injunction ordering Defendants to return their property following the Los Angeles County Sheriff's Department's ("LASD") seizure of various items during two protests in September 2020.  In Case No. 21-70845, Plaintiffs petition for a writ of mandamus ordering the district court to disclose Defendants' ex parte, in camera submission cited as the basis for that denial.  Reviewing for abuse of discretion, Garcia v. Google, Inc., 786 F.3d 733, 739 (9th Cir. 2015) (en banc), we affirm the denial of the preliminary injunction.[1]  We grant the petition for a writ.

 1.  The district court did not abuse its discretion in denying a preliminary injunction because Plaintiffs failed to show irreparable harm from any delay in

---

 ** The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.
 [1] We deny Defendants' motion to dismiss because the return of some of Plaintiffs' property does not render this appeal moot.

2

reclaiming their property.  See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009) (holding that "[i]n general, mandatory injunctions 'are not granted unless extreme or very serious damage will result and are not issued . . . where the injury complained of is capable of compensation in damages'" (citation omitted) (emphasis added)).  Plaintiffs fail to meet that high burden because they do not claim that Defendants, in fact, deprived them of digital papers or effects that they could not otherwise access.  See Riley v. California, 573 U.S. 373, 393–94 (2014) (holding that cellphones allow people to "lug around every piece of mail they have received for the past several months, every picture they have taken, or every book or article they have read").  Plaintiffs' claim that California's procedures for the return of seized property violate due process is foreclosed.  See Perkins v. City of W. Covina, 113 F.3d 1004, 1011 (9th Cir. 1997) (holding that California's procedures to litigate the return of seized property satisfy due process), rev'd on other grounds, 525 U.S. 234 (1999); see also Oziel v. Superior Ct., 273 Cal. Rptr. 196, 201 (Ct. App. 1990) (holding that "[t]he same rule applies to property seized without a warrant" as applies to property seized with a warrant).

    2. We grant Plaintiffs' petition for a writ of mandamus in Case No. 21-70845.  The district court has two options.  The court can reveal the information on which it relied in denying the preliminary injunction.  See Am.-Arab Anti-

Discrimination Comm. v. Reno, 70 F.3d 1045, 1069 (9th Cir. 1995) (holding that it is "the firmly held main rule that a court may not dispose of the merits of a case on the basis of *ex parte*, *in camera* submissions" (quoting Abourezk v. Reagan, 785 F.2d 1043, 1061 (D.C. Cir. 1986))); Al Haramain Islamic Found., Inc. v. U.S. Dep't of Treasury, 686 F.3d 965, 983 (9th Cir. 2012) (holding that courts should consider the "practical reality" of disclosure on an investigation, not the government's "abstract concerns[,]" and that redactions may prove to be a compromise solution). Alternatively, the district court can make appropriate findings to justify its blanket non-disclosure order, as our case law would require. See Al Haramain Islamic Found., Inc., 686 F.3d at 980 (applying the balancing test from Mathews v. Eldridge, 424 U.S. 319 (1976)); United States v. Thompson, 827 F.2d 1254, 1258–59 (9th Cir. 1987) (holding that "[a]bsent . . . compelling justification, ex parte proceedings are anathema in our system of justice"). The district court may wish to consider, for instance, Defendants' concession at oral argument that Plaintiffs here likely are no longer suspects in an ongoing criminal investigation.

In Case No. 21-55059, **AFFIRMED**; in Case No. 21-70845, **PETITION GRANTED.**