PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JIN S. CHOI, State Bar No. 180270
jchoi@lbaclaw.com
RAYMOND W. SAKAI, State Bar No. 193507
rsakai@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California  91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Los Angeles, Los Angeles County Sheriff's Department and Sheriff Alex Villanueva

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| CHRISTINA ASTORGA, etc., et al., | Case No. 2:20-cv-09805-AB-AGR |
|---|---|
| Plaintiffs, | Honorable André Birotte Jr. |
| vs. | **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF RAYMOND W. SAKAI IN SUPPORT THEREOF; [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH** |
| COUNTY OF LOS ANGELES, etc., et al., | |
| Defendants. | |
| | Date: October 29, 2021<br>Time: 10:00 a.m.<br>Crtm: 7B |

TO THE HONORABLE COURT, ALL PARTIES AND TEHIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 29, 2021 at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 7B before the Honorable

1

1 | Andre Birotte, Jr., of the United States District Court for the Central District of
2 | California, located at 350 West First Street, Los Angeles, CA 90012, Defendants
3 | County of Los Angeles, Los Angeles County Sheriff's Department, and Sheriff
4 | Alex Villanueva will and herby do move for judgment on the pleading as to
5 | Plaintiffs' Second Amended Complaint (ECF 105), pursuant to Federal Rules of
6 | Civil Procedure Rule 12(c).

Defendants' motion for judgment on the pleadings will be on the following grounds:

(1) Plaintiffs' official capacity claims against Defendant Sheriff Villanueva are duplicative of the claims alleged against Defendant County of Los Angeles, and should therefore be dimissed from this action;

(2) Having named the County of Los Angeles as a Defendant, the inclusion of the Los Angeles County Sheriff's Department as a separate Defendant is superfluous and unnecessary, and therefore the LASD should be dismissed from this action;

(3) Plaintiffs' Count Six which seeks relief under §§ 2, 3, 7 and 13 of Article 1 of the California Constitution are not cognizable as a matter of law; and

(4) Plaintiffs have not sufficiently pled an actionable claim under Civil Code § 52.1 as a matter of law.

This Motion will be based on this Notice and Motion, the attached Memorandum of Points and Authorities, and the Declaration of Raymond W. Sakai filed concurrently herewith, and such further oral and documentary evidence as the Court may consider at or prior to the hearing on this matter.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on August 18, 2021. (*See* Declaration of Raymond W. Sakai, ¶¶ 2-3; Exhibit "A".)

Case 2:20-cv-09805-AB-AGR   Document 166   Filed 10/01/21   Page 3 of 14   Page ID #:2137

Dated: October 1, 2021                 LAWRENCE BEACH ALLEN & CHOI, PC

                                       By  /s/ Raymond W. Sakai
                                           Raymond W. Sakai
                                           Attorneys for Defendants
                                           County of Los Angeles, Los Angeles
                                           County Sheriff's Department and
                                           Sheriff Alex Villanueva

3

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I. INTRODUCTION ................................................................................. 1

II. LEGAL STANDARD ........................................................................... 1

III. PLAINTIFFS' OFFICIAL CAPACITY CLAIMS AGAINST DEFENDANT SHERIFF VILLANUEVA ARE DUPLICATIVE AND SHOULD BE DISMISSED WITH PREJUDICE ................................ 2

IV. THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT IS NOT A SEPARATELY SUABLE ENTITY .................................................. 3

V. PLAINTIFFS' COUNT SIX WHICH SEEKS RELIEF UNDER §§ 2, 3, 7 AND 13 OF ARTICLE 1 OF THE CALIFORNIA CONSTITUTION IS NOT COGNIZABLE AS A MATTER OF LAW ....................................................................................................... 4

VI. PLAINTIFFS' BARE ALLEGATIONS DO NOT SUFFICIENTLY STATE AN ACTIONABLE CLAIM UNDER CIVIL CODE § 52.1 .......... 5

VII. CONCLUSION ..................................................................................... 6

DECLARATION OF RAYMOND W. SAKAI ....................................................... 7

# TABLE OF AUTHORITIES

**Cases**                                                                                        **Page(s)**

*Brandon v. Holt*,
  469 U.S. 464 (1985) .................................................................................... 2

*Butler v. Elle*,
   281 F.3d (9th Cir. 2002) ............................................................................. 3

*Caldwell v. Porch*,
   2012 (C.D. Cal. Sept. 21, 2012) ................................................................. 4

*Chaset v. Fleer/Skybox Intern., LP*,
    300 F.3d (9th Cir. 2002) ............................................................................ 5

*Cornell v. City and County of San Francisco*,
     17 Cal.App.5th (2017) .............................................................................. 6

*Cuviello v. City & Cnty. of San Francisco*,
   940 F.Supp.2d (N.D. Cal. Apr. 15, 2013) .................................................. 4

