PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JIN S. CHOI, State Bar No. 180270
jchoi@lbaclaw.com
RAYMOND W. SAKAI, State Bar No. 193507
rsakai@lbaclaw.com
DAISY SANCHEZ, State Bar No. 334090
dsanchez@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Los Angeles, Los Angeles County Sheriff's Department and Sheriff Alex Villanueva

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA ASTORGA, etc., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, etc., et al., <br><br> Defendants. | Case No. 2:20-cv-09805-AB-AGR <br><br> Honorable André Birotte Jr. <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION FOR AN ORDER COMPELLING DEFENDANTS TO PRODUCE WARRANT NOS. 21220 & 21221; DECLARATION OF RAYMOND W. SAKAI** |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

///
///
///
///

1

1  Defendants County of Los Angeles, Los Angeles County Sheriff's
2  Department and Sheriff Alex Villanueva (collectively "County Defendants")
3  hereby submit the following Memorandum of Points and Authorities in
4  opposition to Plaintiffs' *ex parte* application for an order compelling Defendants
5  to Produce Warrant Nos. 21220 and 21221.

7  Dated:  December 9, 2021                 LAWRENCE BEACH ALLEN & CHOI, PC

9                                            By      /s/  Raymond W. Sakai
10                                                  Raymond W. Sakai
                                                    Attorneys for Defendants
11                                                  County of Los Angeles, Los Angeles
12                                                  County Sheriff's Department and
                                                    Sheriff Alex Villanueva
13

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Plaintiffs' application should be denied because (1) there is no showing of irreparable prejudice and that they are not without fault in creating the crisis requiring the relief, and, as to the merits, (2) there is no authority that such an extraordinary order overruling the state court's sealing order can be granted based on Plaintiffs' hearsay statements and speculation, and (3) assuming that the sought warrants are not under seal, they fail to explain why the warrants cannot be obtained through the state court.

Additionally, it is respectfully requested that Plaintiffs be admonished from further discovery abuse, needlessly wasting the Court and Defendants' time and resources.

Regarding the *Mission Power Eng. Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995), analysis, Plaintiffs have not been diligent in seeking the relief. Plaintiffs only emailed Defendants' counsel the state court motion to unseal warrants referenced in their application on December 7, 2021. This was the day ***after*** Plaintiffs appeared at the December 6, 2021 LASC Norwalk hearing and ***after*** their purported call with the LASD deputy. (Sakai Decl., ¶2, Exh. "A"). Further, for almost three months – and likely more, Plaintiffs have had information about the state court that signed at least one of the sealed warrant, but has failed to explain the delay in seeking the warrant.

As to the merits, Plaintiffs' demand is based on nothing more than inadmissible multiple hearsay and speculation that the warrants are not under seal. Ignoring the lack of admissible evidence, including the lack of personal knowledge, if their assertion is true, then their remedy is with the state court.

Based on these fatal defects, Plaintiffs' application should be denied.
///

1

## II. Plaintiffs' Application Is Devoid of Good Cause and Should Be Denied As This "Crisis" Is Of Their Own Creation.

In order to justify ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng. Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995). "Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.*

In showing that the moving party is without fault in creating the crisis, merely showing that a pivotal juncture in the case, like trial, is fast approaching and that the opposing party still has not answered crucial interrogatories is insufficient to justify such extraordinary relief. *Mission Power Eng'g Co.,* 883 F. Supp. 488, 492 (C.D. Cal. 1995). 493. The moving party must also "show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period." *Id.* Therefore, *ex parte* applications "are not intended to save the day for parties who have failed to present requests when they should have." *In re Intermagnetics Am.*, 101 B.R. 191, 193 (C.D. Cal. 1989).

Plaintiffs have not explained how they will "be irreparably prejudiced if its motion is heard on the regular motion calendar." *Id*. at 493. First, Plaintiffs fail to explain why they are bringing this matter to the Court now since they had the face page of one of the warrants, including the name of the judge who signed it, when they filed their motion for summary adjudication nearly three months ago (Dkt. No. 162-1, p. 20) and presumably well before then.

Further, Plaintiffs cannot legitimately argue they are without fault in creating the "crisis" that requires the ex parte relief. If Plaintiffs were really interested in expediently seeking these sealed warrants in state court, they would

have, at a minimum, served Defendants' counsel with their LASC motion(s). However, Plaintiffs only emailed the motion a day *after* they appeared at the hearing in LASC Norwalk. Moreover, this lack of service on Defendants' counsel is baffling as Plaintiffs mention this lawsuit multiple times, and include the Ninth Circuit Order, in the motion and specifically refers to Defendants' counsel in the supporting declaration. (Exh "A", Motion, 6:13-14, 18:12-13, cites to this case, 21:2-3, Flynn Decl., ("13. The law firm that represents the *Astorga* defendants admits it has copies of the warrant and supporting affidavits.")).

