UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA ASTORGA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>Defendants. | Case No. 2:20-CV-09805-AB (AGRx)<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

Before the Court is Defendants County of Los Angeles, Los Angeles County Sheriff's Department, and Sheriff Alex Villanueva's (collectively "Defendants") Motion for Judgment on the Pleadings. ("Motion," ECF No. 166.) Plaintiffs Christina Astorga, Hugo Padilla, Ryan Michael Dodson, and Kiyoko Dodson (collectively "Plaintiffs") filed an opposition. ("Opp'n," ECF No. 177.) Defendants filed a reply. ("Reply," ECF No. 175.) The Court heard oral argument regarding Defendants' Motion on November 12, 2021. For the reasons stated below, the Court **DENIES in part and GRANTS in part** Defendants' Motion.

I. **BACKGROUND**

The Court has previously detailed the factual and procedural background of this matter in its orders. (ECF Nos. 73, 179.) For purposes of this Motion, the Court will summarize the relevant facts only.

1.

On May 24, 2021, Plaintiffs filed their Second Amended Complaint against Defendants. ("SAC," ECF No. 105.) Specifically, Plaintiffs asserted the following seven claims under 42 U.S.C. § 1983: (1) injunctive relief on a class-wide basis; (2) deprivation of property in violation of the Fourth and Fourteenth Amendments; (3) unlawful takings in violation of the Fifth Amendment; (4) unreasonable seizures in violation of the Fourth Amendment; (5) violation of the First Amendment; (6) violations of the California Constitution, Article I §§ 2, 3, 7, 13; and (7) Bane Act violations. (*Id.*) The only claim not asserted against all Defendants is the third cause of action for takings under the Fifth Amendment, which is asserted only against the entity Defendants (*i.e.*, the County of Los Angeles and the Los Angeles County Sheriff's Department.) (*Id.*) Plaintiffs seek monetary damages and injunctive relief under the sixth cause of action. (*Id.*)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(c), "[a]fter the pleadings are closed—but early enough to not delay trial—a party may move for judgment on the pleadings." A motion for judgment on the pleadings under Rule 12(c) is "functionally identical" to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6); therefore, the same legal standard applies to both motions. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). To decide a motion for judgment on the pleadings, a court must accept as true all material allegations in the complaint and must construe those allegations in the light most favorable to the plaintiff. *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994). Judgment on the pleadings is therefore appropriate only "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997) (citation omitted).

///

## III. DISCUSSION

### A. Claims Against Defendant Sheriff Villanueva

The Ninth Circuit has held that "[w]hen both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008); *see also McRorie v. Shimoda*, 795 F.2d 780, 783 (9th Cir. 1986).

Here, Defendants seek to dismiss with prejudice the claims asserted against Defendant Sherriff Villanueva in his official capacity because they are duplicative of Plaintiffs' claims against Defendant County of Los Angeles. (Motion at 2:15-3:6.) In response, Plaintiffs assert these claims against Defendant Sheriff Villanueva are not duplicative because: (1) Sheriff Villanueva is not entitled to qualified immunity in his official capacity; and (2) under California Supreme Court authority—but not Ninth Circuit precedent—Sheriff Villanueva is not an agent of the County of Los Angeles for liability under Section 1983. (Opp'n at 10:18-11:4.)

Notably, Plaintiffs concede that their claims against Sheriff Villanueva in his official capacity are unnecessary if Defendants do not contend that injunctive relief claims are proper against the entity Defendants. During oral argument, Defendants confirmed they do not dispute injunctive relief claims are proper against the entity Defendants. Accordingly, as confirmed by Plaintiffs, the Court finds that the claims against Defendant Sheriff Villanueva in his official capacity are redundant and unnecessary, and thus, are **DISMISSED with prejudice**.

### B. Claims Against Defendant Los Angeles County Sheriff's Department

Defendants assert that Defendant Los Angeles County Sheriff's Department should be dismissed because its inclusion is "superfluous and unnecessary" since the County of Los Angeles is also a named defendant. (Motion at 3:12-14.) In response, Plaintiffs argue that such inclusion is proper because: (1) Sheriff Villanueva may claim he is not a policymaker for Los Angeles County, but has to admit he is a

3.

policymaker within his own department, Los Angeles County Sheriff's Department; and (2) under Ninth Circuit precedent, the County of Los Angeles and the Los Angeles County Sheriff's Department may be sued separately.[1] (Opp'n at 6:18-10:16; *see also* SAC ¶¶ 8-9.) The Court agrees with Plaintiffs.

