PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JIN S. CHOI, State Bar No. 180270
jchoi@lbaclaw.com
RAYMOND W. SAKAI, State Bar No. 193507
rsakai@lbaclaw.com
HRACH AGAZARYAN, State Bar No. 339758
hagazaryan@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California  91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Los Angeles, Los Angeles County
Sheriff's Department, and Sheriff Alex Villanueva

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA ASTORGA, etc., et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>COUNTY OF LOS ANGELES, etc., et al.,<br><br>　　　　Defendants. | Case No. 2:20-cv-09805-AB-AGR<br><br>**DEFENDANTS' OPPOSITION TO MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE, EVIDENCE SANCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF JIN S. CHOI**<br><br>Date:　　April 1, 2022<br>Time:　　10:00 a.m.<br>Crtm:　　7B |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

　　　Defendants hereby submit the following Memorandum of Points and Authorities and Declaration of Jin S. Choi in opposition to Plaintiffs' motion for reconsideration of the Court's February 17, 2022 Order (ECF 211) denying

1

Plaintiffs' motion for partial summary judgment, or in the alternative evidence sanction (ECF 222).

Dated:  March 11, 2022                    LAWRENCE BEACH ALLEN & CHOI, PC

                                          By    /s/  Jin S. Choi
                                                Jin S. Choi
                                                Attorneys for Defendants
                                                County of Los Angeles, Los Angeles
                                                County Sheriff's Department and
                                                Sheriff Alex Villanueva

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 2

I. PLAINTIFFS EGREGIOUSLY MISREPRESENT THE INDISPUTABLE TIMING OF THIS COURT'S FEBRUARY 17TH ORDER, THEREBY COMPLETELY UNDERMINING THEIR PRIMARY ARGUMENT FOR RECONSIDERATION ................................................................................... 2

II. PLAINTIFFS HAVE NOT MADE ANY SPECIFIC SHOWING AS TO HOW THEY ARE ENTITLED TO RECONSIDERATION UNDER LOCAL RULE 7-18 .......................................................................................................... 4

III. PLAINTIFFS' CONTENTION THAT THE COURT MUST RULE THAT DEFENDANTS VIOLATED THE FOURTH AMENDMENT IS MERITLESS AND SHOULD BE REJECTED OUTRIGHT ............................................... 6

IV. PLAINTIFFS' ALTERNATIVE REQUEST FOR AN EVIDENTIARY SANCTION IS PROCEDURALLY IMPROPER ON ITS FACE AND WITHOUT ANY MERIT WHATSOEVER ........................................................ 7

    A. PLAINTIFFS' REQUEST FOR EVIDENCE SANCTIONS IS PROCEDURALLY IMPROPER. ................................................................ 8

    B. SANCTIONS UNDER RULE 37(C)(1) ARE NOT PROPER ............... 9

V. CONCLUSION ........................................................................................ 11

DECLARATION OF JIN S. CHOI ................................................................... 12

# TABLE OF AUTHORITIES

**Cases**         **Page(s)**

*Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*,
   2010 U.S. Dist. LEXIS 141013 .................................................................. 8

*Billetts v. Mentor Worldwide, LLC*,
   2019 U.S. Dist. LEXIS 190237 (C.D. Cal. Oct. 29, 2019) ............................. 4

*Brown v. Lizarraga*,
   2017 U.S. Dist. LEXIS 226057 (C.D. Cal. Dec. 1, 2017) .............................. 4

*Duarte v. J.P. Morgan Chase Bank*,
   2014 U.S. Dist. LEXIS 195092, 2014 WL 12567787 .................................... 4

*Estakhrian v. Obenstine*,
   No. CV11-3480-FMO (CWx), 2016 U.S. Dist. LEXIS 25376 (C.D. Cal. Feb.
   29, 2016) ........................................................................................................ 9

*Garcia v. Sleeley*,
   No. 3:14-cv-01525-JLS-PCL, 2018 U.S. Dist. LEXIS 108573 (S.D. Cal. June
   28, 2018) ........................................................................................................ 8

*GCIU-Employer Ret. Fund v. Quad/Graphics, Inc.*,
   No. 2:16-cv-00100-ODW(AFMx), 2017 U.S. Dist. LEXIS 86796 (C.D. Cal.
   June 5, 2017) ............................................................................................ 8, 10

