PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JIN S. CHOI, State Bar No. 180270
jchoi@lbaclaw.com
RAYMOND W. SAKAI, State Bar No. 193507
rsakai@lbaclaw.com
HRACH E. AGAZARYAN, State Bar No. 339758
hagazaryan@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
150 South Los Robles Ave., Suite 660
Pasadena, California 91101
Telephone No. (818) 545-1925

Attorneys for Defendants
County of Los Angeles, Los Angeles County
Sheriff's Department, and Sheriff Alex Villanueva

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTINA ASTORGA, etc., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, etc., et al.,<br><br>Defendants. | Case No. 2:20-cv-09805-AB-AGR<br><br>Honorable André Birotte Jr.<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Statement of Uncontroverted Facts and Conclusions of Law; Declarations and Exhibits, and [Proposed] Judgment filed concurrently herewith]*<br><br>Date: October 28, 2022<br>Time: 10:00 a.m.<br>Crtm: 7B |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 28, 2022, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 7B of the United States

District Court located at 350 West First Street, Los Angeles, California 90012, Defendants County of Los Angeles and Los Angeles County Sheriff's Department, and Sheriff Alex Villanueva ("Defendants") hereby respectfully move this Court pursuant to Federal Rules of Civil Procedure Rule 56, for an order granting summary judgment in favor of Defendants and against Plaintiffs Christina Astorga, Hugo Padilla, Ryan Michael Dodson, and Kiyoko Dodson ("Plaintiff") as to all causes of action on the grounds that there is no genuine issue of material fact.

Alternatively, Defendants request that the Court summarily adjudicate issues in their favor for the following reasons:

1. Plaintiffs' *Monell* claims for alleged constitutional violations, pursuant to 42 U.S.C. § 1983, are barred due to the insufficiency of Plaintiffs' allegations in their Second Amended Complaint, the absence of any evidence that any LASD policy or custom actually and proximately caused the alleged constitutional violations, the fact that the Sheriff acts on behalf of the State when carrying out law enforcement functions under state law, and the absence of any underlying constitutional violation;

2. Plaintiffs' Fourth Amendment claim based on the allegation that warrants, with respect to their personal property, were never obtained and that their property has not been returned, is barred by the undisputed fact that multiple search warrants were duly obtained, Plaintiffs' property was lawfully retained and since returned, and otherwise has been designated for release to Plaintiffs since prior to July 1, 2021;

3. Plaintiffs' Fifth Amendment takings clause claim is not cognizable as a matter of law because Plaintiffs were not subject to any taking within the meaning of the Fifth Amendment;

4. Plaintiffs' First Amendment claim also fails because Plaintiffs' First Amendment rights were not violated and they have engaged in similar First Amendment activities since the subject incidents;

5. Plaintiffs' Fourth Amendment rights, with respect to arrest and use of force, were not violated because their arrests were based upon probable cause and the alleged use of force was objectively reasonable;

6. Plaintiffs' § 1983 claims against Defendant Sheriff Villanueva fail as a matter of law due to the lack of any personal involvement and his entitlement to qualified immunity;

7. Plaintiffs' Civil Code § 52.1 claim has no merit due to the absence of any evidence of threats, intimidation or coercion, nor any specific intent to violate Plaintiffs' rights, and is also barred by Government Code § 821.6; and

8. Plaintiffs' claim for injunctive relief based on the alleged "ongoing seizures of items of personal property … without warrants" has no merit because search warrants were duly obtained, Plaintiffs' property was lawfully retained and since returned, and otherwise has been designated for release to Plaintiffs since prior to July 1, 2021.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the separate Statement of Uncontroverted Facts and Conclusions of Law, the Declarations and Exhibits and corresponding Application to File Under Seal filed concurrently herewith, and upon such other and further evidence as may be presented at the hearing of this motion.

///

///

///

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on July 19, 2022. (Declaration of Jin S. Choi, ¶ 33.)

Dated: September 9, 2022 LAWRENCE BEACH ALLEN & CHOI, PC

By /s/ Jin S. Choi
Jin S. Choi
Raymond W. Sakai
Hrach E. Agazaryan
Attorneys for Defendants
County of Los Angeles, Los Angeles County Sheriff's Department and Sheriff Alex Villanueva

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 1

I. INTRODUCTION ........................................ 1

II. STATEMENT OF FACTS ........................................ 2

III. PLAINTIFFS' REMAINING CLAIMS ........................................ 3

Count One ........................................ 3

Count Two ........................................ 3

Count Three ........................................ 4

Count Four ........................................ 4

Count Five ........................................ 4

Count Seven ........................................ 4

IV. STANDARD OF REVIEW ........................................ 5

V. BECAUSE PLAINTIFFS CANNOT MEET THEIR BURDEN OF PROVING THAT THE ALLEGED CONSTITUTIONAL VIOLATIONS WERE PROXIMATELY CAUSED BY ANY LASD POLICY OR CUSTOM, PLAINTIFFS' INSUFFICIENTLY PLED SECTION 1983 *MONELL* CLAIMS FAIL AS A MATTER OF LAW ........................................ 5

A. On Their Face, Plaintiffs' *Monell* Claims Fail Because They Are Based On Insufficient And Conclusory Allegations ........................................ 9

B. Plaintiffs' *Monell* Claims—Even If Properly Pled—Fail As A Matter Of Law Because The LASD Has Established Policies Ensuring The Protection Of The Constitutional Rights Which Plaintiffs Allege Were Violated ........................................ 12

C. In September 2020, LASD Had Numerous Policies With Respect To The Law Enforcement-Related Activities At Issue Here ........................................ 13

D. Plaintiffs' *Monell* Claims Also Fail Because Their Constitutional Rights Were Not Violated ........................................................................................14

1.......... Warrants Were Obtained With Respect To Plaintiffs' Property, Thereby Barring Any Fourth Amendment Claim Based On The False Assertion That They Were Not ...........................................................................................................14

VIII. WITH NO EVIDENCE THAT THAT ANY LASD PERSONNEL HARBORED ANY SPECIFIC INTENT TO VIOLATE PLAINTIFFS' CONSTITUTIONAL RIGHTS, PLAINTIFFS' CIVIL CODE § 52.1 CLAIM CANNOT SURVIVE SUMMARY JUDGMENT ............................................22

IX. CONCLUSION ........................................................................................25

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Anakin v. Contra Costa Reg'l Med. Ctr.*
2016 WL 1059428 ........ 10

