**COLLEEN FLYNN**, CSB 234281
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 facsimile
E-mail: cflynnlaw@yahoo.com

**PEDRAM ESFANDIARY**, CSB 312569
**MONIQUE ALARCON**, CSB 311560
BAUM HEDLUND, ARISTEI, & GOLDMAN, P.C.
10940 Wilshire Blvd., 17th Floor
Los Angeles, CA 90024
(310) 207-3233 / (310) 820-7444 facsimile
Email: pesfandiary@baumhedlundlaw.com
Email: malarcon@baumhedlundlaw.com

**DONALD W. COOK**, CSB 116666
ATTORNEY AT LAW
3435 Wilshire Blvd., Ste. 2910
Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 facsimile
Email: manncooklaw@gmail.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA ASTORGA, an individual, on behalf of herself and as class representative; HUGO PADILLA, an individual, on behalf of himself and class representative; RYAN MICHAEL DODSON, an individual, and KIYOKO DODSON, an individual, on behalf of themselves and as class representatives,<br><br>       Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a municipal corporation; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; SHERIFF ALEX VILLANUEVA, an individual; and Does 1 through 10, all sued in their individual capacities,<br><br>       Defendants. | Case No. 2:20-cv-9805 AB (AGRx)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF COLLEEN FLYNN**<br><br>Date: Friday, 5/12/23<br>Time: 10:00 a.m.<br>Ctrm: 7B |

-1-

00155437.WPD

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on Friday, May 12, 2023, at 10:00 a.m., or as soon thereafter as the parties may be heard in Courtroom 7B of the above entitled Court, located at 350 West First Street, Los Angeles, California, Plaintiffs move the Court for evidentiary, issue, and monetary sanctions against Defendants, and each of them, as follows:

1) on the Plaintiff Dodsons' Summary Judgment Motion / Renewed Motion for Reconsideration (ECF 280) the Court should rule that Defendants' delay in obtaining warrants and further delay in returning to these Plaintiffs their property, was unreasonable as a matter of law and violated the Fourth Amendment;

2) Defendants' delay in obtaining the Dodson warrants and further delay in returning to these Plaintiffs their property, was in accordance with LASD police, practice and/or custom;

3) the refusal to return to Plaintiffs Astorga and Padilla their property for over eight months violated the Fourth Amendment;

4) the refusal to return to Plaintiffs Astorga and Padilla their property for over eight months was in accordance with LASD police, practice and/or custom; and,

5) awarding Plaintiffs monetary sanctions for having to bring the instant motion.

Plaintiffs bring this motion pursuant to F.R.Civ.P. 37(c)(1), 28 U.S.C. § 1927, and the Court's inherent power to award sanctions.

This motion will be based on Defendants' refusal to supplement discovery responses as required by F.R.Civ.P. 26(e)(1)(A); Defendants' refusal to update declarations they submitted in support of their motion for summary judgment / adjudication; as well as Defendants' failure to inform the Court that the LASD has officially closed any investigation into the protest events of September 8 and 25, 2020, thereby violating defense counsel's duty of candor to the tribunal (e.g., Cal. R. Prof.

Conduct 3.4).

This motion will be pursuant to Local Rule 7-18, and based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Colleen Flynn, the papers and pleadings on file on this action, and upon such other and further evidence and argument as the Court deems necessary or convenient.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 16, 2023 and March 15, 2023.

DATED: April 14, 2023

**COLLEEN FLYNN**
**PEDRAM ESFANDIARY**
**MONIQUE ALARCON**
**DONALD W. COOK**
Attorneys for Plaintiffs


By _____
           Colleen Flynn

## I. Overview and Relief Requested.

After Robert Luna was sworn in as the Sheriff of the County of Los Angeles (December 3, 2022) the LASD closed its investigations (if any there were) into the protest events of September 8 and 25, 2020. Though termination of the purported investigations has significant impact on the pending Rule 56 motions, Defendants are refusing to update their discovery responses as required by F.R.Civ.P. 26(e)(1)(a), update their declarations submitted in support of their motion for summary judgment / adjudication, and have even refused to advise the Court of this important turn of events.

Via assertion of a claimed "ongoing criminal investigation," Defendants have objected to almost all of Plaintiffs' discovery requests, stonewalled Plaintiffs' discovery efforts, and have been able to withhold from Plaintiffs the complete, unredacted warrants at issue as well as important testimony from Christopher Gintner and P.R, the authors of the warrants.  (Flynn Decl. ¶ 3(A)-(I); **Exhibit A** (Flynn & Choi email exchange) & **Exhibit B** (Flynn 3/10/23 ltr) to Flynn Decl).  Defendants nevertheless refuse to supplement discovery responses and disclosures, thereby obstructing Plaintiffs' due process right of access to evidence. *Greene v. McElroy*, 360 U.S. 474, 496 (1959); Cal. R. Prof. Conduct 3.4.

From this lawsuit's conception Plaintiffs have posited that the purported now multi-year felony "investigations" into participants in public protests arrested for low-level failure to disperse misdemeanors which were never filed on, were a sham.[1] These slow-roll investigations resulted in no felony or even misdemeanor filings, let alone a

---

[1] Defendants have produced no police report, declaration, deposition testimony, or other evidence of any felonious conduct by Christina Astorga, Hugo Padilla, Kiyoko Dodson, or Ryan Dodson on September 8 or 25, 2020. *See* Exhibits to Defendants' Motion for Summary Judgment / Adjudication: ECF 283-2 (Eduardo Hernandez Decl.); ECF 283-3 (10/13/20 Bellflower warrants); ECF 283-5 (9/9/20 Norwalk warrant); ECF 283-6 (Gentner Depo. Excerpts); ECF 283-7 (P.R., Depo. Excerpts); ECF 283-8 (9/8/20 Incident Report); ECF 283-9 (9/25/20 Incident Report); ECF 283-10 (Sgt. Report re 9/8/20); ECF 283-11 (P.R. Decl.); ECF 283-12 (Gentner Decl.)

conviction.

The new sheriff's termination of the "ongoing investigations" supports Plaintiffs' position that they were always baseless, orchestrated to thwart discovery in this case, retaliate against those protesting against police violence, and to justify invasive searches of protesters' phones.

Because Defendants refuse to update their discovery responses as required by F.R.Civ.P. 26(e)(1)(a) , refuse to update their declarations submitted in support of their motion for summary judgment / adjudication, and rufuse to inform the Court the investigations have been terminated, Plaintiffs seek the following sanctions pursuant to F.R.Civ.P. 37(c)(1), 28 U.S.C. § 1927, and the Court's inherent power to award sanctions:

1) on the Dodson Plaintiffs' Summary Judgment Motion/Plaintiffs' Renewed Motion for Reconsideration (ECF 280) the Court should rule that defendants' delay in obtaining warrants and further delay in returning to these Plaintiffs their property, was unreasonable as a matter of law and violated the Fourth Amendment;

2) Defendants' delay in obtaining the Dodson warrants and further delay in returning to these Plaintiffs their property, was in accordance with LASD police, practice and/or custom;

3) the refusal to return to Plaintiffs Astorga and Padilla their property for over eight months violated the Fourth Amendment;

4) the refusal to return to Plaintiffs Astorga and Padilla their property for over eight months was in accordance with LASD police, practice and/or custom; and,

5) awarding Plaintiffs monetary sanctions for having to bring the instant motion.

Plaintiffs bring this motion pursuant to F.R.Civ.P. 37(c)(1), 28 U.S.C. § 1927, and the Court's inherent power to award sanctions.

**II.   Defendants' Refusal to Update Their Discovery Responses and Disclosures Requires Sanctions.**

A party who has made a disclosure or responded to a request for production is

00155437.WPD

required to supplement or correct its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect...". F.R.Civ.P. 26(e)(1)(a).

