1  **COLLEEN FLYNN**, CSB 234281
   ATTORNEY AT LAW
2  3435 Wilshire Blvd., Suite 2910
   Los Angeles, CA 90010
3  (213) 252-9444 / (213) 252-0091 facsimile
   E-mail: cflynnlaw@yahoo.com
4
5  **PEDRAM ESFANDIARY**, CSB 312569
   **MONIQUE ALARCON**, CSB 311560
   BAUM HEDLUND, ARISTEL, & GOLDMAN, P.C.
6  10940 Wilshire Blvd., 17th Floor
   Los Angeles, CA 90024
7  (310) 207-3233 / (310) 820-7444 facsimile
   Email: pesfandiary@baumhedlundlaw.com
8  Email: malarcon@baumhedlundlaw.com

   **DONALD W. COOK**, CSB 116666
   ATTORNEY AT LAW
   3435 Wilshire Blvd., Ste. 2910
   Los Angeles, CA 90010
   (213) 252-9444 / (213) 252-0091 facsimile
   Email: manncooklaw@gmail.com

9  Attorneys for Plaintiffs

10                    **UNITED STATES DISTRICT COURT**

11                    **CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| CHRISTINA ASTORGA, an individual, on behalf of herself and as class representative; HUGO PADILLA, an individual, on behalf of himself and class representative; RYAN MICHAEL DODSON, an individual, and KIYOKO DODSON, an individual, on behalf of themselves and as class representatives,<br><br>                    Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a municipal corporation; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; SHERIFF ALEX VILLANUEVA, an individual; and Does 1 through 10, all sued in their individual capacities,<br><br>                    Defendants. | Case No. 2:20-cv-9805 AB (AGRx)<br><br>**PLAINTIFFS' STATUS REPORT FOR JUNE 21, 2024 STATUS CONFERENCE**<br><br>Date: 6/21/24<br>Time: 10:00 A.M.<br>Ctrm: 7B (1st Street)<br><br>Pretrial date: Not set<br>Trial date: Not set |

TO THE HON. ANDRÉ BIROTTE JR., UNITED STATES DISTRICT JUDGE, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Plaintiffs bring the following three matters to the Court's attention in light of the status conference scheduled for June 21, 2024, in this matter as well as the related lawsuit *Padilla et al. v. County of Los Angeles et al.,* No. 2:22-cv-06224-AB-MAR.

## I. Effect of *Berg* Class Certification On *Astorga* Trial Scheduling.

Recently, in *Berg, et al. v. County of Los Angeles, et al.,* 2:20-cv-7870-DMG (PDx), Judge Dolly M. Gee certified a damages class consisting of persons arrested and injured in various 2020 protests, including the September 8, 2020 South Los Angeles protest that is also the subject of the present lawsuit (along with the September 25, 2020 West Hollywood protest). *See Berg* class certification order filed April 3, 2024 (ECF 121). Though they intend to opt-out at the appropriate time, *Astorga* Plaintiffs Christina Astorga and Hugo Padilla are members of the *Berg* damages class.

Presently, in *Berg* the trial date is December 3, 2024 (*see Berg* Order filed 4/30/24 [ECF 127]). Assuming the *Berg* trial goes forward as scheduled (it may not because the *Berg* defendants have sought to appeal Judge Gee's class certification order), a favorable trial outcome for the *Berg* plaintiffs and class members will likely have a collateral estoppel effect on the *Astorga* Plaintiffs Astorga and Padilla's September 8, 2020's false arrests and/or excessive force claims. Therefore, Plaintiffs recommend that this Court either postpone setting an *Astorga* trial date or set the trial date after the *Berg* trial date.