*Degrassi v. Cook*,
   29 Cal.4th 333 (2002) ................................................................................ 4

*Garcia v. County of Los Angeles*,
   2014 WL 696037 (C.D. Cal. Dec. 5, 2014) ............................................... 3

*Goldsmith v. Garfield Beach CVS, L.L.S.*,
   2020 WL 5914003 (C.D. Cal. July 24, 2020) ........................................... 5

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,
  896 F.2d (9th Cir. 1989) ............................................................................. 2

*Hartmann v. Cal. Dep't of Corr. & Rehab.*,
   707 F.3d (9th Cir. 2013) ............................................................................ 5

*Hicks v. Lee*,
    2021 WL 185230 (C.D. Cal. Jan. 19, 2021) ............................................. 5

*Hooper v. Shinn*,
    985 F.3d (9th Cir. 2021) ............................................................................ 5

*Katzberg v. Regents of University of California,*
   29 Cal.4th 300, 317 .......................................................................................... 5

*Kentucky v. Graham*,
   105 S.Ct. 3099 (1985) ...................................................................................... 2

*MHC Fin. 'g Ltd. Ptnshp. II v. City of Santee,*
   182 Cal.App.4th (2010)................................................................................... 5

*Morales v. City of Delano,*
   2010 WL 2942645 (E.D. Cal. July 23, 2010) ................................................ 4

*Mwasi v. Corcoran State Prison*,
   2015 (E.D. Cal. May 27, 2015); ..................................................................... 5

*Pangborn v. Baudino,*
   2017 WL 1158250 (C.D. Cal. Feb. 16, 2017).............................................. 3

*Reese v. County of Sacramento,*
   888 F.3d (9th Cir. 2018) ................................................................................. 6

*Roy v. County of Los Angeles,*
   114 F.Supp.3d (C.D. Cal. July 9, 2015) ....................................................... 5

*Salas v. City of Garden Grove, et al.,*
   2021 (C.D. Cal. Mar. 16, 2021) ..................................................................... 6

*Smith v. L.A. County,*
   2008 (C.D. Cal. Nov. 6, 2008) ....................................................................... 3

*Thompson v. County of Riverside,*
   2020 WL 8028607 (C.D. Cal. Sept. 28, 2020)............................................. 3

*United States v. Karma,*
   394 F.3d (9th Cir. 2005).................................................................................. 4

*Wigfall v. City and County of San Francisco,*
   2007 WL 174434 (Jan. 22, 2007).................................................................. 5

*Will v. Michigan Dept. of State Police*,
   491 U.S. 464(1989).......................................................................................... 2

**Statutes**

42 U.S.C. § 1983 .................................................................................................. 1, 3

California Civil Code § 52 ...................................................................................... 1

California Civil Code § 52.1 ............................................................................... 5,6

**Rules**

Rules 12(b)(6) ......................................................................................................... 2

Rule 12(c) ............................................................................................................... 2

Rule 56. .................................................................................................................. 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

The operative Complaint in this action is Plaintiffs' Second Amended Complaint ("SAC") filed on May 24, 2021. (ECF 105.) The SAC was filed pursuant to the Court's order granting Plaintiffs leave to file the SAC. (ECF 103.) Defendants had opposed Plaintiffs' motion for leave to amend the First Amended Complaint on various legal grounds, some of which are raised with more specificity in the instant motion.

Specifically, the SAC alleges seven separate "COUNTS", four of which seek damages under 42 U.S.C. § 1983 (COUNTS 2, 3, 4 and 5), and two of which seek damages under state law (COUNTS 6 and 7). As the Court is aware, Plaintiffs' fundamental contention in this action relate to the alleged unlawful retention of their personal property taken into custody in conjunction with arrests of protesters on September 8, 2020 and September 25, 2020. Plaintiffs Astorga, Padilla and Ryan Dodson further allege that they were subjected to excessive force.

Against this backdrop, Plaintiffs have included claims which are not cognizable as a matter of law and named Defendants who are duplicative and entirely unnecessary since Plaintiffs have also sued the County of Los Angeles. Moreover, Plaintiffs are not entitled to any actionable relief under Article 1 of the California Constitution, and their claim under Civil Code § 52.1 has not been properly pled as mandated by controlling California case law. On the basis of these strictly legal grounds, the instant motion for judgment on the pleadings should be granted without leave to amend.

## II. LEGAL STANDARD.

Under Federal Rules of Civil Procedure, Rule 12(c),

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a

1

motion for judgment on the pleadings, matters outside the pleadings
are presented to and not excluded by the court, the motion shall be
treated as one for summary judgment and disposed of as provided in
Rule 56, and all parties shall be given reasonable opportunity to
present all material made pertinent to such a motion by Rule 56.