Further, there appears to be another motion filed in LASC Bellflower that has *never* been served on Defendants' counsel. (Sakai Decl., ¶4, Exh. "B"). Instead of serving the motion on Defendants' counsel, they only sent a proof of service listing mail service of the motion to "Sheriff Alex Villanueva" at the Hall of Justice. (Id.) Failing to email this motion is quite remarkable given the fact that Plaintiffs' counsel has been in contact with Defendants' counsel via email correspondence at least once a week for the last year. Plaintiffs make no attempt to explain, nor can they credibly do so, why they never served Defendants' counsel.

This hardly evinces diligence or urgency. Therefore, Plaintiffs' arguments related to the discovery cutoff or any deposition is inapposite.

As Plaintiffs' application fails to show that at they were without fault in creating the crisis that purportedly requires *ex parte* relief and irreparable harm, Plaintiffs' request for such extraordinary relief should be denied.

### III. Plaintiffs' Counsel Misrepresents LASD Detective's Statements

Plaintiffs base their demand on nothing more than a self-serving declaration – which has not been subject to cross-examination. They claim that LASD Detective Iwasczyszyn, whom they fail to provide a basis for personal knowledge, said the warrants "were not under seal." This is hearsay upon hearsay. It is insufficient grounds for seeking to overturn another court's orders,

3

1. which was discussed at length with this Court during the informal discovery conference and in the September 24, 2021 Order. (Dkt No. 188, p. 10 "Defendants agree to disclose the state search warrant numbers . . . ***so that Plaintiffs may seek relief in state court***." [emphasis added]).

   Assuming Plaintiffs' purported statement is true, then they provide no explanation as to why they cannot seek the warrants in state court. This also further undermines their irreparable prejudice argument.

**IV.   Conclusion**

   Plaintiffs' application is properly denied for failing to demonstrate irreparable harm and that they are without fault in creating this crisis requiring ex parte relief. Even if there is good cause for this application, Plaintiffs provide no authority or evidence supporting their request for such an extraordinary order to overrule the state court's sealing orders.

Dated: December 9, 2021              LAWRENCE BEACH ALLEN & CHOI, PC

                                     By     /s/  Raymond W. Sakai
                                        Raymond W. Sakai
                                        Attorneys for Defendants
                                        County of Los Angeles, Los Angeles
                                        County Sheriff's Department and
                                        Sheriff Alex Villanueva

## DECLARATION OF RAYMOND W. SAKAI

I, Raymond W. Sakai, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court and all the courts of the State of California. I am an associate of the law firm of Lawrence Beach Allen & Choi, PC, attorneys of record for Defendants County of Los Angeles in the above-entitled action. If called upon as a witness, I could and would competently testify to the following facts as personally known to me or upon information and belief.

2. Attached hereto and incorporated hereby as Exhibit "A" is a true and correct copy of the emails between Defendants and Plaintiffs' counsel about Plaintiffs' motion to unseal filed in LASC Norwalk and the attached motion. Plaintiffs' counsel emailed Defendants' counsel the motion on December 7, 2021, the day *after* Plaintiffs appeared at the December 6, 2021 LASC hearing and *after* their purported call with the LASD deputy.

3. Further, in the motion, Plaintiffs cite to this case and the Ninth Circuit opinion. (Exh "A", Motion, 6:13-14, 18:12-13). Further, Plaintiffs' attorney specifically refers to Defendants' firm in her supporting declaration. (Exh. "A". Motion, 21:2-3, Flynn Decl., ("13. The law firm that represents the *Astorga* defendants admits it has copies of the warrant and supporting affidavits.")).

4. Attached hereto and incorporated hereby as Exhibit "B" is a true and correct copy of the emails, including the attached proof of service, between Defendants and Plaintiffs' counsel about Plaintiffs' motion to unseal apparently filed in LASC Bellflower. Instead of serving the motion on Defendants' counsel, Plaintiffs *only sent a proof of service* listing mail service of the motion to "Sheriff Alex Villanueva" at the Hall of Justice. To date, *Plaintiffs have not provided Defendants' counsel with a copy of that motion*.

1       I declare under penalty of perjury under the laws of the United States of
2 America that the foregoing is true and correct.
3       Executed on December 9, 2021 at Los Angeles, California.

5                                                    /s/ Raymond W. Sakai