In *Streit*, the Ninth Circuit held that the "[Los Angeles Sheriff's Department] is a separately suable entity," from the County of Los Angeles and subject to suit in a Section 1983 case. *Streit v. County of Los Angeles*, 236 F.3d 552, 564-65 (9th Cir. 2001); *see also Brewster v. Shasta County*, 275 F.3d 803, 807 (9th Cir. 2001) (finding that the Shasta County Sheriff is subject to liability under § 1983 after concluding that the "Shasta County Sheriff acts for the County, not the state, when investigating crime in the county"). Despite this binding precedent, there are numerous district courts within this circuit that have concluded that municipal subsidiaries, such as police departments or sheriff's departments, are not "persons" under Section 1983, and on this basis have dismissed these entities. Although the Court has considered these decisions, it concludes that Ninth Circuit precedent squarely controls resolution of this issue as other district courts have similarly held. *See Est. of Osuna v. Cty. of Stanislaus*, 392 F. Supp. 3d 1162, 1171 (E.D. Cal. 2019) (denying defendants' motion to dismiss the Stanislaus County Sheriff's Department as a defendant based on *Streit* and *Brewster*); *Tennyson v. Cty. of Sacramento*, No. 2:19-CV-00429-KJM-EFB, 2020 WL 4059568, at *6 (E.D. Cal. July 20, 2020) ("Although there are divergent views among the courts within the Ninth Circuit on this issue, the court joins with those that follow [*Streit*] as treating a local law enforcement agency including a county sheriff's

---

[1] The Court's decision not to address Plaintiffs' request for sanctions against Defendants for raising this argument should not be taken to mean the Court did not consider that argument; rather, it should be taken to mean the Court rejected that argument. *See Roy v. City of Los Angeles*, No. CV 12-09012-AB (FFMx), 2018 WL 3439168, *4 (C.D. Cal. July 11, 2018).

department as a separate legal entity under § 1983."); *Valenzuela v. San Diego Police Dep't*, No. 19-CV-00002-BAS-BLM, 2020 WL 804923, at *3 fn. 3 (S.D. Cal. Feb. 18, 2020) (acknowledging difference within district court decisions, but declining to "dismiss [the San Diego Police department] due to the clear mandate in *Streit*").

Accordingly, the Court **DENIES** Defendants' Motion seeking to dismiss the Los Angeles County Sheriff's Department as a defendant in this action.

### C. Monetary Damages Under the Sixth Cause of Action

Defendants assert that Plaintiffs' request for monetary damages under Sections 2, 3, 7, and 13[2] of Article I of the California Constitution must be dismissed with prejudice because these provisions do not provide for monetary damages as a remedy. (Motion at 4:13-5:22.) Notably, Plaintiffs do not dispute that they are not entitled to monetary damages under Sections 2, 3, or 7. *See e.g.*, *Degrassi v. Cook*, 29 Cal.4th 333, 342 (2002) ("[T]here is not indication in the language of article I, section 2(a), nor any evidence in the history of that provision, from which we may find, within that provision, an implied right to seek damages for a violation of the free speech right set out therein."); *MHC Fin.'g Ltd. Ptnshp. II v. City of Santee*, 182 Cal. App. 4th 1169, 1188 (2010) ("we conclude that money damages is not an appropriate remedy for a violation of the right to petition set forth in article I, section 3(a)"); *Katzberg v. Regents of Univ. of California*, 29 Cal.4th 300, 328 (2002) ("The availability of meaningful alternative remedies leads us to decline to recognize a constitutional tort to

---

[2] Article I, Section 2 provides that "[e]very person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right." Cal. Const. art. I, § 2(a).

Article I, Section 3 provides that "[t]he people have the right to instruct their representatives, petition government for redress of grievances, and assemble freely to consult for the common good." Cal. Const. art. I, § 3(a).

Article I, Section 7 provides that "[a] person may not be deprived of life, liberty, or property without due process of law." Cal. Const. art. I, § 7(a).

remedy the asserted violation of article I, section 7(a) in the case before us."). However, Plaintiffs assert that they are entitled to monetary damages under Section 13. (Opp'n at 11:14-12:28.)

Article I, Section 13 guarantees the right to be free from unreasonable searches and seizures. *See* Cal. Const. art. I, § 13. The California Supreme Court has not addressed whether a plaintiff may seek damages for a violation of Article I, section 13. *See Roy v. Cty. of Los Angeles*, 114 F. Supp. 3d 1030, 1042 (C.D. Cal. 2015). As such, district courts are split as to this question. *See Ordonez v. Stanley*, 495 F. Supp. 3d 855, 866 (C.D. Cal. 2020) (noting "district courts are split whether Section 13 provides are private right of action.") The district courts that have concluded that Section 13 does not permit monetary damages have relied upon the two-step framework set forth in *Katzberg* for assessing whether monetary damages are an appropriate remedy for California constitutional violations.