*Herrera v. Spearman*,
   2019 U.S. Dist. LEXIS 239375 (C.D. Cal. June 4, 2019) .......................... 4-5

*McKinsty v. Swift Transp. Co., of Ariz., LLC*,
   2017 U.S. Dist. LEXIS 226077 (C.D. Cal. Sept. 18, 2017) ........................... 4

*Yang Ming Marine Transp. Corp. v. Oceanbridge Shipping Int'l, Inc.*,
   48 F.Supp.2d 1049 (C.D. Cal. 1999) ............................................................ 4

**Rules**

Federal Rule of Civil Procedure, Rule 26 ........................................................... 9

Federal Rule of Civil Procedure, Rule 37 ...................................................*passim*

Federal Rule of Civil Procedure, Rule 37-2 ....................................................... 8

Federal Rule of Civil Procedure, Rule 37-2.1 .................................................... 8

Federal Rule of Civil Procedure, Rule 37-2.4 .................................................... 8

California Local Rule 7-18 ........................................................................ *passim*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PLAINTIFFS EGREGIOUSLY MISREPRESENT THE INDISPUTABLE TIMING OF THIS COURT'S FEBRUARY 17th ORDER, THEREBY COMPLETELY UNDERMINING THEIR PRIMARY ARGUMENT FOR RECONSIDERATION.

Plaintiffs seek reconsideration, pursuant to Local Rule 7-18, of the Court's February 17, 2022 Order (ECF 211) denying Plaintiffs' motion for partial summary judgment. (Motion at 2:16.) Specifically, Plaintiffs argue that this Court should reverse its ruling that "genuine issues of material fact exist as to whether the sixteen-day seizure of the Dodsons' property was reasonable based on the totality of the circumstances". (ECF 211 at p. 10:6-8.) Despite asking, without merit, for outright reversal of this ruling, Plaintiffs recite the Court's ruling in an incomplete, piecemeal fashion.

The Court ruled as follows:

> The Court finds that genuine issues of material fact exist as to whether the sixteen-day seizure of the Dodsons' property was reasonable based on the totality of the circumstances, including that the property was seized incident to Mr. Dodson's arrest, which occurred at a protest. Specifically, ***the search warrant obtained by Defendants on October 13, 2020 creates a genuine issue of material fact*** as to whether there was a legitimate law enforcement reason for why the Dodsons' property was not immediately returned ***since a finding of probable cause was made in conjunction with the issuance of the warrant***. (*See* UMF No. 30.)
> ***Furthermore***, it is ***undisputed that the LASD's Major Crimes Bureau had determined that the Dodsons' property was classified as evidence in an ongoing criminal investigation***. (*See* Opp'n at 9:9-17; *see also* UMF Nos. 37-38.) Because these facts must be considered in the light most favorable to Defendants, the Court finds there is genuine issues of material fact as to whether based on this classification, the delay in returning the Dodsons' property was reasonable as such, the Court finds genuine disputes exists as to

whether the totality of the circumstances excuse Defendants' delay in securing a warrant for the seized property. (ECF 211 at p. 10:6-21; emphasis added.)

Plaintiffs' argument for reconsideration is premised on the February 17, 2022 deposition testimony of a LASD Detective[1]: that "[o]n the very day the Court entered its order (2/17/22) Plaintiffs were deposing [him]" and that his not answering particular questions regarding the "18 day delay" somehow mandates reconsideration of the Court's Order. Plaintiffs' fundamental mischaracterization of the timing of these two events clearly demonstrates the meritless nature of Plaintiffs' argument.

Indeed, Plaintiffs repeatedly contend, or at the very least strongly and misleadingly suggest, that the parties were fully aware of the Court's summary judgment analysis ***before*** the Detective's deposition. For example, Plaintiffs argue that "even though this Court ruled that the 'reasonable[ness]' of the 18 day delay depends 'on the totality of the circumstances …' defendants refuse to permit any discovery on 'whether there␣was[, in fact,] a legitimate law enforcement reason for why the Dodsons' property was not immediately returned.'" (Motion at p. 7:23-28.) Plaintiffs also asserted that "at ***virtually the same moment*** the Court ruled … defendants refused to permit the Detective, the investigator and affiant responsible

---

[1] Out of respect for the jurisdiction of the Magistrate Judge Rosenberg, Defendants are not using the Detective's name, which is the subject of a Motion to protect the identities and lives of undercover detectives that is currently pending before the court. *See* ECF 217 (Defendants' Motion for Protective Order re Detective Depositions.). Plaintiffs were fully aware of this issue as Defendants' Motion was filed on February 25, 2022, and Plaintiffs filed this Motion on March 3, 2022. In fact, during the March 11, 2022, hearing on Defendants' Motion for Protective Order, the Magistrate Judge Rosenberg ordered Plaintiffs' Opposition to the Motion, which publically filed the names of the undercover detectives, be sealed pending determination of the Motion.

3

for the 10/13/20 warrant … to testify on why there was the 18-day delay."[2] (Motion at p. 8:12-16; emphasis added.) The implication of these assertions is clear — that Defendants were already aware of the Court's Order prior to this deposition.

Yet, the Court's February 17, 2022 Order was not entered until 5:27 p.m., and, therefore, Defendants did not and could not have received notification of that Order until that date and time. (Choi Decl., ¶¶ 2-3.) Strangely, but not surprisingly, Plaintiffs make no reference to this undisputable fact in arguing for reconsideration, instead choosing to frame the timing so that the Detective's deposition testimony should somehow have taken into account the Court's analysis which was not known until *after* the deposition. Because Plaintiffs' central argument is based on this entirely false procedural pretext, their motion for reconsideration should be denied on this basis alone.

## II. PLAINTIFFS HAVE NOT MADE ANY SPECIFIC SHOWING AS TO HOW THEY ARE ENTITLED TO RECONSIDERATION UNDER LOCAL RULE 7-18.

Despite explicitly moving for reconsideration under Local Rule 7-18, Plaintiffs make but a single reference to it in their arguments. Local Rule 7-18 provides in part that a motion for reconsideration "may be made only on" three specific grounds: "(a) a ***material difference in fact or law*** from that presented to the Court, that in the exercise of reasonable diligence, could not have been known to the party moving reconsideration at the time the Order was entered, or (b) the ***emergence of new material facts or a change of law*** occurring after the Order was entered, or (c) a ***manifest showing of a failure to consider material facts*** presented to the Court before the Order was entered. No motion for

///
///

---

[2] Plaintiffs also identify the date of the Order as "2/16/22" (Motion at p. 8:14), while knowing full well that the Court's Order was not entered and emailed to the parties until February 17, 2022 at 5:27 p.m. (Choi Decl., ¶¶ 2-3.)

4

reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." (Emphasis added.)

It is well established within this District that motions for reconsideration are disfavored especially if they repeat prior arguments, and reconsideration may only be contemplated if the moving party "can surmount this hurdle", and only then may reconsideration be granted under the grounds articulated in Local Rule 7-18. *McKinsty v. Swift Transp. Co., of Ariz., LLC*, 2017 U.S. Dist. LEXIS 226077, at *4 (C.D. Cal. Sept. 18, 2017) (quoting *Duarte v. J.P. Morgan Chase Bank*, 2014 U.S. Dist. LEXIS 195092, 2014 WL 12567787, at *1 (C.D. Cal. May 19, 2014) ("'[A] mere attempt by [the moving party] to reargue its position by directing this Court to additional case law and . . . argument[s] which [it] clearly could have made earlier, but did not . . . is not the purpose of motions for reconsideration under … Local Rule [7-18].'") (quoting *Yang Ming Marine Transp. Corp. v. Oceanbridge Shipping Int'l, Inc.*, 48 F.Supp.2d 1049, 1057 (C.D. Cal. 1999)); *see also Billetts v. Mentor Worldwide, LLC*, 2019 U.S. Dist. LEXIS 190237, at *5 (C.D. Cal. Oct. 29, 2019) ("A motion for reconsideration may not in any manner repeat any oral or written argument made in support of or in opposition to the original motion."); *Herrera v. Spearman*, 2019 U.S. Dist. LEXIS 239375, at *6-7 (C.D. Cal. June 4, 2019) (where the petitioner's motion "requests the same documents based on the same argument made in his prior motion and objections", and "provides no new information or basis for reconsideration of the court's rulings", the motion was denied); *Brown v. Lizarraga*, 2017 U.S. Dist. LEXIS 226057, at *3 (C.D. Cal. Dec. 1, 2017) (where the petitioner's motion was construed as a L.R. 7-18 motion for reconsideration, the motion was denied since the petitioner "show[ed] none of the three permissible bases for reconsideration").

Here, Plaintiffs simply contend that the Court must reconsider its Order because of a purported "material difference in fact" from that presented to the Court – namely, that they "did not know defendants would refuse to permit

5

discovery of the very evidence this Court deems essential in determining if the 18 day delay was reasonable." (Motion at p. 11:10-15.) Plaintiffs, however, have not explained whatsoever how this constitutes "a material difference in fact." In short, Plaintiffs are seemingly contending, without any real argument, that the fact of the deponent's refusal to testify regarding the delay in obtaining a warrant would have somehow made the Court determine that there was no dispute that the delay was unreasonable. This assertion is completely unsupported. Moreover, it is also, once again, based on the fundamental distortion of the timing of the Court's Order. Neither Plaintiffs nor Defendants could have been aware of the Court's Order, either during briefing (obviously) or at the time of the Detective's deposition.

Thus, Plaintiffs have not shown how any of the grounds for reconsideration under Local Rule 7-18 have been satisfied under these circumstances. To the extent that Plaintiffs believe that they are entitled to specific factual information regarding their Fourth Amendment claim, due to the specifics of the Court's February 17th Order, they are able to pursue such information since the current discovery cutoff is April 29, 2022. Retroactively reversing this Court's Order, however, is not warranted on the basis of any of Plaintiffs' untenable arguments. And even more importantly, Plaintiffs have not presented any argument that justifies reconsideration under the narrow parameters of Local Rule 7-18.

### III. PLAINTIFFS' CONTENTION THAT THE COURT MUST RULE THAT DEFENDANTS VIOLATED THE FOURTH AMENDMENT IS MERITLESS AND SHOULD BE REJECTED OUTRIGHT.

Plaintiffs weave into their argument for reconsideration that Defendants have somehow violated their due process rights by their "refusal to permit discovery on the facts critical to the reasonableness inquiry as framed by the Court in its February 16, 2022 ruling". (Motion at p. 8:20-22.)

///

Again, Plaintiffs' argument is premised on the notion that the Detective's deposition should have proceeded differently due to the Court's analysis in its February 17th Order even though the Order had not yet been known to the parties. In seeking reconsideration of the Court's Order, Plaintiffs have made no attempt to address this fundamental fallacy in their argument, and there can be no reasonable explanation no matter how hard Plaintiffs may try.

Similarly, Plaintiffs' argument that Defendants cannot rely on Detective Hernandez's declaration due to Defendants' "February 17, 2022 refusal to permit the Detective to testify on the reasons for the delay" (Motion at p. 11:1-2) is without merit. Again, Plaintiffs' argument hinges upon the Detective's deposition, while ignoring the timing of the deposition and the Court's Order. Furthermore, Plaintiffs have made no specific showing whatsoever as to how the Court's ruling regarding Detective Hernandez's declaration should now be reversed under Local Rule 7-18.

## IV. **PLAINTIFFS' ALTERNATIVE REQUEST FOR AN EVIDENTIARY SANCTION IS PROCEDURALLY IMPROPER ON ITS FACE AND WITHOUT ANY MERIT WHATSOEVER.**

Plaintiffs' argument for evidence sanctions has the same fundamental flaw as their arguments for reconsideration of the Court's Order. All of Plaintiffs' arguments are premised on the false notion that Defendants refused to answer questions about the "delay" at the Detective's deposition despite the Court's Fourth Amendment analysis. Yet, the Court's analysis was provided to the parties after the subject deposition, and Plaintiffs have the ability to pursue additional discovery in accordance with the Court's analysis. Instead, Plaintiffs have resorted to seeking reconsideration and evidentiary sanctions under this fundamentally flawed theory of relief.

Plaintiffs seek alternative relief — which has no connection to any ground for reconsideration of the summary judgment order — that the Court should

7

impose discovery sanctions against Defendants pursuant to Federal Rule of Civil Procedure, Rule 37(c)(1), by precluding Defendants "from offering at trial any evidence" of the reasons for the length of time it took to secure the warrant. (Motion at p. 12:22-26.) Plaintiffs also contend that such sanctions are justified because Defendants have purportedly "refused" to permit discovery regarding this subject. (Motion at p. 7:22-28.) As set forth below, these sanctions should be denied for several reasons.

### A. **Plaintiffs' Request For Evidence Sanctions Is Procedurally Improper.**

First, as a preliminary matter, Plaintiffs' request for evidence sanctions constitutes an improper attempt to bring a discovery motion without fully complying with the procedural requirements required by the Local Rules. Local Rule 37-2 provides that if the parties are unable to settle a discovery dispute after meeting and conferring, the parties shall then prepare a joint written stipulation that must be filed with the discovery motion. (*See* Local Rule 37-2.1.) The joint stipulation must, among other things, "be set forth in one document signed by both counsel," "contain all issues in dispute and, as to each such issue, the contentions and points and authorities of each party," and "also state how [the moving party] proposed to resolve the dispute over that issue at the conference of counsel." (Local Rule 37-2.1.) The absence of a joint stipulation is grounds for denial of the discovery motion. (*See* Local Rule 37-2.4.)

Here, Plaintiffs have not complied with the procedural requirements governing discovery motions because they did not prepare a joint stipulation pursuant to the Local Rules. Nor did Plaintiffs submit any declaration explaining their failure to comply with this requirement. Accordingly, this request is procedurally improper and should be denied on this ground alone.

Moreover, to the extent Plaintiffs contend that this request is not a discovery motion but rather a type of motion in limine, it is still procedurally

improper because it is premature and overbroad. "Generally, a motion in limine should not be adjudicated until the eve of trial and after a pretrial order has been filed." *Garcia v. Sleeley*, No. 3:14-cv-01525-JLS-PCL, 2018 U.S. Dist. LEXIS 108573, at *2-3 (S.D. Cal. June 28, 2018) (denying plaintiff's early motions in limine as "premature" where discovery was still ongoing); *GCIU-Employer Ret. Fund v. Quad/Graphics, Inc.*, No. 2:16-cv-00100-ODW(AFMx), 2017 U.S. Dist. LEXIS 86796, at *6 (C.D. Cal. June 5, 2017) (holding that early consideration of motion in limine was "inappropriate" and "premature" because there were still four months before the matter went to trial). Likewise, "motions in limine should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial." *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. CV 08-8525 PSG (PJWx), 2010 U.S. Dist. LEXIS 141013, at *3 (C.D. Cal. May 19, 2010).

Indeed, Plaintiffs' request to exclude evidence at trial is premature because discovery is still ongoing (the present discovery cut-off is April 29, 2022), and trial is presently more than six months away. (*See* ECF 204.) It is also overbroad because it does not seek exclusion of specific information, but rather an overly broad category of evidence – namely, the reasons for the alleged delay in obtaining the subject warrant. For these additional reasons, this request is inappropriate and should be denied.

### B.  Sanctions Under Rule 37(c)(1) Are Not Proper.

Notwithstanding the fact that their request is procedurally improper, Plaintiffs' request for evidentiary sanctions under Rule 37(c)(1) of the Federal Rules of Civil Procedure also lacks merit for several reasons. First, Rule 37(c)(1) is simply inapplicable here. Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness ***as required by Rule 26(a) or (e)***, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is

9

harmless." (emphasis added). Thus, Rule 37(c)(1) is expressly limited to "sanctioning a party who has failed to disclose information in its Initial Disclosures under Rule 26(a) and who has failed to supplement an earlier incomplete or incorrect discovery response, pursuant to Rule 26(e)." *Estakhrian v. Obenstine*, No. CV11-3480-FMO (CWx), 2016 U.S. Dist. LEXIS 25376, at *28 (C.D. Cal. Feb. 29, 2016).

Here, Plaintiffs do not contend that Defendants failed to disclose information in their Initial Disclosures or failed to supplement incomplete or incorrect discovery responses. Instead, Plaintiffs argue that the deponent not testifying about the details of the alleged 18-day delay constituted a failure to disclose under Rule 26. Plaintiffs have not provided any authority to establish that this constitutes a proper basis for seeking relief under Rule 37(c)(1). Indeed, in listing a series of cases for the proposition that Courts "routinely bar parties from later using evidence which the parties had refused to provide their adversary in discovery" (Motion at p. 12:1-21), Plaintiffs not only fail to cite a single Ninth Circuit or Central District case, but, more importantly, they also fail to cite to any case discussing Rule 37(c)(1) at all. In short, Rule 37(c)(1) is simply inapplicable here and this request for sanctions should be denied on this ground alone.

Second, sanctions under Rule 37(c)(1) based on a party's failure to comply with disclosure requirements are only appropriate where "the failure was [not] substantially justified or is [not] harmless." Fed. R. Civ. P. 37(c)(1). Neither scenario is applicable here. Assuming, *arguendo*, that the refusal to testify constitutes a failure to disclose under Rule 26, at the time of the deposition, the purported refusal to answer questions *was* substantially justified. As set forth above, the deposition occurred before the Court's February 17th Order, and the subject questions implicated privileged information.[3]

---

[3] Indeed, throughout this litigation, the manner in which confidential and privileged information related to criminal investigations, sealed warrants and law

10

Likewise, "[w]hether or not the failure is 'harmless' depends in part on whether the surprise or prejudice to the opposing party can reasonably be cured." *GCIU-Employer Ret. Fund*, 2017 U.S. Dist. LEXIS 86796, at *7. Here, Plaintiffs contend that Defendants must be excluded from producing evidence at trial regarding the delay, without acknowledging that discovery is ongoing. The present discovery cut-off is April 29, 2022 and trial is presently more than six months away. (*See* ECF 204.) Thus, Plaintiffs cannot establish that the failure to testify was not harmless as there is a substantial window for the parties to work together to cure any dispute as to this issue. Accordingly, at this juncture, sanctions under Rule 37(c)(1) are simply unwarranted.

## V. CONCLUSION.

For the foregoing reasons, Defendants respectfully submit that Plaintiffs' motion for reconsideration and request for an evidence sanction be denied.

Dated: March 11, 2022         LAWRENCE BEACH ALLEN & CHOI, PC

                              By    /s/ Jin S. Choi
                                  Jin S. Choi
                                  Attorneys for Defendants
                                  County of Los Angeles, Los Angeles
                                  County Sheriff's Department and
                                  Sheriff Alex Villanueva

---

enforcement personnel could be disclosed to Plaintiffs has been at issue, as can be seen by the numerous discovery hearings and related motions before Magistrate Judge Rosenberg and in multiple state courts, resulting in many substantive rulings, with no findings of any improper or sanctionable conduct by Defendants. The latest ruling was issued after a March 11, 2022 hearing before Magistrate Judge Rosenberg on Defendants' motion for protective order regarding information relating to two LASD Detectives, the final order in which has not yet been entered. (Choi Decl., ¶ 4.)

11

**DECLARATION OF JIN S. CHOI**

I, Jin S. Choi, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court and all the courts of the State of California. I am a shareholder with the law firm of Lawrence Beach Allen & Choi, PC, attorneys of record for Defendants in the above-entitled action. If called upon as a witness, I could and would competently testify to the following facts as personally known to me or upon information and belief.

2. On February 17, 2022, at 5:27 p.m., the Court entered its Order on Plaintiffs' motion for partial summary judgment, at which time our office received the Notice of Electronic Filing of this Order (ECF 211). Our office did not have any notice of this Order at any time prior to this date and time.

3. The deposition of the LASD Detective was noticed for February 17, 2022 at 10:00 a.m., and this deposition concluded several hours before the entry of the Court's Order on Plaintiffs' motion for partial summary judgment (ECF 211).

4. Throughout this litigation, the manner in which confidential and privileged information related to criminal investigations, sealed warrants and law enforcement personnel could be disclosed to Plaintiffs has been at issue, as can be seen by the numerous discovery hearings and related motions before Magistrate Judge Rosenberg and in multiple state courts, resulting in many substantive rulings, with no findings of any improper or sanctionable conduct by Defendants. The latest ruling was issued after a March 11, 2022 hearing before Magistrate Judge Rosenberg on Defendants' motion for protective order regarding information relating to two LASD Detectives, the final order in which has not yet been entered.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 11, 2022 at Glendale, California.

                                                      /s/ Jin S. Choi
                                                      Jin S. Choi