*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242 (1986). ........ 5

*Angeles v. Superior Court*
181 Cal.App.4th 218 (2009) ........ 23

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ........ 20

*Avalaos v. Baca*
596 F.3d 583 ........ 12

*Bd. of the Cty. Comm'rs v. Brown*
520 U.S. 397 (1997) ........ 6

*Bennis v. Michigan*
516 U.S. 442 (1996) ........ 20

*Celotex Corp. v. Catrett*
477 U.S. 317 (1986) ........ 5

*Chew v. Gates*
27 F.3d 1432 (9th Cir. 1994) ........ 13

*City of Canton v. Harris*
489 U.S. 378 (1989) ........ 5

*City of Escondido v. Emmons*
139 S.Ct. 500 (2019) ........ 21

*City of Los Angeles v. Heller*
475 U.S. 796 (1986) ........ 14

*City of St. Louis v. Praprotnik*
485 U.S. 112 (1988) ........ 6

*Colwell v. Bannister*
763 F.3d 1060 (9th Cir. 2014)....................................................................20
*Connick v. Thompson*
563 U.S. 51 (2011) ..........................................................................................6
*Cooley v. City of Los Angeles*
2019 U.S. Dist. LEXIS 73735 (C.D. Cal. May 1, 2019) ...................................19
*Cornell v. City and County of San Francisco*
17 Cal.App.5th 766 (2017)...............................................................................22
*Cty. Inmate Tel. Serv. Cases*
48 Cal.App.5th 354 (2020)...............................................................................23
*Davis v. City of Ellensburg*
869 F.2d 1230 (9th Cir. 1989)...........................................................................13
*Deleon v. City of Vista*
2019 U.S. Dist. LEXIS 32396 (S.D. Cal. Feb. 27, 2019) ....................................9
*District of Columbia v. Wesby*
__U.S. __, 138 S.Ct. 577 (2018) ........................................................................21
*Dominguez v. City of San Jose*
2022 U.S. Dist. LEXIS 88145 (N.D. Cal. May 16, 2022) .................................11
*Dougherty v. City of Covina*
654 F.3d 892 (9th Cir. 2011). ...........................................................5, 7, 11, 13
*Estate of Jackson v. City of Modesto*
2021 U.S. Dist. LEXIS 199638 (E.D. Cal. Oct. 14, 2021) ................................20
*Fidge v. Lake Cty. Sheriff's Dep't*
2015 U.S. Dist. LEXIS 82797 (N.D. Cal. June 25, 2015) .................................18
*Fitzgerald v. City of Anaheim*,
2017 WL 10574459 (C.D. Cal. June 13, 2017) ..................................................10
*Franco v. City of San Diego*
2019 U.S. Dist. LEXIS 200649 (S.D. Cal. Nov. 18, 2019) ...............................10

*Galban v. City of Fontana*
2020 U.S. Dist. LEXIS 250240 (C.D. Cal. Aug. 6, 2020) ......................9, 10, 20

*Gant v. County of Los Angeles*
772 F.3d 608 (9th Cir. 2014)........................................................................12

*Gillette v. Delmore*
979 F.2d 1342 (9th Cir. 1992)...................................................................6, 11

*Gravelet-Blondin v. Shelton*
728 F.3d 1086 (9th Cir. 2013)........................................................................7

*Hamby v. Hammond*
821 F.3d 1085 (9th Cir. 2016)......................................................................21

*Harper v. Wallingford*
877 F.2d 728 (9th Cir. 1989)..........................................................................5

*Herd v. Cty. of San Bernardino*
311 F. Supp.3d 1157 (C.D. Cal. 2018)..........................................................10

*Hunter v. Bryant*
502 U.S. 224 (1991) .....................................................................................21

*Jackson v. City of Bremerton*
268 F.3d 646 (9th Cir. 2001)........................................................................18

*Johnson v. Baca*
No. CV 13-04496 MMM (AJWx), 2013 U.S. Dist. LEXIS 202636 (C.D. Cal. Sept. 24, 2013).................................................................................................11

*Jones v. Cty. of San Bernardino*
2022 U.S. Dist. LEXIS 141961 (C.D. Cal. May 12, 2022) ...............................23

*Jurkowski v. City of Seattle*
2017 U.S. Dist. LEXIS 166292 (W.D. Wash. Oct. 5, 2017) .............................17

*Knox v. Service Employees*
567 U.S. 298 (2012) .....................................................................................16

*Lacy v. City of San Francisco*
2020 WL 5893407 (N.D. Cal. Oct. 5, 2020)........................................................1
*Lowry v. City of San Diego*
858 F.3d 1248 (9th Cir. 2017).........................................................................13
*Mackovski v. City of Garden Grove*
666 Fed.Appx. 649 (9th Cir. 2016) .................................................................13
*Meehan v. County of Los Angeles*,
856 F.2d (9th Cir. 1988)...................................................................................6
*Mendocino Envtl. Ctr. V. Mendocino Cnty*
192 F.3d 1283 (9th Cir. 1999).........................................................................17
*Monell v. Dept. of Soc. Servs.*
436 U.S. 658 (1978) ...................................................................................passim
*Mullenix v. Luna*
577 U.S. 7 (2015) ............................................................................................21
*Navarro v. Block*
72 F.3d 712 (9th Cir. 1995)..............................................................................13
*O'Doan v. Sanford*
991 F.3d 1027 (9th Cir. 2021).........................................................................21
*Parker v. City of L.A.*
No. 2016 U.S. Dist. LEXIS 189030, (C.D. Cal. June 22, 2016) .......................19
*Patel v. City of Long Beach*
2019 U.S. Dist. LEXIS 167638, at *13 (C.D. Cal. May 14, 2019) .....................6
*People v. Anderson*
117 Cal. App. Supp. 763 (1931) .....................................................................17
*Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*
130 F.3d 432 (9th Cir. 1997).............................................................................7
*Price v. Sery*
513 F.3d 962 (9th Cir. 2008)...........................................................................12

*Puente v. City of Phoenix*
2022 U.S. Dist. LEXIS 21489 (D. Ariz. Feb. 7, 2022) ................................ 18, 19

*Reese v. County of Sacramento*
888 F.3d 1030 (9th Cir. 2018) ........................................................................ 22

*Rickley v. County of Los Angeles*
2018 U.S. Dist. LEXIS 245369 (C.D. Cal. Feb. 1, 2018) .................................... 9

*Rico v. Ducart*
980 F.3d 1292 (9th Cir. 2020) ........................................................................ 21

*Salas v. City of Garden Grove*
2021 U.S. Dist. LEXIS 154731, at * 4-9 (C.D. Cal. June 1, 2021) ............... 9, 22

*San Diego Branch of NAACP v. Cty. of San Diego*
2018 U.S. Dist. LEXIS 44806, (S.D. Cal. Mar. 19, 2018) ................................ 24

*Sanchez v. City of Fresno*
914 F. Supp. 2d 1079 (E.D. Cal. 2012) ............................................................ 24

*Saucier v. Katz*
533 U.S. 194 (2001) ........................................................................................ 21

*Scott v. Henrich*
39 F.3d 912, 916 (9th Cir. 1994) ..................................................................... 14

*Scott v. Jackson County*
297 Fed.Appx. 623 (9th Cir. 2008) .................................................................. 19

*Sharp v. City of El Monte*
2016 U.S. Dist. LEXIS 199368 (C.D. Cal. June 21, 2016) .................................. 9

*Thompson v. Cty. of Riverside*
2020 U.S. Dist. LEXIS 247367 (C.D. Cal. Sep. 28, 2020) ................................ 10

*Trevino v. Gates*
99 F.3d 911 (9th Cir. 1996) ............................................................................. 12

*Tsao v. Desert Place, Inc.*
698 F.3d 1128 (9th Cir. 2012) ........................................................................... 7

*United States v. Blanchard*
__ F.Supp.3d __ (D. Mass. June 16, 2021) ........................................ 15
*United States v. Gabelman*,
2020 WL 2739616, at *5 (D. Nev. May 5, 2020, *report and recommendation adopted*, 2020 WL 2735382 (D. Nev. May 26, 2020) ........................................ 15
*United States v. Hernandez*
313 F.3d (9th Cir. 2002) ........................................ 15
*United States v. Sullivan*
797 F.3d (9th Cir. 2015) ........................................ 15
*United States v. Wilkins*,
__ F.Supp.3d __, 2021 (D.D.C. May 11, 2021) ........................................ 16
*Van Ort. v. Estate of Stanewich*
92 F.3d 831, 837 ........................................ 7
*Weitzel v. Cty. of L.A.*
2016 U.S. Dist. LEXIS 196630 (C.D. Cal. Apr. 26, 2016) ........................................ 24
*Welchen v. Cty. of Sacramento*
343 F.Supp.3d (E.D. Cal. Oct. 24, 2018) ........................................ 12

**Statutes**

42 U.S.C. § 1983 ........................................ 5, 12
Cal. Gov. Code § 815.2 ........................................ 14
California Civil Code § 52.1 ........................................ 22, 23, 24
Government Code § 815.2(b) ........................................ 23
Government Code § 820.8 ........................................ 23
Government Code § 821.6 ........................................ 2, 23
Penal Code § 407 ........................................ 3, 11, 17
Penal Code § 409 ........................................ 3, 17
Vehicle Code § 23103(A) ........................................ 17

**Rules**

Fed. R. Civ. P. 56(a). ....................................................................................... 5

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

While this action involves four Plaintiffs and arises from two separate protests, Defendants' grounds for summary judgment are straight-forward and clearly justified. Plaintiffs' 42 U.S.C. § 1983claims consist almost entirely of *Monell* section 1983 claims, the elements of which Plaintiffs cannot satisfy as a matter of law. More specifically, Plaintiffs Christina Astorga and Hugo Padilla's claims arise from the September 8, 2020 protest in South Los Angeles, and Plaintiffs Ryan and Kiyoko Dodsons' claims arise from the September 25, 2020 protest in West Hollywood. Plaintiffs allege that the seizure and retention of their personal property in conjunction with their arrests violated the Fourth Amendment.[1] Plaintiffs Astorga, Padilla and Ryan Dodson further allege that their arrests were unlawful and that they were subject to excessive force.

The three Defendants are the County of Los Angeles and LASD — referred to by Plaintiffs as the "Entity Defendants" — and Sheriff Villanueva. There are no individual deputy defendants in this case. Therefore, Plaintiffs' § 1983 damages claims (Counts Two through Five) against the Entity Defendants are necessarily brought pursuant to *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). As discussed below, not only are Plaintiffs' sparse *Monell* allegations insufficient in and of themselves, their claims are barred by the absence of the required proof that the alleged constitutional violations were proximately caused by an existing policy or custom and the undisputed fact that their property has been returned and otherwise designated for release.

Plaintiffs' § 1983 claims fail for additional reasons, including the fact Plaintiffs' property was never subject to an unlawful taking within the meaning of the Fifth Amendment, and Plaintiffs' constitutional rights were not violated.

---

[1] Plaintiff Kiyoko Dodson was not arrested and does not allege that she was subject to any unlawful arrest or excessive use of force.

Moreover, Plaintiffs' § 1983 claims against Defendant Sheriff Villanueva fail due to his lack of any personal participation and his entitlement to qualified immunity.[2] Finally, Plaintiffs' state law claim under Civil Code § 52.1 is subject to the immunity under Government Code § 821.6, and is also barred due to the absence of any underlying violation, the absence of any evidence that any LASD personnel engaged in any actions with the specific intent to violate their rights.

## II. STATEMENT OF FACTS.

The LASD had in place numerous policies with respect to arrests, the use of reasonable force, the seizure and retention of property and the seeking of search warrants (SUMF[3] Nos. 178-199) — policies which necessarily refute Plaintiffs' *Monell* claims, since Plaintiffs have neither sufficiently alleged and nor can they prove that the alleged constitutional violations were proximately caused by any LASD policy or custom.

Plaintiffs Astorga, Padilla and Ryan Dodson were given back various items of personal property when they were released from LASD custody. (SUMF Nos. 112-113A.) Items which were not released to them at that time were retained due to an ongoing criminal investigation. (SUMF No. 114.) LASD Detectives sought and obtained three search warrants from two Superior Court Judges for the subject property on September 9, 2020 and October 13, 2020. (SUMF Nos. 126-132, 135, 137-145, and 173-177.) Subsequently, Plaintiffs had various items of personal property (including their smartphones and the Dodsons' truck and Padilla's bicycle) returned to them. (SUMF Nos. 116-123.) And **by July 1, 2021, any property that had not yet been released to Plaintiffs was <u>designated for immediate release</u>**. (SUMF No. 125.)

---

[2] On February 9, 2022, the Court dismissed Plaintiffs' official capacity claims against Sheriff Villanueva with prejudice. (ECF 205 at p. 3:3-22.)

[3] Defendants' concurrently filed Separate Statement of Undisputed Material Facts will be referred to as "SUMF".

Plaintiffs Astorga, Padilla and Dodson were arrested for having failed to comply with the dispersal orders given pursuant to unlawful assembly announcements made pursuant to Penal Code §§ 407 and 409; Plaintiff Dodson was also charged with reckless driving. (SUMF No. 90.) Plaintiff Dodson's allegation of excessive force is limited to being pushed up against his truck during the course of his arrest. (SUMF No. 94.) Plaintiffs Astorga and Padilla's allegations of excessive force relate to alleged uses of force which occurred after their failures to comply with the dispersal orders. (SUMF Nos. 27-30, 40-41, and 49-50.)

## III. **PLAINTIFFS' REMAINING CLAIMS.**[4]

**Count One:** claim for § 1983 injunctive relief under the Fourth and Fourteenth Amendments, on the ground that "ongoing seizures of items of personal property … without warrants or any review, judicial or otherwise, violates the Fourth Amendment … and the Fourteenth Amendment …." (Second Amended Complaint [ECF 105; "SAC"], ¶ 83.)[5]

**Count Two:** claim for § 1983 damages, on the ground that the "initial and **continuing** seizures of Plaintiffs' items of personal property **without a warrant or judicial review of any kind**, has and is depriving Plaintiffs of property in violation of the Fourth and Fourteenth Amendments." (SAC, ¶ 86; emphasis added.) Plaintiffs further allege that these acts "were the product of a policy or custom of the Entity defendants, and personally approved by defendant Villanueva …." (SAC, ¶ 87.)

---

[4] On February 9, 2022, the Court dismissed with prejudice "Plaintiffs' request for monetary damages under the sixth cause of action". (ECF 205 at p. 7:8-9.)

[5] On January 1, 2021, this Court denied Plaintiffs' motion for preliminary injunction (ECF 56), and this claim is also barred by the undisputed fact that warrants were obtained and there are no "ongoing" seizures of any personal property, thereby rendering moot Plaintiffs' injunctive relief claim.

**Count Three:** claim for § 1983 damages alleged against only the Entity defendants, on the ground that Plaintiffs' items of personal property were not returned to them for the purpose of punishing them for their presence at the September 8 and 25, 2020 protests, resulting in *de facto* forfeitures of their property. The "seizures without any judicial review constituted a 'Taking' within the meaning of the Takings Clause of the Fifth Amendment", and Plaintiffs are entitled to recovery of the "reasonable value" of the seized property. (SAC, ¶¶ 89-91.)

**Count Four:** claim for § 1983 damages by Plaintiffs Astorga, Padilla and RD, on the ground that their seizures by known LASD deputies violated the Fourth Amendment because they were subjected to excessive force and their arrests without probable, and that these acts "were the product of a policy or custom of the Entity defendants and personally approved by defendant Villanueva". (SAC, ¶¶ 93-94.)

**Count Five:** claim for § 1983 damages, on the ground that Plaintiffs' rights to freedom of speech, assembly and association under the First Amendment were violated, and that these acts "were the product of a policy or custom of the Entity defendants and personally approved by defendant Villanueva". (SAC, ¶¶ 96-97.)

**Count Seven:** claim under Civil Code § 52.1 (Bane Act) on the ground that Plaintiffs are entitled to damages "for the wrongful seizure of themselves and their personal property" and to declaratory and injunctive relief "for the wrongful seizures and continued withholding of their property."[6]

---

[6] The Court dismissed with prejudice Plaintiffs' claim for monetary damages (Count Six) for alleged violations of California Constitution, Article I, §§ 2, 3, 7 and 13. (ECF 205 at p 7:8-9; *see* SAC, ¶¶ 99-100.) Count Seven also seeks declaratory and injunctive relief for "class members"; however, the Court denied Plaintiffs' amended motion for class certification with prejudice on October 10, 2021. (ECF 179.)

## IV. STANDARD OF REVIEW.

Summary judgment is appropriate where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party discharges its initial burden by showing "that there is an absence of evidence to support the nonmoving party's case." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Thereafter, the burden shifts to the nonmoving party to designate specific facts showing there is a genuine issue for trial on claims for which the opposing party will bear the burden of proof. *Id.* at 324. Therefore, the nonmoving party must provide facts that provide sufficient evidence "for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "'Mere disagreement or the bald assertion that a genuine issue of material fact exists' does not preclude summary judgment." *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989). Partial summary judgment may be granted on individual issues as to which there remains no genuine issue of material fact. Fed. R. Civ. P. 56(a).

## V. BECAUSE PLAINTIFFS CANNOT MEET THEIR BURDEN OF PROVING THAT THE ALLEGED CONSTITUTIONAL VIOLATIONS WERE PROXIMATELY CAUSED BY ANY LASD POLICY OR CUSTOM, PLAINTIFFS' INSUFFICIENTLY PLED SECTION 1983 *MONELL* CLAIMS FAIL AS A MATTER OF LAW.

Municipalities and local government units may be liable under 42 U.S.C. § 1983 but only if the action violating a constitutional right was carried out pursuant to an official policy or a long-standing custom. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978). The subject policy must have "amount[ed] to deliberate indifference to the plaintiff's constitutional right." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). The plaintiff must also prove "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation". *City of Canton v. Harris*, 489 U.S. 378, 385 (1989);

*Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) ("a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights"); *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992) (custom-based *Monell* claim requires any such "custom" to be "so permanent and well settled as to constitute a 'custom or usage' with the force of law") (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)); *see also Patel v. City of Long Beach*, 2019 U.S. Dist. LEXIS 167638, at *13 (C.D. Cal. May 14, 2019) ("Without evidence showing consistent violations, summary judgment is proper.").[7]

The Supreme Court has also made clear that these exacting causation requirements impose a very high burden of proof upon plaintiffs. *See Connick v. Thompson*, 563 U.S. 51, 70 (2011) ("proving that a municipality itself actually caused a constitutional violation by failing to train the offending employee presents 'difficult problems of proof,' and we must adhere to a 'stringent standard of fault,' ***lest municipal liability under § 1983 collapse into respondeat superior***") (quoting *Bd. of Cty. Comm'rs of Bryan Cty.*, 520 U.S. at 406) (emphasis added).

Accordingly, controlling Ninth Circuit law requires proof of deliberately indifferent policies, practices or customs, as well as proof of both but-for and proximate causation. *Tsao v. Desert Place, Inc.*, 698 F.3d 1128, 1146 (9th Cir.

---

[7] In *Patel*, this Court explained further: "'Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident **includes proof that it was caused by an existing, unconstitutional [local government] policy**, which policy can be attributed to a [local government] policymaker.'" *Meehan v. County of Los Angeles*, 856 F.2d 102 (9th Cir. 1988). *Patel*, 2019 U.S. Dist. LEXIS at *13 (emphasis added).

2012) ("a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which ***requires showing both but-for and proximate causation***") (emphasis added); *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013), *cert. denied*, 571 U.S. 1199 ("plaintiff seeking to establish municipal liability must demonstrate, moreover, that the government had a ***deliberate policy, custom, or practice that was the moving force behind the constitutional violation*** he suffered") (emphasis added); *Van Ort. v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996) ("Pointing to a municipal policy action or inaction as a 'but-for' cause is not enough to prove a causal connection under *Monell*. Rather, the policy must be the proximate cause of the section 1983 injury."); *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (plaintiff must prove that a constitutional right was violated; that the entity had a policy which amounted to ***deliberate indifference to the constitutional right***; and that the policy was the moving force behind the violation) (citing *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)).

Plaintiffs' *Monell*-related allegations in their SAC are sparse, repetitive and boiler-plate:

- In paragraph 6, Plaintiffs allege that Defendant COLA "was responsible for the hiring, training, and supervising of the conduct of its employees", including LASD personnel;
- In paragraph 12, Plaintiffs allege, "Entity defendants were responsible for the employment, training, and supervision of the <u>actions</u>, <u>conduct</u>, <u>policies</u>, <u>practices</u>, and <u>customs</u> of the employees and agents of the LA County, including LASD and all of its deputies and members. At all times material herein, Entity defendants were responsible for assuring that the actions, conduct, policies, procedures, and customs of the LASD complied with the laws and the Constitutions of the State of California."

- In paragraphs 63, Plaintiffs allege that one or more policymakers ratified the unlawful arrests of Plaintiffs; in paragraph 64, Plaintiffs allege that one or more policymakers ratified the unlawful use of force against Plaintiffs; and in paragraph 65, Plaintiffs allege that one or more policymakers ratified the unlawful seizures and retentions of Plaintiffs' personal property.

Moreover, as to Count Two, Four and Five, Plaintiffs merely allege in circular fashion that the "acts alleged herein were the product of a custom, practice and/or policy of the Entity Defendants personally approved by defendant Villanueva, which custom, practice and/or policy caused the constitutional violations alleged herein." (SAC, ¶¶ 87, 94, 97.)[8] These superficial allegations constitute the full extent of Plaintiffs' articulation of their *Monell* theory of liability, falling far below the well-established threshold for the proper allegation (let alone proof) of such a claim against the Entity Defendants.[9]

Indeed, Plaintiffs have not alleged with any specificity any particular policy, practice or custom as having been the moving force for the alleged constitutional violations. Instead, Plaintiffs' tautological assertion is that the entity Defendants are liable because (1) they employed, trained, and supervised the "actions", "conduct", policies, practices and customs of LASD personnel; and (2) they were responsible for ensuring that "actions, conduct, policies, procedures, and customs" of the LASD were constitutional. (SAC, ¶ 12.) Thus,

---

[8] Plaintiffs make this same allegation with respect to Count One — a claim for injunctive relief.

[9] As to Count Three (Fifth Amendment takings claim), Plaintiffs do not even make this bare "*Monell*" allegation, simply alleging that the property seizures constituted a "taking" for which no review process was provided. (SAC, ¶¶ 89, 90.)

Plaintiffs' theory amounts to nothing more than that the entity Defendants are responsible under § 1983 because they employ the personnel whose actions were allegedly unconstitutional — *respondeat superior* liability, however, this is barred under section 1983. The insertion of buzz words like training, supervision, policies and customs does not satisfy Plaintiffs' burden of articulating a discrete and cognizable theory of relief under *Monell*.

### A. **On Their Face, Plaintiffs' *Monell* Claims Fail Because They Are Based On Insufficient And Conclusory Allegations.**

As discussed above, Plaintiffs' boilerplate *Monell* allegations do not state an actionable *Monell* claim, with respect to any of the alleged constitutional violations. Courts have consistently held that such bare allegations do not state a cognizable basis for *Monell* liability. *See, e.g. Salas v. City of Garden Grove*, 2021 U.S. Dist. LEXIS 154731, at * 4-9 (C.D. Cal. June 1, 2021) (dismissing the plaintiffs' *Monell* causes of action due to their reliance on conclusory allegations with respect to policies, customs, ratification and training); *Galban v. City of Fontana*, 2020 U.S. Dist. LEXIS 250240, at *6-9 (C.D. Cal. Aug. 6, 2020) (*Monell* claim dismissed because the plaintiffs did not allege "any facts that plausibly show that any of these municipal policies exist" and a single incident did not "plausibly show that the City maintains any of the policies, practices, or customs identified above"); *Rickley v. County of Los Angeles*, 2018 U.S. Dist. LEXIS 245369, at *25-26 (C.D. Cal. Feb. 1, 2018) (dismissing *Monell* claim where the plaintiff used boilerplate language regarding the unconstitutional conduct having been pursuant to policy and/or custom and that policymakers had ratified the actions); *Sharp v. City of El Monte*, 2016 U.S. Dist. LEXIS 199368, at *11 (C.D. Cal. June 21, 2016) (dismissing *Monell* claim because the plaintiff did not "identify any policy, custom, or practice on the part of either El Monte or the County that caused his alleged violations"); *see also Deleon v. City of Vista*, 2019 U.S. Dist. LEXIS 32396, at *11 (S.D. Cal. Feb. 27, 2019) (citation of a few

incidents of alleged excessive force "do not reasonably establish either a custom, practice, or policy; and are insufficient to establish a claim for liability under *Monell*").

In *Galban*, this Court explained further that the plaintiffs' *Monell* claim failed because it "consists of a 'mere formulaic recitation[] of the existence of unlawful policies, conducts or habits'…." *Galban*, 2020 U.S. Dist. LEXIS 250240, at *9 (citing *Fitzgerald v. City of Anaheim*, 2017 WL 10574459, at *7 (C.D. Cal. June 13, 2017) (quoting *Anakin v. Contra Costa Reg'l Med. Ctr.*, 2016 WL 1059428, at *3 (N.D. Cal. Mar. 17, 2016)); *see also Franco v. City of San Diego*, 2019 U.S. Dist. LEXIS 200649, at *12-13 (S.D. Cal. Nov. 18, 2019) (dismissing plaintiff's *Monell* claim which alleged that the city had a "custom, policy, or practice … of using excessive force, falsely arresting, and imprisoning citizens who object to unlawful profiling harassment, and discriminatory actions by San Diego Police Officer", because "[a]lthough Plaintiff does identify various challenged policies, he again fails to plead specific facts supporting those alleged policies, how they caused Plaintiff harm, and how the policies amounted to deliberate indifference"); *Thompson v. Cty. of Riverside*, 2020 U.S. Dist. LEXIS 247367, at *45-46 (C.D. Cal. Sep. 28, 2020) (*Monell* claims against the Riverside County Sheriff's Department and County of Los Angeles dismissed on summary judgment due to the plaintiff's insufficient allegations and absence of any probative evidence).

And in *Herd v. Cty. of San Bernardino*, 311 F. Supp.3d 1157, 1168 (C.D. Cal. 2018), this Court held that the plaintiffs had failed to allege "any facts showing that any of these claimed policies or customs actually exist" and "even assuming Plaintiffs properly alleged customs and policies, Plaintiffs do not explain how the alleged policies are deficient or reflect on how the custom or policy amounted to deliberate indifference" and "[m]erely alleging that 'Defendants acted with deliberate indifference; is conclusory and does not show

that the alleged deficiencies were 'obvious and the constitutional injury was likely to occur.'" *Id.* at 1168 (citing *Johnson v. Baca*, No. CV 13-04496 MMM (AJWx), 2013 U.S. Dist. LEXIS 202636, 2013 WL 12131358, at *13 (C.D. Cal. Sept. 24, 2013) (dismissing *Monell* claim where the complaint failed "to allege any facts showing the existence of this custom or practice" and did not "allege the substance of the County defendants' current policy or explain why it is inadequate").

Plaintiffs' reference to a post-incident ratification theory is also facially deficient. A *Monell* claim based on a ratification theory has several discrete elements. Not only must a policymaker "have knowledge of the constitutional violation and actually approve of it — a failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 claim." *Dominguez v. City of San Jose*, 2022 U.S. Dist. LEXIS 88145, at *26 (N.D. Cal. May 16, 2022) (citing *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004)). The authorized policymaker must make a "***conscious, affirmative choice***" to endorse the subordinate's challenged actions. *Dominguez*, 2022 U.S. Dist. LEXIS, at * 26 (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992) (emphasis added)). Furthermore, to prove that after-the-fact ratification was the required "moving force" behind the alleged constitutional violation, a plaintiff must prove both causation in fact and proximate causation. *Dougherty*, 654 F.3d at 900-901.

Plaintiffs' *Monell* allegations in the SAC are just as formulaic and deficient as in the cases above, if not more so. Accordingly, they do not state actionable § 1983 claims as a matter of law, and these claims should be dismissed on this ground alone.[10]

---

[10] Plaintiffs' *Monell* claims — which are based on law enforcement functions such as seizures of property incident to arrest and related search warrants — are also barred because the Sheriff acts on behalf of the State in carrying out law enforcement functions governed by state law. *Welchen v. Cty. of Sacramento*,

**B. <u>Plaintiffs' *Monell* Claims—Even If Properly Pled—Fail As A Matter Of Law Because The LASD Has Established Policies Ensuring The Protection Of The Constitutional Rights Which Plaintiffs Allege Were Violated.</u>**

Even *assuming arguendo* that Plaintiffs have sufficiently alleged a cause of action under *Monell* — which they have not — Plaintiffs' *Monell* claims fail as a matter of law because at the time of the incident, the LASD maintained numerous policies that directly undermine Plaintiffs' claims.

To establish liability under 42 U.S.C. § 1983, a plaintiff must prove that (1) a public employee committed the alleged constitutional violation pursuant to an official policy or longtime practice or custom that has become the public entity's standard procedure; or (2) an official with final policy-making authority carried out the subject action thereby making it an official government act; or (3) a subordinate's action was ratified by an official with final policy-making authority. *Avalaos v. Baca*, 596 F.3d 583, 587-88 (9th Cir. 2010); *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008).

A public entity cannot be held liable "*solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. Moreover, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *see Gant v. County of Los Angeles,* 772 F.3d 608, 618 (9th Cir. 2014) (plaintiff did not meet his burden of showing that his arrest was "more than a single, 'isolated or sporadic' incident and

---

343 F.Supp.3d 924, 934 (E.D. Cal. Oct. 24, 2018) ("district courts within this circuit have determined that California Sheriffs act as representatives of the state, and not a county, when enforcing state laws").

therefore affirming dismissal of *Monell* claim); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995) ("Proof of random acts or isolated events is insufficient to establish custom").

Here, Plaintiffs have not brought suit against LASD personnel personally involved in the subject arrests, seizures of personal property, or alleged uses of unreasonable force. Plaintiffs, therefore, must prove that the alleged constitutional violations were **proximately caused** by an existing LASD policy or longstanding practice or custom. For example, in *Lowry v. City of San Diego*, 858 F.3d 1248 (9th Cir. 2017), the § 1983 plaintiff did not sue any individual police officers, only bringing a *Monell* cause of action against the city. The Ninth Circuit explained that the plaintiff had to not only establish that the use of the police dog was unconstitutional but that the "City's policy caused the constitutional wrong." *Id.* at 1255 (citing *Chew v. Gates*, 27 F.3d 1432, 1439 (9th Cir. 1994)); *Mackovski v. City of Garden Grove*, 666 Fed.Appx. 649, 653-54 (9th Cir. 2016) (affirming dismissal of *Monell* claim on summary judgment where plaintiffs failed to prove that a departmental practice or custom caused the alleged Fourth Amendment violations); *see also Dougherty*, 654 F.3d at 900 ("Mere negligence in training or supervision … does not give rise to a *Monell* claim.") (citing *Davis v. City of Ellensburg*, 869 F.2d 1230, 1235 (9th Cir. 1989)).

Here, because Plaintiffs cannot meet their burden of proof, their *Monell* causes of action fail as a matter of law and cannot survive summary judgment.

### C. In September 2020, LASD Had Numerous Policies With Respect To The Law Enforcement-Related Activities At Issue Here.

In September 2020, Plaintiffs cannot dispute that LASD had numerous policies with respect to the law enforcement-related activities at issue here. (SUMF No. 177-198.) The existence of these policies cannot be reconciled with Plaintiffs' burden of having to prove that their rights were proximately caused by LASD policies, as they allege in the SAC. Plaintiffs' failure to make this

showing bars their *Monell* claims as a matter of law. *See e.g. Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) (no *Monell* liability without an underlying constitutional violation). Not only do these many LASD policies directly refute Plaintiffs' grounds for *Monell* liability, Plaintiffs also cannot make the required showing that the alleged constitutional violations were proximately caused by any policy, practice or custom.

### D. Plaintiffs' *Monell* Claims Also Fail Because Their Constitutional Rights Were Not Violated.

Plaintiffs' *Monell* claims fail due to the absence of any unconstitutional conduct. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("[N]either *Monell* . . . nor any of our other cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact . . . the officer inflicted no constitutional harm."); *see also* Cal. Gov. Code § 815.2 ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would . . . have given rise to a cause of action against that employee.").

#### 1. Warrants Were Obtained With Respect To Plaintiffs' Property, Thereby Barring Any Fourth Amendment Claim Based On The False Assertion That They Were Not.

It is undisputed that search warrants were sought and obtained, from two Superior Court Judges. (SUMF Nos. 128, 140, and176.) This undisputed fact completely eviscerates Plaintiffs' primary and false allegation that no warrant was ever obtained. This indisputable fact necessarily bars Plaintiffs' claim that their Fourth Amendment rights were violated because property was seized "without a warrant or judicial review" (SAC, ¶ 86).

To the extent that Plaintiffs' claim is based on the theory that one warrant was obtained too many days after the September 25, 2020, their theory cannot be

reconciled with the controlling law and material facts.[11] LASD Detective Gentner was involved in the obtaining of the October 13, 2020 search warrant, and he has explained that the legitimate reasons for this purported "delay". (SUMF Nos. 137, 143, and146-172.)

Detective Gentner's explanation must be examined against the applicable case law which makes clear that "delays" such as this do not violate the Fourth Amendment. *See Lacy v. City of San Francisco*, 2020 WL 5893407, at *5 (N.D. Cal. Oct. 5, 2020 ("There is no bright line rule regarding what constitutes an unreasonable delay in obtaining a warrant.") (citing *United States v. Gabelman*, 2020 WL 2739616, at *5 (D. Nev. May 5, 2020, *report and recommendation adopted*, 2020 WL 2735382 (D. Nev. May 26, 2020)); *United States v. Sullivan*, 797 F.3d 623, 633 (9th Cir. 2015 ("An unreasonable delay between the seizure of a package and obtaining a search warrant may violate the defendant's Fourth Amendment rights. ***The touchstone is reasonableness***.") (emphasis added). The Ninth Circuit has also explained, "Even if the government could have moved faster to obtain a search warrant, the government is not required to pursue 'the least intrusive course of action.'" *Sullivan*, 797 F.3d at 634 (quoting *United States v. Hernandez*, 313 F.3d 1206, 1213 (9th Cir. 2002)).

A significantly longer delay than about which Plaintiffs complain was recently found to be reasonable in *United States v. Blanchard*, __ F.Supp.3d __, 2021 WL 2458200 (D. Mass. June 16, 2021), where a criminal defendant moved to suppress evidence obtained from the search of her cell phone, arguing that the search warrant application was made almost four months after the seizure of the

---

[11] In denying Plaintiffs' motion for partial summary judgment as to this issue, this Court explained that a genuine issue of material fact existed "as to whether the sixteen-day seizure of the Dodsons' property was reasonable based on the totality of the circumstances …." (ECF 211 at p. 10:6-8.) This Court also noted that "a finding of probable cause was made in conjunction with the issuance of the [October 13, 2020] warrant." (*Id.* at p. 10:12-13.)

phone. The court ruled that the delay was not unreasonable even though law enforcement held the phone "for a time period longer than was necessary to secure a warrant", in part because the newly minted detective was "getting up to speed while working on a large caseload". *Id.* at *4. While the court noted that the defendant had not asked for the return of the phone, the court took into account the totality of the circumstances in ruling that the four-month delay was not unreasonable. *See also United States v. Wilkins*, __ F.Supp.3d __, 2021 WL 1894990, at *26 (D.D.C. May 11, 2021) (based on balancing of the factors, 15-month delay violated the Fourth Amendment due to "the Government's utter lack of justification for both the initial seizure and its lack of diligence in obtaining a warrant").

Thus, the undisputed fact that warrants were sought and obtained under these particular circumstances necessarily bars Plaintiffs' claim that no warrants were ever obtained or that a warrant was not obtained quickly enough.

**2. Any And All Property In LASD Custody Has Either Been Returned To Plaintiffs Or Been Designated For Release.**

Plaintiffs admit that many items of property about which they complain have been returned to them, such as their smartphones and Plaintiff Dodson's truck (SUMF Nos. 112-133A and 116-123); Plaintiffs also cannot dispute that any other property in LASD custody was designated for release to Plaintiffs prior to July 1, 2021. (SUMF Nos. 125.) These undisputed facts cannot be reconciled with their allegation that their property has been subject to a "continuing" seizure. (SAC, ¶ 86.) This allegation is simply false, and any Fourth Amendment claim based on the assertion regarding a "continuing" seizure cannot survive summary judgment.[12]

---

[12] For these same reasons, Plaintiffs' injunctive relief claim based on the purported ongoing seizures and lack of warrants is not actionable as a matter of

**3. <u>The Arrests Of Plaintiffs Astorga, Padilla And Ryan Dodson Were Based On Probable Cause.</u>**

Plaintiffs Astorga and Padilla were arrested on September 8, 2020, after repeated unlawful assembly and dispersal orders were announced, in response to which they did not disperse. (SUMF Nos. 8, 11, 25-28, 39-49, 62-63, 65-66, and 71-72.) *See People v. Anderson*, 117 Cal. App. Supp. 763, 769 (1931) (Penal Code § 409 violation committed by individuals who remain at place of assembly, after proper warning).

Plaintiff Dodson was arrested for violations of Penal Code § 407 and Vehicle Code § 23103(A). Based on his own testimony, his arrest was unquestionably based on probable cause since he admitted to multiple vehicle code violations prior to his arrest. (SUMF Nos. 76, 78-82.) There was also probable cause for his arrest for violation Penal Code § 407 because unlawful assembly and dispersal orders had been announced prior to his arrest. (SUMF Nos. 8, 11, 25-28, 39-49, 62-63, 65-66, and 71-72.)

Thus, Plaintiffs' unlawful arrest-based Fourth Amendment claim fails on this additional ground.

**4. <u>Plaintiffs Have Not Pled And Cannot Prove An Actionable First Amendment Claim.</u>**

To prove their First Amendment claim, Plaintiffs must establish that Defendants' actions deterred or chilled their political speech and that such deterrence was a substantial or motivating factor in the challenged conduct. *Mendocino Envtl. Ctr. V. Mendocino Cnty*, 192 F.3d 1283, 1300 (9th Cir. 1999). First Amendment claims arising from other protest cases have been rejected due to the plaintiffs' failure to meet this burden.

---

law. *Knox v. Service Employees*, 567 U.S. 298, 307 (2012) (with no live controversy, case becomes moot).

For example, in *Jurkowski v. City of Seattle*, 2017 U.S. Dist. LEXIS 166292 (W.D. Wash. Oct. 5, 2017), the Court granted summary judgment because the plaintiffs had offered no evidence that the "deployment of blast balls was motivated by an improper animus", instead relying on circumstantial evidence which did not demonstrate "the type of viewpoint-based discrimination or interference with peaceful expressive activity on which a First Amendment claim might be built". *Id.* at *33, 37.

In *Puente v. City of Phoenix*, 2022 U.S. Dist. LEXIS 21489 (D. Ariz. Feb. 7, 2022), the Court granted summary judgment against the plaintiffs' First Amendment claims because evidence regarding the number of protesters struck by pepper balls and evidence that a grenadier celebrated after hitting a plaintiff protester who was then struck again as she was helped away, related to the their Fourth Amendment claim, and "they do not show that chilling Plaintiffs' First Amendment rights was a substantial motivating factor for the officers' actions, ***let alone that the officers' intent to chill was a but-for cause of their actions***." *Id.* at *39 (emphasis added).

Here, Plaintiffs' First Amendment claim fails as well: first, they have alleged separate force-related Fourth Amendment claims arising from the same incident; second, Plaintiffs do not allege that the chilling of their First Amendment rights was the but-for cause for the alleged misconduct (SAC, ¶ 96); and Plaintiffs admit that they have engaged in similar speech activities since the subject incidents. (SUMF Nos. 35-36, 92-93, 99-100, and 104-105.)

**4. <u>Plaintiffs' Excessive Force Claims Have No Merit.</u>**

Plaintiff Dodson's testimony makes clear that his excessive force claim is not actionable. The only "force" about which he complains is that he was pushed up against his truck during the course of his arrest. (SUMF Nos. 85 and 94.) Such de minimis use of force in the course of effectuating an arrest does not violate the Fourth Amendment. *See e.g. Jackson v. City of Bremerton*, 268 F.3d

646, 652 (9th Cir. 2001) (no constitutional violation where officer pushed the plaintiff to the ground to handcuff her and fractured her finger); *Fidge v. Lake Cty. Sheriff's Dep't*, 2015 U.S. Dist. LEXIS 82797, 2015 WL 3919819, at *9 (N.D. Cal. June 25, 2015) ("Neither tackling nor punching a suspect to make an arrest necessarily constitutes excessive force."); *Parker v. City of L.A.*, No. 2016 U.S. Dist. LEXIS 189030, at *19-20 (C.D. Cal. June 22, 2016) ("little shove" of detainee in effectuating order for him to sit on a curb is not objectively unreasonable).

The excessive force claim by Plaintiffs Astorga and Padilla also fail because they both failed to comply with repeated unlawful assembly and dispersal orders before less lethal munitions were deployed. (SUMF Nos. 8, 11, 25-28, and 39-49.) In fact, Plaintiff Padilla admitted that not only did he knowingly violate these repeated orders, he was riding his bicycle toward protesters' activities when he was allegedly struck by what he believes to be a projectile. (SUMF Nos. 44-50.) Thus, based on Plaintiffs' own testimony, their excessive force claims fail and should be dismissed. *See Puente*, 2022 U.S. Dist. LEXIS 21489, at *13-28 (dismissing protester plaintiffs' excessive force claim, based on use of less lethal munitions, for lack of any constitutional violation).

## VI. PLAINTIFFS' FIFTH AMENDMENT TAKINGS CLAIM FAILS AS A MATTER OF LAW.

Plaintiffs allege a § 1983 Fifth Amendment "takings" claim directly against the Entity Defendants, without any *Monell*-based allegation, on the assertion that their property was seized "for a public purpose of punishing [them] for their mere presence" at the protest. (SAC, ¶ 89.) Plaintiffs further allege that they have not been compensated for this "taking" which "effected a *de facto* forfeiture". (*Id.*)

This claim fails as a matter of law because the Takings Clause is "implicated only when the taking in question is for a public use." *Scott v. Jackson County*, 297 Fed.Appx. 623, 625-26 (9th Cir. 2008) (affirming summary

judgment as to the plaintiff's Fifth Amendment claim and explaining that "claims of improper criminal forfeiture cannot be considered under the Fifth Amendment"); *Cooley v. City of Los Angeles*, 2019 U.S. Dist. LEXIS 73735, at *13-14 (C.D. Cal. May 1, 2019) (dismissing takings clause claim based on city's seizure and destruction of property since the takings clause is not triggered when property is seized "'under the exercise of governmental authority *other than the power of eminent domain*'") (quoting *Bennis v. Michigan*, 516 U.S. 442, 452-53 (1996) (original emphasis)). Thus, Plaintiffs have not alleged any facts upon which any Takings Clause can be properly alleged, let alone proved, thereby warranting the dismissal of this claim.[13]

## VII. DEFENDANT SHERIFF VILLANUEVA IS ENTITLED TO QUALIFIED IMMUNITY BECAUSE HE NEITHER VIOLATED PLAINTIFFS' CONSTITUTIONAL RIGHTS, NOR DID HE VIOLATE ANY CLEARLY ESTABLISHED LAW.

Preliminarily, Plaintiffs do not and cannot allege that Sheriff Villanueva was personally involved in any of the alleged misconduct. (*See* SUMF Nos. 37-38, 95, and 107-108.) On this basis alone, Plaintiffs' claims against Sheriff Villanueva should be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Colwell v. Bannister*, 763 F.3d 1060, 1063 (9th Cir. 2014) (in order to establish liability under "§ 1983 there must be a showing of personal participation in the alleged

---

[13] This claim also cannot be reconciled with the undisputed fact that property which was not initially returned was held in connection to an ongoing criminal investigation (SUMF Nos. 18, 22-23, 73, 114, 127, 133, and 173), valid judicial warrants were obtained (SUMF Nos. 126-128, 140, 173-174, and 177) and by July 1, 2021, Plaintiffs' property was either returned or had been designated for immediate release (SUMF No. 125).

rights deprivation."); *Galban v. City of Fontana*, 2020 U.S. Dist. LEXIS 250240, at *10 (C.D. Cal. Aug. 6, 2020) (this Court dismissed § 1983 claims against police chief in the absence of any factual allegations that the police chief "participated in the execution" of the search warrant); *Estate of Jackson v. City of Modesto*, 2021 U.S. Dist. LEXIS 199638, at *1 (E.D. Cal. Oct. 14, 2021) (supervisor may be liable under § 1983 only "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.").

Additionally, Sheriff Villanueva is entitled to qualified immunity which is "an *immunity from suit* rather than a mere defense to liability." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (emphasis in original). The examining court must determine whether the defendant violated a constitutional right and whether that right was clearly established at the time. *See, e.g., District of Columbia v. Wesby*, __U.S. __, 138 S.Ct. 577, 589-90 (2018) (citation omitted). In evaluating whether the right was clearly established, the right's contours "must be so well defined that it is 'clear to a reasonable official that his conduct was unlawful in the situation he confronted.'" *Id.* at 590 (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)). Thus, qualified immunity protects "'all but the plainly incompetent or those who knowingly violate the law.'" *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam) (quoting *Malley v. Briggs*, 475 U.S. 335, 343 (1986)).

Furthermore, the plaintiff has the burden to establish that the right allegedly violated was clearly established at the time of the alleged misconduct. *Hamby v. Hammond*, 821 F.3d 1085, 1091 (9th Cir. 2016). This inquiry must be undertaken in light of the specific context of the case. *Rico v. Ducart*, 980 F.3d 1292, 1298 (9th Cir. 2020) ("[a court] must consider whether the violative nature of the defendants' *particular* conduct is clearly established … in light of the *specific context* of the case") (internal quotations and alterations omitted) (emphasis in

original); *City of Escondido v. Emmons*, 139 S.Ct. 500, 504 (2019) (per curiam) (" existing precedent must place the lawfulness of the particular [action] ***beyond debate***.") (emphasis added); *O'Doan v. Sanford*, 991 F.3d 1027, 1036 (9th Cir. 2021) ("Our task … is not to serve as a police oversight board or to second-guess officers' real-time decisions from the standpoint of perfect hindsight, but to ask whether the officers violated clearly established law.").

Here, Sheriff Villanueva is entitled to qualified immunity under both prongs of the requisite analysis. He could not have violated Plaintiffs' constitutional rights because he did not personally participate in any of the challenged actions, and moreover, he did not and could not have violated any clearly established law. Indeed, Plaintiffs allege in cursory and blanket fashion that Sheriff Villanueva "personally approved" the "acts" upon which their federal constitutional claims are based. However, there was no such approval of such acts (SUMF Nos. 37-38, 95, and 107-108), and Plaintiffs cannot come close to showing how Sheriff Villanueva, in connection to either subject protest, violated any clearly established law that would subject him to personal § 1983 liability.

## VIII. WITH NO EVIDENCE THAT THAT ANY LASD PERSONNEL HARBORED ANY SPECIFIC INTENT TO VIOLATE PLAINTIFFS' CONSTITUTIONAL RIGHTS, PLAINTIFFS' CIVIL CODE § 52.1 CLAIM CANNOT SURVIVE SUMMARY JUDGMENT.

Plaintiffs' Count Seven alleges that they are entitled to damages under California Civil Code § 52.1 "for the wrongful seizure of themselves and their personal property". (ECF 105, ¶ 102.) In order to prevail on this claim, Plaintiffs must allege and prove that the seizures of themselves and their property must have been carried out through threats, intimidation or coercion, and furthermore, that these alleged actions were carried out with the specific intent to violate Plaintiffs' rights. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018); *Cornell v. City and County of San Francisco*, 17

Cal.App.5th 766, 799-800 (2017)); *Salas v. City of Garden Grove, et al.*, 2021 WL 1573823, at *3 (C.D. Cal. Mar. 16, 2021) (Civil Code § 52.1 claim dismissed due to the plaintiff's conclusory allegations about the officers' misconduct and the absence of "any factual allegations relating to the officers' intent"); *see also Cty. Inmate Tel. Serv. Cases*, 48 Cal.App.5th 354, 371-72 (2020) (the element of coercion must be examined against the fact that § 52.1 was "enacted with hate crimes in mind").

First, Plaintiffs' § 52.1 claim cannot be based on the fact that some of their property was retained due to an ongoing criminal investigation and the ensuing warrants since any such claim is barred by Government Code § 821.6. *County of Los Angeles v. Superior Court*, 181 Cal.App.4th 218, 229-30 (2009) (§ 821.6 barred § 52.1 claim alleging that investigators obtained a search warrant, seized property, and failed to return property after no charges were filed); *see also* Government Code § 815.2(b) ("a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability").

Second, there is no evidence that the contested property seizures, the obtaining of multiple warrants and the release of Plaintiffs' property were carried out through any threats, intimidation or coercion, let alone with the specific intent to violate Plaintiffs' property-related rights. Similarly, there is no evidence Plaintiffs' arrests and any less-lethal force used during the two incidents satisfied the elements for § 52.1 liability. This claim can be dismissed on this additional ground.

Third, to the extent Plaintiffs' § 52.1 claim is alleged against Sheriff Villanueva, any such claim is barred by the absence of any allegation that Sheriff Villanueva played any part in Plaintiffs' arrest, the seizure and retention of their property, and the alleged use of force against Plaintiffs. Moreover, Government Code § 820.8 provides that "a public employee is not liable for any injury caused

by the act or omission of another person," except as otherwise provided by statute. Simply put, Plaintiffs do not and cannot allege that Sheriff Villanueva personally interfered with or attempted to interfere by threats, intimidation or coercion with Plaintiffs' rights. *See Jones v. Cty. of San Bernardino*, 2022 U.S. Dist. LEXIS 141961, at *14 (C.D. Cal. May 12, 2022) (dismissing § 52.1 claim alleged against the Sheriff "because no facts show that the Sheriff intentionally interfered, or attempted to interfere, with [the plaintiff]'s right of protection from bodily restraint, harm, or personal insult"); *Weitzel v. Cty. of L.A.*, 2016 U.S. Dist. LEXIS 196630, at *23-24 (C.D. Cal. Apr. 26, 2016) (notwithstanding allegation that Sheriff McDonnell was aware of " 'widespread beatings and use of excessive force in COUNTY jails'", not only did the plaintiff fail to sufficiently allege supervisory liability, the Court explained that "a threshold concern is that 'no case has actually applied supervisor liability to a Bane Act claim and this federal court is loathe to expand the reach of Bane Act liability") (quoting *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1119 n.19 (E.D. Cal. 2012)); *San Diego Branch of NAACP v. Cty. of San Diego*, 2018 U.S. Dist. LEXIS 44806, (S.D. Cal. Mar. 19, 2018) (dismissing the § 52.1 claim against the Sheriff because "supervisor liability does not apply to Bane Act claims.").

///
///
///

## IX. CONCLUSION.

For the foregoing reasons, Defendants respectfully submit that this motion should be granted and summary judgment be granted in their favor.

Dated: September 9, 2022 LAWRENCE BEACH ALLEN & CHOI, PC

By /s/ Jin. S. Choi
Jin S. Choi
Raymond W. Sakai
Hrach E. Agazaryan
Attorneys for Defendants
County of Los Angeles, Los Angeles County Sheriff's Department and Sheriff Alex Villanueva