Plaintiffs informed defense counsel over two months ago that the investigations are over. Nevertheless, Defendants refuse to supplement their discovery responses and disclosures ( Flynn Decl. ¶¶ 2, 4-7, **Exhibit A** to Flynn Decl.) even though they have withheld from Plaintiffs the complete, unredacted warrants at issue, other records, and important testimony from Christopher Gintner and P.R, the authors of the warrants, all based on a claim of "ongoing criminal investigation." In voraciously arguing for protective orders, almost from the beginning of the litigation, Defendants and their counsel have claimed there is an "ongoing criminal investigation" that would be jeopardized by the disclosure of information and documents Plaintiffs seek. See, e.g., ECF 26, filed 11/27/20 at 10:17-19 (Sheriff's official claims there in an "ongoing criminal investigation"), 12:18-21 (another Sheriff's official claims there is an ongoing criminal investigation"); ECF 52, filed 1/7/21 (Hernandez under seal declaration); 5/10/21 Discovery Order at p. 2 [ECF 99] (Defendants claim there are "ongoing criminal investigations"); 2/17/22 Gentner depo. 114:3-5 (defense counsel instructs Gentner not to answer because of alleged "ongoing criminal investigation"); 7/12/22 P.R. depo. 64:10-12 (defense counsel instructs deponent not to answer because of alleged "open criminal investigation"), 65:24-25 (defense counsel: "ongoing criminal investigation"); 7/14/22 Gentner depo. 44:17-20 (defense counsel instructs Gentner not to answer because of ongoing criminal investigation"), 50:11-12 (same - "open criminal investigation"), 81:2-4 & 11-13 (same).

*Christina Astorga*

In response to Request for Production of Documents Propounded by Plaintiffs, Set One, Request No. 18, seeking all documents concerning the "Astorga Incident" Defendants respond that the request "*improperly seek[s] confidential and privileged information related to an ongoing criminal investigation, which is also subject to the*

*official information privilege. Plaintiffs have ignored the District Court's Order denying their request for this information and made subsequent numerous attempts to improperly access this information in an attempt to interfere with the* **ongoing criminal investigation.**" (Defendants' Fourth Supplemental Responses to Request for Production of Documents Propounded by Plaintiffs, Set One, emphasis added, **Exhibit C** to Flynn Decl.)

*Hugo Padilla*

In response to Request for Production of Documents Propounded by Plaintiffs, Set One, Request No. 19, seeking all documents concerning the "Padilla Incident," Defendants provided the same response. ( **Exhibit C** to Flynn Decl.)

*Kiyoko and Ryan Dodson*

In response to Request for Production of Documents Propounded by Plaintiffs, Set One, Request No. 20 seeking all documents concerning the "Dodson Incident" Defendants provided the same response. ( **Exhibit C** to Flynn Decl.)

Defendants' failure to supplement its disclosures in light of the terminated investigations makes them subject to the sanctions requested by Plaintiffs. If a party fails to provide information as required by the rules, they are not allowed to use that information "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." F.R.Civ.Pro. 37(c)(1). The Court may also order payment of reasonable expenses including attorneys' fees, F.R.Civ.Pro. 37(c)(1)(A), and may "impose other appropriate sanctions."

In relevant part F.R.Cv.P. 37 states:

(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.

(1) Failure to Disclose or Supplement. *If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.* In addition to or instead of this sanction, the court, on motion and

after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

(Emphasis added.)

Orders under Rule 37(b)(2)(A)(i)-(vi) are:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part; and

(vi) rendering a default judgment against the disobedient party.

This provision is self-executing. Nor does the imposition of a sanction under this provision require a violation of a court order as a prerequisite. *Chalick v. Cooper Hosp./Univ. Med. Ctr.*, 192 F.R.D. 145, 151 (D. NJ 2000); *see Drnek v. Variable Annuity Life Ins. Co.*, 261 Fed.Appx. 50, 51 (9th Cir. 2007).

This Court also has the inherent power to sanction both defendants and their attorneys. *Chambers v. NACSO, Inc.*, 501 U.S. 32, 43 (1991). The Court's inherent power to sanction is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* Citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962). *See also* Central District Local Rule 83-3.1:

00155437.WPD

Nothing contained in these Rules shall be construed to deny the Court its inherent power to maintain control over the proceedings conducted before it or to deny the Court those powers derived from statute, rule or procedure, or other rules of court. When alleged attorney misconduct is brought to the attention of the Court, whether by a Judge of the Court, any lawyer admitted to practice before the Court, any officer or employee of the Court, or otherwise, the Court may, in its discretion, dispose of the matter through the use of its inherent, statutory, or other powers; refer the matter to an appropriate state bar agency for investigation and disposition; refer the matter to the Standing Committee on Discipline; or take any other action the Court deems appropriate. These procedures are not mutually exclusive.

The Court has previously recognized that Defendants cannot use "ongoing criminal investigation" to thwart discovery:

The Court agrees with Plaintiffs and finds that Defendants cannot use the "ongoing criminal investigation" as a justification for the delay in order to defeat summary judgment, but refuse to allow Mr. Gentner from answering questions regarding the delay. Indeed, the Court denied Plaintiffs' Motion for Partial Summary Judgment based on the Declaration of Captain Hernandez and the October 13, 2020 search warrant, which created genuine issues of material fact as to whether the delay was reasonable. Defendants cannot now refuse to provide information regarding the reasonableness of the delay, especially when Mr. Gentner was the affiant for the search warrant and one of the investigating detectives that Captain Hernandez relied upon for the information contained in his declaration. Accordingly, Defendants cannot use the ongoing criminal investigation as both a shield and a sword in this case.

4/26/22 Order (ECF 245) @ 3.

00155437.WPD

Defendants' conduct now is more egregious – despite the official termination of any criminal investigation, Defendants thumb their noses at their clear legal and constitutional obligations to provide the evidence they have withheld for over three years. Plaintiffs are therefore entitled to the relief they seek, including monetary sanctions as against defense counsel. 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.")

## III.  Defendants Refusal to Inform the Court that the Purported Investigations are Closed Justifies The Relief Plaintiffs Seek.

Not only have Defendants refused to supplement their discovery responses and disclosures, Defendants refuse to inform the Court that the "investigations" have been terminated. Defendants take the position that they have no obligation to inform the Court because the termination of the "investigations" has no bearing on the pending motions, **Exhibit A** (Flynn 2/10/23, 2/17/23, & 3/15/23 emails), even though the evidence they have proffered to support their pending motion for summary judgment / adjudication repeatedly reference an "ongoing criminal investigation." Declarations of Lt. Jose N. Aguirre @ ¶¶ 6, 14; Christopher Gentner @ ¶ 9; and Eduardo Hernandez @ ¶¶ 4, 8, 9, 10, 11, 12, [ECF 281-1].  Defendants also refuse to update these declarations which all allege an ongoing investigation. **Exhibit A** (Flynn 3/15/23 email).

In fact, Defendants mentioned "ongoing investigation" or "ongoing criminal investigation" *eleven different times* in just their Separate Statement of Undisputed Material Facts. ECF 306-11, Fact Nos. 18, 22, 23, 73, 114, 115, 134, 150, 178, 197 and Conclusions of Law No. 48. By not updating the Court with the current status of the investigations, defense counsel knowingly misleads the Court that the investigations are still pending. Such bad faith conduct is a violation of defense counsel's duty of candor to the Court, Cal. R. Prof. Conduct 3.3, and should subject defense counsel to sanctions,

00155437.WPD

*see* 28 U.S.C. § 1927. Such bad faith conduct may also subject defendants to sanctions per the Court's inherent power to sanction a litigant for bad-faith conduct, including the imposition of attorneys fees. *Chambers v. Nasco, Inc.,* 501 U.S. 32, 35, 45 (1991).

## IV.  Conclusion.

For the foregoing reasons, the Court should grant the instant motion.

DATED: April 14, 2023

**COLLEEN FLYNN**
**PEDRAM ESFANDIARY**
**MONIQUE ALARCON**
**DONALD W. COOK**
Attorneys for Plaintiffs

By _____
              Colleen Flynn

00155437.WPD

**DECLARATION OF COLLEEN FLYNN**

I, COLLEEN FLYNN, declare:

1. I am an attorney admitted to the bar of this Court. I am one of the attorneys representing Plaintiffs.

2. On February 10, 2023, I emailed defense counsel Jin Choi to let Defendants know it had come to Plaintiffs' attention that the new Sheriff of Los Angeles County, Robert Luna, has closed the investigation into the protest events of September 2020 and asked that Defendants update their discovery responses and disclosures and notify the Court. Flynn 2/10/23 email, **Exhibit A** hereto (Flynn & Choi email exchange).

3. Throughout this litigation, asserting an "ongoing criminal investigation" Defendants have stonewalled Plaintiffs' discovery efforts and withheld production of the complete, unredacted warrants at issue as well as important testimony from Christopher Gintner and P.R, the warrants' affiants:

    A. Defendants have objected to almost all of Plaintiffs' discovery requests on the basis of "ongoing criminal investigation." **Exhibit B**.

    B. On February 18, 2021 the Court denied Plaintiffs' *Ex Parte* Application for Order Compelling Defendants to Produce Forthwith their *In Camera* Submission "to protect the confidentiality of ongoing investigations." [ECF 65, filed 2/18/21 at p. 2];

    C. Magistrate Judge Alicia G. Rosenberg denied in part Plaintiffs' Ex Parte Application for Order Compelling Defendant LASD to Produce Rule 30(b)(6) Deponent on Topics 5 and 8 because of the claimed ongoing criminal investigation. [ECF 99, filed 5/10/21 at p. 5-6];

    D. Magistrate Judge Alicia G. Rosenberg granted Defendants request for a protective order based in part on Defendants claim of "ongoing criminal investigation." [ECF 122, filed 6/22/21 at p. 1]. The Court denied Plaintiffs'

Motion to Review Magistrate Judge's 6/22/2021 Protective Order based in part on Defendants' claims of ongoing investigations. [ECF 145, filed 8/12/21 at p. 4-5];

E. Judge Sanchez of the Los Angeles Superior Court, Bellflower Branch, ordered on January 13, 2022, redactions to the warrants regarding the September 25, 2020 seizure of the Dodsons' truck and other property, based on an ongoing criminal investigation. Transcript of January 13, 2022 Hearing re: In Re Search Warrant No. 21220 and 21221, at 12:6-8, **Exhibit D**, hereto.

F. Judge Bernal of the Los Angeles Superior Court, Norwalk Branch, ordered on December 14, 2021 that the warrant  regarding the September 8, 2020 protest events be unsealed for the judges in this matter to determine whether redactions were necessary "that could protect any ongoing investigation..." [ECF 196-1, filed 12/22/21 at p. 3];

G. On January 3, 2022, following an *in camera* meeting with only LASD Sgt. Hish and Defendants' civil defense counsel Raymond Sakai, Magistrate Judge Alicia G. Rosenberg, after held that Plaintiffs could not have access to the unredacted warrant regarding September 8, 2020 protest activities, and instead ordered a redacted version produced to Plaintiffs [ECF  200, filed 1/3/22 at p. 102; ECF 202, filed 1/7/22];

H. On March 15, 2022, relying on Defendants' claim of ongoing criminal investigation this Court denied in part Plaintiffs' Motion for Reconsideration requesting the names of other arrestees mentioned in the 9/9/20 search warrant (issued by Judge Bernal of the Norwalk Superior Court). [ECF 239, filed 3/15/22 at p. 3-4];

I. At both of Deputy Christopher Gentner's depositions and at P.R.'s deposition, defense counsel instructed them not to answer questions based on an "ongoing criminal investigation." 2/17/22 Gentner depo. 114:3-5 (defense counsel

00155437.WPD

instructs Gentner not to answer because of alleged "ongoing criminal investigation"); 7/12/22 P.R. depo. 64:10-12 (defense counsel instructs deponent not to answer because of alleged "open criminal investigation"), 65:24-25 (defense counsel: "ongoing criminal investigation"); 7/14/22 Gentner depo. 44:17-20 (defense counsel instructs Gentner not to answer because of ongoing criminal investigation"), 50:11-12 (same - "open criminal investigation"), 81:2-4 & 11-13 (same).

4.  On February 16, 2023, I had a phone conversation with defense counsel Jin Choi in which he told me he did not believe Defendants had an obligation to update the Court regarding the status of the investigations because it has no bearing on the pending motions. He agreed only to review Defendants' discovery responses where Defendants had responded with objections and claimed privilege based on an alleged "ongoing criminal investigation."

5.  After several weeks without Defendants updating their discovery responses and disclosures, on March 10, 2023 I sent Mr. Choi a Local Rule 7-3 letter in which I listed all of Plaintiffs' discovery requests Defendants had objected to on the basis of "ongoing criminal investigation." Flynn 3/10/23 ltr, **Exhibit B**.

6. On March 15, 2023, I met and conferred on the phone again with Mr. Choi. He again agreed to review all of Defendants' discovery responses where defendants objected, claiming "ongoing criminal investigation," to determine which responses need to be updated and agreed to review declarations Defendants filed in support of their motion for summary judgment / adjudication, where LASD officials claimed an ongoing criminal investigation, to determine which ones need to be updated. **Exhibit A**.

7. Almost a month has passed and I have never heard back from Mr. Choi.

///

///

I declare under penalty of perjury that the foregoing is true and correct. Executed April 14, 2023, at Los Angeles, California.

Colleen Flynn

00155437.WPD

## Re: Astorga // Investigation Closed

From:  Colleen Flynn (cflynnlaw@yahoo.com)

To:     jchoi@lbaclaw.com

Cc:     rsakai@lbaclaw.com; hagazaryan@lbaclaw.com; doncook@earthlink.net

Date:   Wednesday, March 15, 2023 at 05:24 PM PDT

Dear Jin,

I'm writing to confirm our conversation this afternoon.

**Status of Investigations:**

- You have only confirmed the investigation into the events of
September 8, 2020 is over;

- You have not confirmed with the Department if the investigation into
the events of September 25th is over, though Plaintiffs information is
that it too is terminated. (I first contacted you about this on March
10, almost five weeks ago);

- You explained you don't believe the status of the investigations is
relevant to the pending motions.

**Alleged Discovery, Etc. Failures:**

I explained Plaintiffs' position that in light of the termination of
the investigations Defendants:

- have failed to update discovery responses where defendants objected
to discovery requests and claimed privilege via an "ongoing criminal
investigation";

- have failed to update declarations Defendants submitted in support
of their motion for summary judgment / adjudication where LASD
officials claimed an ongoing criminal investigation; and,

- have failed to inform the Court that the investigations are over.

**Agreement:**

You agreed to do the following & send me an update on Monday, March
20, 2023:

- review all of Defendants' discovery responses where defendants
objected, claiming "ongoing criminal investigation," to determine
which discovery responses need to be updated;

Flynn/Choi Email Exchange            **-16-**            EXHIBIT A

- review declarations Defendants filed in support of their MSJ, where LASD officials claimed an ongoing criminal investigation, to determine which ones need to be updated;

- contact the LASD to confirm that the investigation into the events of September 25, 2020 has been closed;

- let me know your position as to whether you will be informing the Court that the investigations are over.

**Sanctions:**

I let you know that if Defendants do not 1) update their discovery responses, 2) update their MSJ declarations; 3) confirm the 9/25/20 investigation is closed; and 4) inform the Court that the investigations are closed, Plaintiffs will move for the following sanctions:

- request the Court strike Defendants' Answer;

- in the alternative, request the Court grant Plaintiffs' motion to strike and order Defendants to produce unredacted warrant affidavits; and,

- request monetary sanctions.

Please let me know if I missed anything.

I look forward to hearing back from you on Monday.

Best,

Colleen

On Wednesday, March 15, 2023 at 02:56:51 PM PDT, Colleen Flynn <cflynnlaw@yahoo.com> wrote:

Sounds good. I'm available.

On Wednesday, March 15, 2023 at 02:44:19 PM PDT, Jin S. Choi <jchoi@lbaclaw.com> wrote:

If you prefer, I can call you earlier than 3 pm.

**From:** Colleen Flynn <cflynnlaw@yahoo.com>

Flynn/Choi Email Exchange            -17-            EXHIBIT A

**Sent:** Tuesday, March 14, 2023 11:00 AM
**To:** Jin S. Choi <jchoi@lbaclaw.com>
**Cc:** Raymond Sakai <rsakai@lbaclaw.com>; Hrach E. Agazaryan <hagazaryan@lbaclaw.com>; Donald W. Cook <doncook@earthlink.net>
**Subject:** Re: Astorga // Investigation Closed

Works for me. I'll give you a call tomorrow at 3.

On Tuesday, March 14, 2023 at 10:26:03 AM PDT, Jin S. Choi <jchoi@lbaclaw.com> wrote:

Thank you.
The same 3 pm works if that is good for you.

Jin

**From:** cflynnlaw@yahoo.com <cflynnlaw@yahoo.com>
**Sent:** Tuesday, March 14, 2023 10:25 AM
**To:** Jin S. Choi <jchoi@lbaclaw.com>
**Cc:** Raymond Sakai <rsakai@lbaclaw.com>; Hrach E. Agazaryan <hagazaryan@lbaclaw.com>; Donald W. Cook <doncook@earthlink.net>
**Subject:** Re: Astorga // Investigation Closed

No problem Jin, I hope everything is ok with your family.

Tomorrow works, please let me know what time is good?

Thanks,

colleen flynn | attorney at law
(she/her)
3435 wilshire blvd., suite 2910 | los angeles, ca  90010
213.252.9444 tel. | 213.252.0091 fax.

On Tuesday, March 14, 2023, 09:47:46 AM PDT, Jin S. Choi <jchoi@lbaclaw.com> wrote:

Colleen,

Sorry for the late notice but I just learned that I will have unavoidable child care issues for the balance of today due to a family medical issue.  Can we have this call tomorrow?

Jin Choi

**From:** Colleen Flynn <cflynnlaw@yahoo.com>
**Sent:** Friday, March 10, 2023 5:27 PM
**To:** Jin S. Choi <jchoi@lbaclaw.com>
**Cc:** Raymond Sakai <rsakai@lbaclaw.com>; Hrach E. Agazaryan <hagazaryan@lbaclaw.com>; Donald W. Cook <doncook@earthlink.net>
**Subject:** Re: Astorga // Investigation Closed

Flynn/Choi Email Exchange          **-18-**          EXHIBIT A

Dear Jin,

Please see the letter attached (pdf.).

Thank you,

Colleen

colleen flynn|*attorney at law*
*(she/her)*
3435 wilshire blvd., suite 2910| los angeles, ca  90010
213.252.9444 tel.|213.252.0091 fax.

On Thursday, February 23, 2023 at 04:51:21 PM PST, Jin S. Choi <jchoi@lbaclaw.com> wrote:

Colleen,

We are informed that the LASD investigation related to the 9/8/2020 warrant is now closed.
With respect to whether any discovery responses in Astorga may need to be updated, we are in the process
of reviewing the actual requests/responses, and we will provide you a further update next week.
However, in the meantime, if there are any specific discovery responses which Plaintiffs believe Defendants
should supplement, please advise.  Thank you.

Jin Choi

From: Colleen Flynn <cflynnlaw@yahoo.com>
Sent: Wednesday, February 22, 2023 7:08 PM
To: Jin S. Choi <jchoi@lbaclaw.com>
Cc: Hrach E. Agazaryan <hagazaryan@lbaclaw.com>; Donald W. Cook <doncook@earthlink.net>;
Raymond Sakai <rsakai@lbaclaw.com>
Subject: Re: Astorga // Investigation Closed

Dear Jin,

Looking forward to your updates tomorrow.

Best,

Colleen

colleen flynn | attorney at law
(she/her)
3435 wilshire blvd., suite 2910 | los angeles, ca  90010
213.252.9444 tel. | 213.252.0091 fax.

On Friday, February 17, 2023 at 04:35:44 PM PST, Colleen Flynn
<cflynnlaw@yahoo.com<mailto:cflynnlaw@yahoo.com>> wrote:

Dear Jin,

Flynn/Choi Email Exchange       **-19-**       EXHIBIT A

I'm writing to confirm the telephone conversation we had yesterday regarding Sheriff Luna closing any investigation into the September 2020 South Los Angeles protests against the LASD's killing of cyclist Dijon Kizzee:

1) You said that Defendants do not believe it would be relevant to the pending motions if the investigation was closed.

2) You said you did not believe defendants had an obligation to update the Court regarding the status of the investigation.

3) You said you had not confirmed with your clients that the investigation is closed (even though I wrote you about it almost a week before, on 2/10).

Nevertheless, you said would try to get a hold of someone at the Sheriff's Department and would let me know by next Thursday 2/23 about the status of any investigation into both the September 2020 South LA protests and the September 25, 2020 West Hollywood protest.

You also said you would review your discovery responses and let me know by next Thursday 2/23 which ones, if any, you would update.

I said it is Plaintiffs' position that defendants' claim of "ongoing criminal investigation" was a sham and that Sheriff Luna closing the investigations supports Plaintiffs' position that the "investigations" were orchestrated to thwart discovery in this case and retaliate against protesters.

Furthermore, I said it is Plaintiffs' position that any investigation being officially terminated has a significant impact on this litigation and pending motions and defendants have a duty to inform the Court that the investigations have been closed. Failing to do so would be incredibly misleading and therefore a violation of defense counsel's duty of candor to the tribunal.

Please let me know if I misstated anything or left out anything important.

I look forward to hearing back from you regarding the status of the investigations.

Thank you,

Colleen


colleen flynn | attorney at law
(she/her)
3435 wilshire blvd., suite 2910 | los angeles, ca  90010
213.252.9444 tel. | 213.252.0091 fax.




On Monday, February 13, 2023 at 02:58:06 PM PST, Colleen Flynn
<cflynnlaw@yahoo.com<mailto:cflynnlaw@yahoo.com>> wrote:


Thank you Jin. I will give you a call Wed 2/15 at 4 p.m.

colleen flynn | attorney at law
(she/her)
3435 wilshire blvd., suite 2910 | los angeles, ca  90010
213.252.9444 tel. | 213.252.0091 fax.


Flynn/Choi Email Exchange              **-20-**              EXHIBIT A

On Monday, February 13, 2023 at 02:53:45 PM PST, Jin S. Choi
<jchoi@lbaclaw.com<mailto:jchoi@lbaclaw.com>> wrote:


Colleen,


Wednesday at 4 pm would work.


Jin


From: Colleen Flynn <cflynnlaw@yahoo.com<mailto:cflynnlaw@yahoo.com>>
Sent: Monday, February 13, 2023 1:03 PM
To: Jin S. Choi <jchoi@lbaclaw.com<mailto:jchoi@lbaclaw.com>>
Cc: Hrach E. Agazaryan <hagazaryan@lbaclaw.com<mailto:hagazaryan@lbaclaw.com>>; Donald W. Cook
<doncook@earthlink.net<mailto:doncook@earthlink.net>>; Raymond Sakai
<rsakai@lbaclaw.com<mailto:rsakai@lbaclaw.com>>
Subject: Re: Astorga // Investigation Closed


Dear Jin,


I am available for a call on Wednesday afternoon, anytime between 2 and 6. Does that work for you?


colleen flynn | attorney at law

(she/her)

3435 wilshire blvd., suite 2910 | los angeles, ca  90010

213.252.9444 tel. | 213.252.0091 fax.




On Monday, February 13, 2023 at 11:10:42 AM PST, Jin S. Choi
<jchoi@lbaclaw.com<mailto:jchoi@lbaclaw.com>> wrote:


Colleen,

I do not agree with your characterizations of the statements in the documents you referenced in your email

Flynn/Choi Email Exchange              -21-                      EXHIBIT A

below (such as your reference to ECF 306-11).
Nevertheless, if you would like, I am available to discuss this matter with you later this week sometime during Wednesday through Friday of this week.  Please let me know if you would like to do so.

Jin Choi

From: Colleen Flynn <cflynnlaw@yahoo.com<mailto:cflynnlaw@yahoo.com>>
Sent: Friday, February 10, 2023 5:08 PM
To: Jin S. Choi <jchoi@lbaclaw.com<mailto:jchoi@lbaclaw.com>>
Cc: Hrach E. Agazaryan <hagazaryan@lbaclaw.com<mailto:hagazaryan@lbaclaw.com>>; Donald W. Cook <doncook@earthlink.net<mailto:doncook@earthlink.net>>; Raymond Sakai <rsakai@lbaclaw.com<mailto:rsakai@lbaclaw.com>>

Subject: Astorga // Investigation Closed

Dear Jin,

It has come to Plaintiffs' attention that the LASD has closed any investigation into the events of September 8, 2020.

Your firm has vigorously resisted discovery and overall attempted to stonewall Plaintiffs throughout the litigation on the basis of a claimed "ongoing criminal investigation."

That any investigation has been officially terminated has a significant impact on this litigation and pending motions.

For example, in supporting Defendants' motion for summary judgment, Defendants mentioned "ongoing investigation" or "ongoing criminal investigation" eleven different times in just their "Defendant's Separate Statement of Undisputed Material Facts." (ECF 306-11).

In "Defendants' Reply to Plaintiffs' Opposition Renewed Application for Leave to File Under Seal Pursuant to Court Order (ECF 312) and Local Rule 79-5.2.2(b)," Defendants mention "ongoing investigation" as a justification to keep unredacted versions of the search warrants from Plaintiffs.

By not disclosing to the Court and Plaintiffs' counsel that the investigation is over, you appear in violation of the California Rules of Professional Conduct.

Defense counsel's knowingly misleading the Court that the investigation is still pending might be considered a violation of defense counsel's duty of candor to the tribunal. See Cal. R. Prof. Conduct 3.3.
You furthermore have a duty to supplement your responses and disclosures. F.R.Cv.P. 26(e)(1)(A).
Obstructing Plaintiffs' access to evidence appears a violation of of Cal. R. Prof. Conduct 3.4.

Please immediately inform the Court that any investigation into the September 8, 2020 protest has been closed. If investigation into the September 25, 2020 protest has also been closed please immediately inform Plaintiffs and the Court.

Thank you,

Colleen


colleen flynn | attorney at law
(she/her)
3435 wilshire blvd., suite 2910 | los angeles, ca  90010
213.252.9444 tel. | 213.252.0091 fax.

Flynn/Choi Email Exchange                    **-22-**                    EXHIBIT A

**COLLEEN FLYNN**
*Attorney at Law*
3435 Wilshire Blvd., Ste. 2910, Los Angeles, CA 90010
(213) 252-9444


March 10, 2023


<u>*VIA EMAIL*</u>


Jin S. Choi
Lawrence Beach Allen & Choi, PC
150 S. Los Robles Ave., Suite 660
Pasadena, CA 91101

**Re: Christina Astorga, et al. v. County of Los Angeles, et al.,**
**No. 2:20-cv-9805 AB (AGRx)**

Dear Mr. Choi:

I'm writing pursuant to Local Rule 7-3 regarding defendants' failure to supplement responses and disclosures as required by F.R.Civ.P. 26(e)(1)(A), as well as defendants' failure to inform the Court that the LASD has officially closed any investigation into the protest events of September 8 and 25, 2020. Obstructing Plaintiffs' access to evidence violates California Rule of Professional Conduct 3.4. Furthermore, knowingly misleading the Court that an investigation is still pending might be a violation of defense counsel's duty of candor to the tribunal. Cal. R. Prof. Conduct 3.4.

I first contacted you regarding this matter a month ago, on February 10, 2023, to inform you the LASD had officially closed any investigation into the 2020 protest events. I asked you to inform the Court that the investigation was closed and asked you to supplement defendants' discovery responses and disclosures as your firm has vigorously resisted discovery and overall attempted to stonewall Plaintiffs throughout this litigation on the basis of a claimed "ongoing criminal investigation."

Plaintiffs contend defendants' ongoing claim of a criminal investigation is a sham and that your refusal to confirm there is no investigation as to protests other than the September 8 protest, supports Plaintiffs' position that the "criminal investigations" objections were orchestrated to thwart discovery in this case.

When we spoke almost a week later on February 16th you had taken no steps to confirm with your clients that the investigations had been closed. As I let you know, it is Plaintiffs' position that any investigation being officially terminated has a significant impact on this litigation and pending motions and defendants have a duty to inform the Court forthwith.

You said you would try to get a hold of someone at the Sheriff's Department and would let me know by Thursday 2/23 about the status of any investigation into both the September 8, 2020 South Los Angeles protest and the September 25, 2020 West Hollywood protest. You also said

Jin S. Choi
March 10, 2023
Page 2

you would review your discovery responses and let me know by Thursday 2/23 which ones, if any, you would update.

On February 23rd you confirmed by email that the LASD investigation regarding September 8, 2020 is now closed. You also stated you were in the process of reviewing Plaintiffs' discovery requests and defendants' responses and would provide me an update the following week. It has been over two weeks and I have heard nothing more from you.

Defendants objected to almost all of Plaintiffs' discovery requests on the basis of "ongoing criminal investigation." See, for example:

1. Defendants' Responses to Request for Production of Documents Propounded by Plaintiffs, Set One; Privilege Log;
2. Defendants' Supplemental Responses to Request for Production of Documents Propounded by Plaintiffs, Set One;
3. Defendants' Third Supplemental Responses to Request for Production of Documents Propounded by Plaintiffs, Set One; Privilege Log;
4. Defendants' Fourth Supplemental Responses to Request for Production of Documents Propounded by Plaintiffs, Set One; Privilege Log;
5. Defendants' Fifth Supplemental Responses to Request for Production of Documents Propounded by Plaintiffs, Set One; Privilege Log;
6. Defendants' Responses to Request for Production of Documents Propounded by Plaintiffs, Set Two;
7. Defendants' Responses to Request for Production of Documents Propounded by Plaintiffs, Set Three; Privilege Log;
8. Defendants' Responses to Request for Production of Documents Propounded by Plaintiffs, Set Four; Privilege Log;
9. Defendants' Responses to Request for Production of Documents Propounded by Plaintiffs, Set Five; Privilege Log;
10. Defendant County of Los Angeles Responses to Interrogatories by Plaintiff Christina Astorga, Set One;
11. Defendant County of Los Angeles Supplemental Responses to Interrogatories by Plaintiff Christina Astorga, Set One;
12. Defendant County of Los Angeles Responses to Interrogatories Propounded by Plaintiff Christina Astorga, Set Two;
13. Defendant Los Angeles County Sheriff's Department's Responses to Special Interrogatories Propounded by Christina Astorga, Set Two;
14. Defendant Los Angeles County Sheriff's Department's Responses to Christina Astorga's Special Interrogatories, Set Three;
15. Defendant Los Angeles County Sheriff's Department's Responses to Special Interrogatories Propounded by Hugo Padilla, Set One;
16. Defendant County of Los Angeles Responses to Interrogatories Propounded by Plaintiff Kiyoko Dodson, Set Two;
17. Defendant Los Angeles County Sheriff's Department's Responses to Kiyoko Dodson's Special Interrogatories, Set Two;

CF 3/10/23 ltr
EXHIBIT B

Jin S. Choi
March 10, 2023
Page 3

18. Defendant County of Los Angeles Responses to Interrogatories Propounded by Plaintiff Ryan Dodson, Set One;

19. Defendant Los Angeles County Sheriff's Department's Responses to Ryan Dodson's Special Interrogatories, Set Two;

20. Defendants' Responses to Requests for Admissions Propounded by Plaintiffs Ryan and Kiyoko Dodson, Set One;

21. Defendants' Responses to Requests for Admissions Propounded by Plaintiff Christina Astorga, Set One; and

22. Defendants' Responses to Requests for Admissions Propounded by Plaintiff Hugo Padilla, Set One.

Pursuant to Local Rule 7-3, I request a meeting to discuss and hopefully resolve these issues. If the parties are unable to reach a resolution, it is Plaintiffs' intention to bring a motion for evidentiary sanctions, pleading sanctions, and monetary sanctions. I will call you at 3 p.m. on Tuesday, March 14, 2023 unless you advise that a better time works for you.

I look forward to hearing back from you.

Sincerely,

/s/ Colleen Flynn

Colleen Flynn

CF:ms

CF 3/10/23 ltr

EXHIBIT B

1    PAUL B. BEACH, State Bar No. 166265
     pbeach@lbaclaw.com
2    JIN S. CHOI, State Bar No. 180270
     jchoi@lbaclaw.com
3    RAYMOND W. SAKAI, State Bar No. 193507
     rsakai@lbaclaw.com
4    DAISY SANCHEZ, State Bar No. 334090
     dsanchez@lbaclaw.com
5    LAWRENCE BEACH ALLEN & CHOI, PC
     100 West Broadway, Suite 1200
6    Glendale, California 91210-1219
     Telephone No. (818) 545-1925
7    Facsimile No. (818) 545-1937

8    Attorneys for Defendants
9    County of Los Angeles, Los Angeles County Sheriff's Department and
     Sheriff Alex Villanueva

10

11                  **UNITED STATES DISTRICT COURT**

12                  **CENTRAL DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| CHRISTINA ASTORGA, etc., et al., | Case No. 2:20-cv-09805-AB-AGR |
| Plaintiffs, | Honorable André Birotte Jr. |
| vs. | **DEFENDANTS' FOURTH SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFFS, SET ONE** |
| COUNTY OF LOS ANGELES, etc., et al., | |
| Defendants. | |

24   PROPOUNDING PARTY:      Plaintiffs

25   RESPONDING PARTY:       Defendants County of Los Angeles, Los Angeles

26                           County Sheriff's Department and Sheriff Alex

27                           Villanueva

28   SET NO.:                ONE

Following the August 17, 2021 informal discovery conference before Magistrate Judge Rosenberg, and to informally resolve Plaintiffs' discovery dispute related to these requests, per to Federal Rules of Civil Procedure Rule 34, Defendants County of Los Angeles, Los Angeles County Sheriff's Department and Sheriff Alex Villanueva ("Defendants") hereby provide supplemental responses to Plaintiffs Request for Production of Documents, Set One.

## **GENERAL OBJECTIONS AND RESERVATIONS**

Defendants respond to this request for production subject to the accompanying general and specific objections without waiving, but expressly preserving, all such objections.  Defendants also submits these responses subject to and without intending to waive, but expressly preserving: (a) any objections as to the competency, relevance, materiality, privilege or admissibility of any of its responses, and (b) the right to object to the other discovery procedures involving or relating to the subject matter of the response herein.  Additionally, Defendants have not completed their investigation of the facts relating to this action, have not fully completed their discovery in this matter, and have not completed their preparation for trial.  Defendants reserve the right to amend, revise, correct, supplement, or clarify any of the objections and responses herein pursuant to any facts or information gathered at any time subsequent to the date of this response.  Moreover, the responses contained herein are not intended to and shall not preclude Defendants from making any contentions or relying upon any facts or documents at trial, whether or not identified or relied upon herein, which result from subsequently discovered information and/or evidence.

Defendants incorporate the following general objections (the "General Objections") into the response set forth below as though set forth at length. Defendants object to this request for production: (1) insofar as it seeks information that is protected by the attorney-client privilege, the attorney work

product doctrine and/or any other applicable privilege; (2) insofar as it seeks information that is publicly available and/or uniquely or equally available to Plaintiffs; (3) insofar as it seeks information that is neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence; (4) insofar as it attempts or purports to impose obligations exceeding those authorized by the Federal Rules of Civil Procedure, including, but not limited to Rule 33 of the Federal Rules of Civil Procedure; (5) insofar as it purports to impose an obligation on Defendants to provide a response for or on behalf of any other person or entity and/or seeks information not in the possession, custody, or control of Plaintiffs; (6) insofar as it violates the right to privacy of Defendants or any other person's right to privacy; (7) insofar as it is overly broad, unduly burdensome, oppressive and/or harassing; (8) insofar as it is compound; and (9) insofar as it is vague, ambiguous and unintelligible; and (10) in the event that this request for production is meant to have been propounded against Defendants in its individual capacity, they are objected to as unduly burdensome, oppressive and/or harassing.

Notwithstanding the above objections, and expressly reserving the same, Defendants hereby responds to Plaintiffs' requests for production as follows:

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS concerning the ASTORGA INCIDENT, excluding those covered by the attorney-client or attorney work product privileges. This includes but is not limited to:

a. Any DOCUMENTS reflecting the facts and circumstances justifying the detention, seizure, arrest, and/or shooting of Plaintiff Astorga with less lethal weapons.

b. All property receipts for the property seized by YOU in connection with

1  the ASTORGA INCIDENT.

2      c. Any arrest, incident, supplemental, narrative, Use of Force, or other

3  reports written about the ASTORGA INCIDENT.

4      d. The complete, unedited recordings of all radio, telephone, or other

5  communications concerning the ASTORGA INCIDENT.

6      e. Any and all transcripts, printouts, or other DOCUMENTS relating to

7  radio, telephone or other communications concerning the ASTORGA

8  INCIDENT.

9      f. Any and all diagrams prepared in connection with the ASTORGA

10 INCIDENT.

11     g. Any and all photographs of anything or any person, taken or used in

12 connection with the ASTORGA INCIDENT, or any investigation of the

13 ASTORGA INCIDENT.

14     h. Any and all DOCUMENTS constituting, reflecting, or referring to any

15 investigation of the ASTORGA INCIDENT, including but not limited to any

16 shooting, internal, DA, personnel, or "internal affairs" investigation of the

17 ASTORGA INCIDENT.

18     i. Any and all video and/or audio recordings of the ASTORGA INCIDENT

19 including but not limited to those from body worn cameras, police vehicle

20 cameras, LASD personnel personal cell phones, and business surveillance

21 cameras.

22     j. Any and all video and/or audio recordings of statements by any person,

23 including but not limited to law enforcement officers and Plaintiff Astorga,

24 concerning the ASTORGA INCIDENT.

25     k. Any and all written statements of any person, including but not limited

26 to law enforcement officers, concerning the ASTORGA INCIDENT.

27     l. Any and all video and/or audio recordings of interviews of any person,

28 including but not limited to law enforcement officers, concerning the

ASTORGA INCIDENT.

m. Any and all written summaries of interviews of any person, including but not limited to law enforcement officers, concerning the ASTORGA INCIDENT.

n. Any and all scientific reports and test results performed in connection with the ASTORGA INCIDENT.

o. Any and all tangible things obtained by any agent or employee of defendants from any person, including but not limited to Plaintiff Astorga, in connection with the ASTORGA INCIDENT.

p. Any and all tangible things obtained by any agent or employee of defendants from the locations of the ASTORGA INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

This request fails to state what documents are sought with reasonable particularity. Here, simply requesting "All Documents" does not place the responding party on reasonable notice of what is called for and what is not. Such all-encompassing demands that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A). Specifically, Defendant objects to subsection (d) of this interrogatory as overbroad and likely to contain private third-party information.

Further, Defendant objects to this request attorney-client privilege and attorney work product doctrine, including improperly seeking the mental impressions, legal analysis, legal theories, legal strategies, conclusions and opinions. Also, it improperly seeks privileged analysis, identification, and interpretation of Plaintiffs' various claims in the operative pleading. For instance, this interrogatory and its many subsections all refer to the "Astorga incident," which is vague and ambiguous and calls for the privileged mental impressions of counsel as to the identification and interpretation of Plaintiffs' various claims in the operative pleading.

Further, subsections (g), (h), (i), (k), (j), (o), (m) and (p) of this interrogatory improperly seek confidential and privileged information related to an ongoing criminal investigation, which is also subject to the official information privilege.  Plaintiffs have ignored the District Court's Order denying their request for this information and made subsequent numerous attempts to improperly access this information in an attempt to interfere with the ongoing criminal investigation.  Disclosure of the information sought is barred by the Court's Orders: (1) the Court's December 30, 2020 Order requiring Defendants to file "an in-camera submission regarding the continued seizure of Plaintiffs' items as detailed in the most recent briefing—including the status of any relevant investigations and any efforts by law enforcement to obtain further information from the remaining items seized" (Dkt No. 45); and (2) the Court's February 18, 2021 Order denying Plaintiffs' *ex parte* application for an order compelling Defendants to produce to Plaintiffs this same *in camera* submission, wherein the Court rejected Plaintiffs' assertion that the *in camera* submission must be made a "public record" and held, "Information pertaining to ongoing criminal investigations and materials related to criminal proceedings has 'traditionally been kept secret for important policy reasons.'" (Dkt No. 65 at p. 1(quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).)  The District Court further explained that it had "determined that an in camera submission was necessary to protect the confidentiality of ongoing investigations. . . . ***The Court did not order in camera production of any information that would otherwise be subject to disclosure.***" (Dkt No. 65 at p. 2 (emphasis added)).

Without waiving said objections, and subject thereto, Defendant responds as follows: Defendant will produce relevant, non-privileged documents that exist and are in its possession responsive to this request after a protective order is in place. Defendant will continue its reasonable and diligent search for documents

responsive to this request, and any non-privileged, responsive documents will be produced.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

(j) – (m): Without waiving said objections, and subject thereto, Defendant responds as follows: After a reasonable search, no FRCP 26(b)(3)(C)(i)-(ii) material are in Defendants' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS concerning the PADILLA INCIDENT, excluding those covered by the attorney-client or attorney work product privileges. This includes but is not limited to:

a. Any DOCUMENTS reflecting the facts and circumstances justifying the detention, seizure, arrest, and/or shooting of Plaintiff Padilla with less lethal weapons.

b. All property receipts for the property seized by YOU in connection with the PADILLA INCIDENT.

c. Any arrest, incident, supplemental, narrative, Use of Force, or other reports written about the PADILLA INCIDENT.

d. The complete, unedited recordings of all radio, telephone, or other communications concerning the PADILLA INCIDENT.

e. Any and all transcripts, printouts, or other DOCUMENTS relating to radio, telephone or other communications concerning the PADILLA INCIDENT.

f. Any and all diagrams prepared in connection with the PADILLA INCIDENT.

g. Any and all photographs of anything or any person, taken or used in connection with the PADILLA INCIDENT, or any investigation of the PADILLA INCIDENT.

h. Any and all DOCUMENTS constituting, reflecting, or referring to any

investigation of the PADILLA INCIDENT, including but not limited to any shooting, internal, DA, personnel, or "internal affairs" investigation of the ASTORGA INCIDENT.

i. Any and all video and/or audio recordings of the PADILLA INCIDENT including but not limited to those from body worn cameras, police vehicle cameras, LASD personnel personal cell phones, and business surveillance cameras.

j. Any and all video and/or audio recordings of statements by any person, including but not limited to law enforcement officers and Plaintiff Padilla, concerning the PADILLA INCIDENT.

k. Any and all written statements of any person, including but not limited to law enforcement officers, concerning the PADILLA INCIDENT.

l. Any and all video and/or audio recordings of interviews of any person, including but not limited to law enforcement officers, concerning the PADILLA INCIDENT.

m. Any and all written summaries of interviews of any person, including but not limited to law enforcement officers, concerning the PADILLA INCIDENT.

n. Any and all scientific reports and test results performed in connection with the PADILLA INCIDENT.

o. Any and all tangible things obtained by any agent or employee of defendants from any person, including but not limited to Plaintiff Padilla, in connection with the PADILLA INCIDENT.

p. Any and all tangible things obtained by any agent or employee of defendants from the locations of the PADILLA INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

This request fails to state what documents are sought with reasonable particularity. Here, simply requesting "All Documents" does not place the

responding party on reasonable notice of what is called for and what is not. Such all-encompassing demands that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A). Specifically, Defendant objects to subsection (d) of this interrogatory as overbroad and likely to contain private third-party information.

Further, Defendant objects to this request attorney-client privilege and attorney work product doctrine, including improperly seeking the mental impressions, legal analysis, legal theories, legal strategies, conclusions and opinions.  Also, it improperly seeks privileged analysis, identification, and interpretation of Plaintiffs' various claims in the operative pleading. For instance, this interrogatory and its many subsections all refer to the "Padilla incident," which is vague and ambiguous and calls for the privileged mental impressions of counsel as to the identification and interpretation of Plaintiffs' various claims in the operative pleading.

Further, subsections (g), (h), (i), (k), (j), (o), (m) and (p) of this interrogatory improperly seek confidential and privileged information related to an ongoing criminal investigation, which is also subject to the official information privilege.  Plaintiffs have ignored the District Court's Order denying their request for this information and made subsequent numerous attempts to improperly access this information in an attempt to interfere with the ongoing criminal investigation.  Disclosure of the information sought is barred by the Court's Orders: (1) the Court's December 30, 2020 Order requiring Defendants to file "an in-camera submission regarding the continued seizure of Plaintiffs' items as detailed in the most recent briefing—including the status of any relevant investigations and any efforts by law enforcement to obtain further information from the remaining items seized" (Dkt No. 45); and (2) the Court's February 18, 2021 Order denying Plaintiffs' *ex parte* application for an order compelling Defendants to produce to Plaintiffs this same *in camera* submission, wherein the

Court rejected Plaintiffs' assertion that the *in camera* submission must be made a "public record" and held, "Information pertaining to ongoing criminal investigations and materials related to criminal proceedings has 'traditionally been kept secret for important policy reasons.'" (Dkt No. 65 at p. 1(quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).)  The District Court further explained that it had "determined that an in camera submission was necessary to protect the confidentiality of ongoing investigations. . . . ***The Court did not order in camera production of any information that would otherwise be subject to disclosure.***"  (Dkt No. 65 at p. 2 (emphasis added)).

Without waiving said objections, and subject thereto, Defendant responds as follows:  Defendant will produce relevant, non-privileged documents that exist and are in its possession responsive to this request after a protective order is in place. Defendant will continue its reasonable and diligent search for documents responsive to this request, and any non-privileged, responsive documents will be produced.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

(j) – (m): Without waiving said objections, and subject thereto, Defendant responds as follows: After a reasonable search, no FRCP 26(b)(3)(C)(i)-(ii) material are in Defendants' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS concerning the DODSON INCIDENT, excluding those covered by the attorney-client or attorney work product privileges. This includes but is not limited to:

a. Any DOCUMENTS reflecting the facts and circumstances justifying the detention, seizure and/or arrest of Plaintiff Ryan Dodson.

b. All property receipts for the property seized by YOU in connection with

the DODSON INCIDENT.

c. Any arrest, incident, supplemental, narrative, Use of Force, or other reports written about the DODSON INCIDENT.

d. The complete, unedited recordings of all radio, telephone, or other communications concerning the DODSON INCIDENT.

e. Any and all transcripts, printouts, or other DOCUMENTS relating to radio, telephone or other communications concerning the DODSON INCIDENT.

f. Any and all diagrams prepared in connection with the DODSON INCIDENT.

g. Any and all photographs of anything or any person, taken or used in connection with the DODSON INCIDENT, or any investigation of the DODSON INCIDENT.

h. Any and all DOCUMENTS constituting, reflecting, or referring to any investigation of the DODSON INCIDENT, including but not limited to any shooting, internal, DA, personnel, or "internal affairs" investigation of the DODSON INCIDENT.

i. Any and all video and/or audio recordings of the DODSON INCIDENT including but not limited to those from body worn cameras, police vehicle cameras, LASD personnel personal cell phones, and business surveillance cameras.

j. Any and all video and/or audio recordings of statements by any person, including but not limited to law enforcement officers and Plaintiffs Ryan and Kiyoko Dodson, concerning the DODSON INCIDENT.

k. Any and all written statements of any person, including but not limited to law enforcement officers, concerning the DODSON INCIDENT.

l. Any and all video and/or audio recordings of interviews of any person, including but not limited to law enforcement officers, concerning the DODSON INCIDENT.

1        m. Any and all written summaries of interviews of any person, including

2    but not limited to law enforcement officers, concerning the DODSON

3    INCIDENT.

4        n. Any and all scientific reports and test results performed in connection

5    with the DODSON INCIDENT.

6        o. Any and all tangible things obtained by any agent or employee of

7    defendants from any person, including but not limited to Plaintiffs Ryan and

8    Kiyoko Dodson, in connection with the DODSON INCIDENT.

9        p. Any and all tangible things obtained by any agent or employee of

10   Defendants from the locations of the DODSON INCIDENT.

11   **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 20:</u>**

12       This request fails to state what documents are sought with reasonable

13   particularity. Here, simply requesting "All Documents" does not place the

14   responding party on reasonable notice of what is called for and what is not. Such

15   all-encompassing demands that do not allow a reasonable person to ascertain

16   which documents are required do not meet the particularity standard of Rule

17   34(b)(1)(A). Specifically, Defendant objects to subsection (d) of this interrogatory

18   as overbroad and likely to contain private third-party information.

19       Further, Defendant objects to this request attorney-client privilege and

20   attorney work product doctrine, including improperly seeking the mental

21   impressions, legal analysis, legal theories, legal strategies, conclusions and

22   opinions.  Also, it improperly seeks privileged analysis, identification, and

23   interpretation of Plaintiffs' various claims in the operative pleading. For instance,

24   this interrogatory and its many subsections all refer to the "Dodson incident,"

25   which is vague and ambiguous and calls for the privileged mental impressions of

26   counsel as to the identification and interpretation of Plaintiffs' various claims in

27   the operative pleading.

28

Further, subsections (g), (h), (i), (k), (j), (o), (m) and (p) of this interrogatory improperly seek confidential and privileged information related to an ongoing criminal investigation, which is also subject to the official information privilege.  Plaintiffs have ignored the District Court's Order denying their request for this information and made subsequent numerous attempts to improperly access this information in an attempt to interfere with the ongoing criminal investigation.  Disclosure of the information sought is barred by the Court's Orders: (1) the Court's December 30, 2020 Order requiring Defendants to file "an in-camera submission regarding the continued seizure of Plaintiffs' items as detailed in the most recent briefing—including the status of any relevant investigations and any efforts by law enforcement to obtain further information from the remaining items seized" (Dkt No. 45); and (2) the Court's February 18, 2021 Order denying Plaintiffs' *ex parte* application for an order compelling Defendants to produce to Plaintiffs this same *in camera* submission, wherein the Court rejected Plaintiffs' assertion that the *in camera* submission must be made a "public record" and held, "Information pertaining to ongoing criminal investigations and materials related to criminal proceedings has 'traditionally been kept secret for important policy reasons.'" (Dkt No. 65 at p. 1(quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).)  The District Court further explained that it had "determined that an in camera submission was necessary to protect the confidentiality of ongoing investigations. . . . ***The Court did not order in camera production of any information that would otherwise be subject to disclosure.***" (Dkt No. 65 at p. 2 (emphasis added)).

Without waiving said objections, and subject thereto, Defendant responds as follows:  Defendant will produce further, non-privileged documents that exist and are in its possession responsive to this request after a protective order is in place. Defendant will continue its reasonable and diligent search for documents

1  responsive to this request, and any non-privileged, responsive documents will be

2  produced.

3  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO.**

4  **20:**

5      (j) – (m): Without waiving said objections, and subject thereto, Defendant

6  responds as follows: After a reasonable search, no FRCP 26(b)(3)(C)(i)-(ii)

7  material are in Defendants' possession, custody, or control.

8

9

10  Dated:  August 19, 2021          LAWRENCE BEACH ALLEN & CHOI, PC

11

12

13                        By _____/s/ Raymond W. Sakai_____

14                                Raymond W. Sakai
                                  Attorneys for Defendants
15                                County of Los Angeles, Los Angeles
                                  County Sheriff's Department and
16                                Sheriff Alex Villanueva

17

18

19

20

21

22

23

24

25

26

27

28

Ds' 4th Supp R4P Responses                    EXHIBIT C

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Daisy Sanchez, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 100 West Broadway, Suite 1200, Glendale, CA 91210.

On August 19, 2021, I served the foregoing **DEFENDANTS' FOURTH SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFFS, SET ONE;** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

**BY EMAIL:**  [Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission,] I caused the document to be sent to the person(s) at the e-mail address(es) set forth herein.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 19, 2021, at Glendale, California.

By _____/s/Daisy Sanchez_____
Declarant

*Astorga v. County of Los Angeles, et al.*
*Case No.: 2:20-cv-09805-AB-AGR*

## <u>Service List</u>

Colleen Flynn, Esq.                          Attorneys for Plaintiffs
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
cflynnlaw@yahoo.com

Donald W. Cook, Esq.                         Attorneys for Plaintiffs
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
manncook@earthlink.net

Pedram Esfandiary                            Attorneys for Plaintiffs
Monique Alarcon
Baum Hedlund, Aristel & Goldman
10940 Wilshire Blvd., 17th Floor
Los Angeles, CA 90024
pesfandiary@baumhedlundlaw.com
malarcon@baumhedlundlaw.com

16

1    SUPERIOR COURT OF THE STATE OF CALIFORNIA

2     FOR THE COUNTY OF LOS ANGELES

3 DEPARTMENT 6   HON. DEBORAH L. SANCHEZ, JUDGE

4

5 IN RE SEARCH WARRANT NO.     )
                 )
6 #21220 AND #21221      )
                 )
7 _____)

8

9

10

11    REPORTER'S TRANSCRIPT OF PROCEEDINGS

12     THURSDAY, JANUARY 13, 2022

13

14

15 APPEARANCES:

16 FOR THE INTERVENERS-PLAINTIFFS:

17       LAW OFFICES OF DONALD W. COOK
        BY: DONALD W. COOK AND COLLEEN FLYNN,
18         ATTORNEYS AT LAW
        3435 WILSHIRE BOULEVARD
19        SUITE 2910
        LOS ANGELES, CALIFORNIA 90010
20

21 FOR THE DEFENDANTS COUNTY OF LOS ANGELES, LOS ANGELES
  COUNTY SHERIFF'S DEPARTMENT AND SHERIFF ALEX VILLANUEVA:
22
        LAWRENCE, BEACH, ALLEN & CHOI, P.C.
23        BY: RAYMOND W. SAKAI, ATTORNEY AT LAW
        100 WEST BROADWAY,
24        SUITE 1200
        GLENDALE, CALIFORNIA 91210-1219
25

26

27       KATHRYN L. MAUTZ, CSR NO. 11539
        OFFICIAL REPORTER
28

```
 1   PROCESS.
 2        MR. COOK:  SO, I MEAN, I THINK OF THIS AS WE ARE
 3   GETTING TWO WARRANTS BUT SUBJECT TO REDACTIONS.
 4        THE COURT:  YES.
 5        MR. COOK:  AND I TAKE IT THAT THE COURT MADE
 6   DETERMINATIONS THAT THE REDACTIONS ARE NECESSARY FOR A
 7   CRIMINAL INVESTIGATORY PURPOSE.
 8        THE COURT:  YES, AND PRIVACY -- THERE MIGHT BE
 9   PRIVACY ISSUES AS WELL, PRIVACY CONCERNS AS WELL WITH
10   NONPARTIES AND ALSO OTHER SECURITY ISSUES.
11        MR. COOK:  AS I UNDERSTAND THE LAW IN THIS AREA,
12   THE COURT CAN DO A HOBBS, SEALING REDACTIONS IN ORDER TO
13   PROTECT CRIMINAL LAW INTERESTS.  AND I TAKE IT,
14   OBVIOUSLY, THAT THE COURT HAS MADE THAT FINDING, AND I
15   AM NOT ARGUING AGAINST IT.
16        THE COURT:  SURE.
17        MR. COOK:  BUT ABSENT THAT, I DON'T SEE THAT THERE
18   IS A BASIS FOR THE REDACTION.  THAT IS, AGAIN, THE COURT
19   HAS MADE THE FINDINGS OF THE CRIMINAL INVESTIGATORY
20   PURPOSE THAT HAS TO BE PROTECTED.
21        THE COURT:  YES.
22        MR. COOK:  BUT TO ME, THAT'S LIKE OKAY, THAT WOULD
23   BE THE ONLY BASIS FOR THE REDACTIONS.
24        THE COURT:  SURE.
25        MR. COOK:  AND AM I CORRECT?  I MEAN, IS THERE ANY
26   BASIS OTHER THAN THAT?  AND AGAIN, I AM NOT ARGUING THE
27   CRIMINAL INVESTIGATORY FINDING, WHATEVER IT IS THAT THE
28   COURT MADE --
```