## II. Injunctive Relief Claim.

Plaintiffs' Second Amended Complaint includes a claim for the "ongoing seizure of personal property (Claim One) and an injunctive relief claim under California's Bane Act (Claim Seven). But as the Court's 5/28/24 Order (ECF 366) correctly noted, "[d]uring oral argument on December 16, 2022, Plaintiffs conceded Claim One for injunctive relief as moot, but have since re-raised the issue in their Supplemental Brief. *See* Dkt. 354." Court's 5/28/24 Order [ECF 366] @ 3; *see also* Plaintiffs' Supplemental Brief filed 9/22/23 (ECF 354) @ 2:10-28 & 4:6-25.

Although the LASD has returned to Plaintiffs their respective electronic devices (smartphones and cameras) and further admitted, in December 2022, there is no longer any criminal investigation possibly implicating a plaintiff or any of their property items, defendants state they are still in possession of electronic data they extracted from Plaintiffs' devices. Furthermore, defendants refuse to either return to Plaintiffs the data defendants extracted or certify that *all* copies of the data in defendants' possession or control has been destroyed. Therefore, Plaintiffs request leave to re-assert their injunctive claim so that they can bring a motion for an injunction commanding the LASD to return to Plaintiffs all copies the LASD has of the electronic data taken from Plaintiffs' devices. *Cf.*, *Snitko v. United States*, 2021 WL 3139706 *4 (C.D. Cal. 2021) (Citing *Brewster v. City of Los Angeles*, 859 F.3d 1194 (9th Cir. 2017), Judge Klausner issues an injunction commanding the government to return to the plaintiff his property the government was withholding, ruling that "the Fourth Amendment is implicated by the Government's delay in returning seized property, irrespective of the Government's initial basis for seizing the property.").

**III. The True Name Of LASD Detective P.R.**

P.R. are the initials for the LASD detective and affiant of the 9/9/20 warrant issued out of the Norwalk Courthouse to search the phones of those arrested at the 9/8/20 South Los Angeles protest (which included *Astorga* Plaintiffs Christina Astorga and Hugo Padilla). Defendants did not disclose the identify of P.R. until March 31, 2022, per Magistrate Judge Rosenberg's 3/15/22 Order (ECF 239[1]), and as supplemented by Judge Rosenberg's 4/26/22 Order (ECF 244). Although P.R. is not a defendant in *Astorga*, she is named as a defendant in the related *Emanuel Padilla* lawsuit also pending before this Court. However, the *Padilla* complaint did not name P.R. by her true name because of Judge Rosenberg's 3/15/22 and 4/26/22 orders.

---

[1] When it was produced, the Norwalk warrant that included P.R.'s name was subject to the March 15, 2022 protective order.

00160254.WPD

Plaintiffs seek to remove P.R. true name's from the aforementioned protective orders. However, Plaintiffs are unsure of the procedural route for seeking the desired relief. Because the *Astorga* discovery cut-off date has past, Plaintiffs do not believe they can simply bring a motion before Judge Rosenberg without this Court's permission. Plaintiffs envision three possible avenues for seeking relief:

- The Court grants leave for Plaintiffs to bring a motion before Judge Rosenberg permitting Plaintiffs in both this case and the related *Padilla* lawsuit to identify P.R. by her true name;

- The Court grants leave for the *Padilla* plaintiffs (no. 2:22-cv-06224-AB-MAR) to bring a motion before Magistrate Judge Margo A. Rocconi (the assigned discovery judge in *Padilla*) for leave to identify P.R. by her true name; or

- This Court hears Plaintiffs' motion for leave to identify P.R. by her true name.

If not already clear, Plaintiffs are not now arguing the merits of their contemplated motion; rather, they only seek the Court's directive as before whom Plaintiffs should bring their motion for leave to name P.R. by her true name. Plaintiffs will argue the merits of the desired relief before the judicial officer the Court directs Plaintiffs to bring their motion.

DATED: June 17, 2024

**COLLEEN FLYNN**
**PEDRAM ESFANDIARY**
**MONIQUE ALARCON**
**DONALD W. COOK**
Attorneys for Plaintiffs

By _[signature]_
Donald W. Cook