Rules 12(b)(6) and 12(c) are substantially identical; both permit challenges to the legal sufficiency of the opposing party's pleadings. William W. Schwarzer et al., *Federal Civil Procedure Before Trial,* § 9:319. Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir. 1989).

### III.   PLAINTIFFS' OFFICIAL CAPACITY CLAIMS AGAINST DEFENDANT SHERIFF VILLANUEVA ARE DUPLICATIVE AND SHOULD BE DISMISSED WITH PREJUDICE.

Plaintiffs have sued Defendant Sheriff Villanueva in his individual and official capacities. (SAC, ¶ 111.) Because Plaintiffs have also named the County of Los Angeles as a Defendant in this action, the official capacity claims against Defendant Sheriff Villanueva are redundant as a matter of law and should be dismissed with prejudice. *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"); *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985) (a complaint naming a government official in his or her official capacity seeks recovery against the government body itself); *Butler v. Elle*, 281 F.3d 1014, 1023 n. 8 (9th Cir. 2002) ("Section 1983 claims against government officials in their official capacity are really suits against

the government employer"); *Pangborn v. Baudino*, 2017 WL 1158250, at *8 (C.D. Cal. Feb. 16, 2017) ("an official capacity suit against a public employee is treated as a suit against the entity/employer").

Plaintiffs' entirely redundant and unnecessary official capacity claims against Defendant Sheriff Villanueva should, therefore, be dismissed with prejudice.

### IV. THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT IS NOT A SEPARATELY SUABLE ENTITY.

Despite naming the County of Los Angeles as a Defendant, Plaintiffs have named as a separate Defendant the Los Angeles County Sheriff's Department ("LASD"), in addition to Defendant Sheriff Villanueva in his individual and official capacities. (ECF 105, ¶ 11.) Having named the County of Los Angeles as a separate Defendant, the inclusion of the LASD as a separate Defendant is legally superfluous and unnecessary.

Courts have repeatedly recognized the impropriety of the inclusion of the LASD as a separate Defendant under such circumstances. For example, in *Garcia v. County of Los Angeles*, 2014 WL 696037 (C.D. Cal. Dec. 5, 2014), the Court held that "departments and bureaus *within those municipalities* (e.g., police or sheriff's departments) are not considered 'persons' within the meaning" of 42 U.S.C. § 1983, and dismissed with prejudice any cause of action against the LASD. *Id.* at *9; *see also Thompson v. County of Riverside*, 2020 WL 8028607, at *13-14 (C.D. Cal. Sept. 28, 2020) (dismissing the Riverside County Sheriff's Department from a section 1983 action because there is no vicarious liability under section 1983 and the plaintiff's claims "are redundant of Plaintiff's claims brought against the County"); *Smith v. L.A. County,* 2008 U.S. Dist. LEXIS 110059 at *22–23 (C.D. Cal. Nov. 6, 2008) ("[T]he Sheriff's Department and the County are duplicative defendants and it is unnecessary for plaintiff to sue both. Accordingly, the Sheriff's Department should be dismissed from this action."); *Caldwell v.*

3

*Porch*, 2012 WL 4356204, *3 (C.D. Cal. Sept. 21, 2012) (the Hawthorne Police Department and Compton Police School were not proper defendants in the section 1983 action because they are "sub-units" of the cities of Hawthorne and Compton) (citing *United States v. Karma*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (municipal police departments are generally not considered "persons" within the meaning of section 1983); *Morales v. City of Delano*, 2010 WL 2942645, at *3-4 (E.D. Cal. July 23, 2010) (collecting cases).

Thus, Defendant LASD's presence in this action is entirely unnecessary and should be dismissed with prejudice.

## V. PLAINTIFFS' COUNT SIX WHICH SEEKS RELIEF UNDER §§ 2, 3, 7 AND 13 OF ARTICLE 1 OF THE CALIFORNIA CONSTITUTION IS NOT COGNIZABLE AS A MATTER OF LAW.

Plaintiffs' "COUNT SIX" alleges that Defendants' conduct violated "Plaintiffs' rights under the California Constitution, Article 1, §§ 2, 3, 7, 13 for which Plaintiffs are entitled to damages where available …." (ECF 105, ¶ 99.) This cause of action is not cognizable as a matter of law. In *Degrassi v. Cook*, 29 Cal.4th 333 (2002), the California Supreme Court closely examined whether *§ 2 of Article I* of the California Constitution gave rise to such damages and held that "there is no indication in the language of article I, section 2(a), nor any evidence in the history of that provision, from which we may find, within that provision, an implied right to seek damages for a violation of the free speech right set out therein." *Id.* at 342; *see also Cuviello v. City & Cnty. of San Francisco*, 940 F.Supp.2d 1071, 1100 (N.D. Cal. Apr. 15, 2013) (no court has "recognize[d] a private right of action for damages under article I, section 2(a) since *Degrassi*" and "[t]he burden is on the Plaintiffs to demonstrate [that] a private right of action exists."). Courts have reached the same holding as to *§ 3 of Article I*, *MHC Fin.'g Ltd. Ptnshp. II v. City of Santee*, 182 Cal.App.4th 1169, 1188 (2010) ("we conclude that money damages is not an appropriate remedy for a violation of the

4

right to petition set forth in article I, section 3(a)"); *Mwasi v. Corcoran State Prison*, 2015 WL 3419203, at *7 (E.D. Cal. May 27, 2015); **§ 7 of Article I**, *Katzberg v. Regents of University of California*, 29 Cal.4th 300, 317 (no right to money damages for deprivation of property without due process of law); *Roy v. County of Los Angeles*, 114 F.Supp.3d 1030, 1041 (C.D. Cal. July 9, 2015) (*Katzberg* made clear that the plaintiffs "may not seek money damages for violations of their state constitutional due process rights"); and **§ 13 of Article I**, *Wigfall v. City and County of San Francisco*, 2007 WL 174434, at *4 (Jan. 22, 2007) (under *Katzberg*, there is no basis for "fashioning a new tort remedy under article I, § 13").

Accordingly, this cause of action should be dismissed with prejudice because any attempt to amend this cause of action will be futile. *Hooper v. Shinn*, 985 F.3d 954, 622 (9th Cir. 2021); *Hicks v. Lee*, 2021 WL 185230, at *1 (C.D. Cal. Jan. 19, 2021) (where the plaintiff is unable to allege any facts against the defendant, "amendment would be futile") (citing *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")); *Goldsmith v. Garfield Beach CVS, L.L.S.*, 2020 WL 5914003, at *10 (C.D. Cal. July 24, 2020) (denying the plaintiff's motion to amend the complaint to add punitive damages claim due to futility of any such amendment); *Chaset v. Fleer/Skybox Intern., LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (if "amendment would be futile, there is no need to prolong the litigation by permitting further amendment").

## VI. PLAINTIFFS' BARE ALLEGATIONS DO NOT SUFFICIENTLY STATE AN ACTIONABLE CLAIM UNDER CIVIL CODE § 52.1.

Plaintiffs' Count Seven alleges that they are entitled to damages under California Civil Code § 52.1 "for the wrongful seizure of themselves and their personal property". (ECF 105, ¶ 102.)

1    This cause of action should be dismissed because there is no allegation that the seizures of Plaintiffs or the seizures their personal property were carried out through threats, intimidation or coercion, and furthermore, there is no allegation that any Defendant harbored any specific intent to violate Plaintiffs' rights. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (the Bane Act requires a specific intent to violate the plaintiff's rights, through threats, intimidation or coercion) (citing *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766, 799-800 (2017)); *Salas v. City of Garden Grove, et al.*, 2021 WL 1573823, at *3 (C.D. Cal. Mar. 16, 2021) (Civil Code § 52.1 claim dismissed due to the plaintiff's conclusory allegations about the officers' misconduct and the absence of "any factual allegations relating to the officers' intent").

In the absence of these fundamental allegations, Plaintiffs' Civil Code § 52.1 claim is insufficient as a matter of law, and should, therefore, be dismissed.

## VII. CONCLUSION.

For the foregoing reasons, Defendants respectfully submit that the instant Motion should be granted without leave to amend.

Dated:  October 1, 2021        LAWRENCE BEACH ALLEN & CHOI, PC


By     /s/  Raymond W. Sakai
       Raymond W. Sakai
       Attorneys for Defendants
       County of Los Angeles, Los Angeles
       County Sheriff's Department and
       Sheriff Alex Villanueva

6

**DECLARATION OF RAYMOND W. SAKAI**

I, Raymond W. Sakai, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court and all the courts of the State of California. I am an associate of the law firm of Lawrence Beach Allen & Choi, PC, attorneys of record for Defendants in the above-entitled action. If called upon as a witness, I could and would competently testify to the following facts as personally known to me or upon information and belief.

2. On August 17, 2021, I emailed to Plaintiffs' counsel, including Mr. Donald Cook, a PDF of my Local Rule 7-3 meet and confer letter regarding the issues related to the instant Motion for Judgment on the Pleadings. Attached hereto as Exhibit "A" is a true and correct copy of my August 17, 2021 letter.

3. On August 18, 2021, Mr. Cook and I engaged in a telephonic meet and confer in which we discussed among other things, the issues raised in my August 17th letter. We were not able to reach an informal resolution of any of the issues raised therein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 1, 2021 at Los Angeles, California.

              /s/ Raymond W. Sakai
            Raymond W. Sakai

7