Under *Katzberg*, courts first determine whether there was a legislative intent to authorize or to withhold actions for monetary damages. *Katzberg*, 29 Cal. 4th at 317. If there is no affirmative intent to authorize or withhold actions for monetary damages, the court must undertake a "constitutional tort" analysis to determine whether to allow monetary damages under certain constitutional provisions. *Id.* To that end, courts consider factors such as "whether an adequate remedy exists, the extent to which a constitutional tort action would change established tort law, and the nature and significance of the constitutional provision." *Id.*

Under the *Katzberg* framework, the Court finds Plaintiffs may not recover monetary damages under Section 13 because there is "no evidence to suggest the State of California affirmatively intended to create a damages remedy" under Section 13. *Roy*, 114 F. Supp. 3d at 1043 (quoting *Wigfall v. City and Cnty. of S.F.*, No. C 06-4968-VRW, 2007 WL 174434, at *5 (N.D. Cal. Jan. 22, 2007)). Further, the availability of alternative remedies under state and federal law for Section 13 violations weighs against the creation of a constitutional tort, as Plaintiffs can and

have stated federal claims from which they may recover monetary damages. *See id.* (citing *Wigfall*, 2007 WL 174434 at *5–6). Indeed, in contrast to Plaintiffs' assertions during oral argument, the analysis requires consideration of whether "an adequate remedy exits"—not whether a better or preferred remedy exists. Thus, as acknowledged in Plaintiffs' briefing, adequate remedies do exist, such as bringing causes of action under Section 1983 and the Bane Act, from which they may recover monetary damages. (Opp'n at 14:15-18.)

Accordingly, Plaintiffs' request for monetary damages under the sixth cause of action is **DISMISSED with prejudice**.

### D. Plaintiffs' Bane Act Claim

Defendants assert that Plaintiffs' Bane Act claim must be dismissed because there is "no allegation that the seizures of Plaintiffs or the seizures their personal property were carried out through threats, intimidation or coercion, and furthermore, there is no allegation that any Defendant harbored any specific intent to violate Plaintiffs' rights. (Motion at 6:1-4; *see also* Reply at 7:5-8:3.) In response, Plaintiffs assert that the SAC should be considered "as a whole" and cite to specific allegations in the SAC that they allege demonstrate that Defendants harbored a specific intent to violate Plaintiffs' rights. (*See* Opp'n at 16:11-24:27; *see also* SAC ¶¶19-21, 24-25, 27, 30, 32-34, 37-38, 44, 46, 48-49, 51-52, 56-59, 63-71.)

The Bane Act provides a right of action to "[a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of [California] has been interfered with" by another person's "threats, intimidation, or coercion." Cal. Civ. Code § 52.1(a)–(b); *see also Venegas v. County of Los Angeles*, 153 Cal. App. 4th 1230, 1239 (2007). "A cognizable Bane Act claim requires alleged conduct that is 'more egregious' than 'mere negligence.'" *Lapachet v. California Forensic Med. Grp., Inc.*, 313 F. Supp. 3d 1183, 1194 (E.D. Cal. 2018) (quoting *Shoyoye v. County of Los Angeles*, 203 Cal. App. 4th 947, 958 (2012)). Intentional conduct that amounts to a threat, intimidation,

7.

or coercion, for example, may include deliberate indifference to a prisoner's serious medical needs by "acts that are inherently coercive and threatening" such as "failing to provide treatment plans." *Lapachet*, 313 F. Supp. 3d at 1194.

The unconstitutional use of excessive force "can be enough to satisfy the threat, intimidation, or coercion" element of a Bane Act claim. *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (quoting *Cornell v. City and Cty. of San Francisco*, 17 Cal. App. 5th 766, 799 (2017)); *see also Sandoval v. County of Sonoma*, 912 F.3d 509, 519-20 (9th Cir. 2018) (explaining that *Reese* held that "independent coercion rule only applies when the plaintiff shows that the defendant negligently violated the plaintiff's constitutional rights, and that the coercion inherent in a Fourth Amendment violation could support a Bane Act claim if the coercion occurred with 'specific intent to violate the arrestee's right to freedom from unreasonable seizure'" (citations omitted)); *Harris v. Escamilla*, 736 Fed. Appx. 618, 621 (9th Cir. 2018) ("Bane Act's pleading requirements are satisfied when 'circumstances indicate the [offending individual] had a specific intent to violate' the victim's rights" (citations omitted)).

Here, the SAC alleges that Defendants carried out the seizures of Plaintiffs and/or their personal property through violent and threatening means, such as "shooting projectiles" without warning, failing to provide medical care, changing social media profile descriptions, and refusing to provide Plaintiffs with information regarding their personal property. (*See* SAC ¶¶19-21, 24-25, 27, 30, 32-34, 37-38, 44, 46, 48-49, 51-52, 56-59, 63-71.) Viewed in the light most favorable to Plaintiffs, the facts alleged support the inference that Defendants acted with reckless disregard for Plaintiffs' constitutional rights such that it was their specific intent to deprive them of these rights. Accordingly, the SAC adequately states a Bane Act claim, and Defendants' Motion is **DENIED**.

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** in part and **GRANTS** in

**part** Defendants' Motion. Specifically, the Court **DENIES** Defendants' Motion as to naming the Los Angeles Sheriff's Department as a Defendant and Plaintiffs' Bane Act claim; and **GRANTS** Defendants' Motion as to Plaintiffs' request for damages in their sixth cause of action and Defendant Sheriff Villanueva in his official capacity.

Accordingly, the claims against Defendant Sheriff Villanueva in his official capacity and Plaintiffs' request for monetary damages in the sixth cause of action are **DISMISSED** with prejudice.

IT IS SO ORDERED.

Dated: February 09, 2022

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE