**NOT FOR PUBLICATION**

FILED

OCT 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRISTINA ASTORGA, an individual, on behalf of herself and as class representative; HUGO PADILLA, an individual, on behalf of himself and class representative; RYAN MICHAEL DODSON, an individual, on behalf of himself and class representative; KIYOKO DODSON, an individual, on behalf of themselves and as class representatives,

Plaintiffs - Appellees,

v.

ALEX VILLANUEVA, Sheriff,

Defendant - Appellant,

COUNTY OF LOS ANGELES, a municipal corporation, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity,

Defendants.

No. 24-4061

D.C. No.
2:20-cv-09805-AB-AGR

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted September 16, 2026
Pasadena, California

Before: R. NELSON and DESAI, Circuit Judges, and SCHREIER, District Judge.**

In 2020, Plaintiffs Christina Astorga and Hugo Padilla attended a protest in Southern Los Angeles. Defendant Sheriff Villanueva was not present at the protest. The Los Angeles County Sheriff's Department declared the protest an unlawful assembly and ordered everyone to disperse. Astorga and Padilla allege that, as they were retreating, deputies fired less-lethal munitions to disperse the crowd and injured them. Plaintiffs sued Villanueva under 28 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment. Villanueva moved for summary judgment, asserting he was entitled to qualified immunity because he was not personally involved in deputies' conduct at the protest. The district court denied Villanueva's motion and this timely appeal followed.

We have jurisdiction under 28 U.S.C. § 1291 to review an order denying qualified immunity. *Ballou v. McElvain*, 29 F.4th 413, 420–21 (9th Cir. 2022). We review the denial of qualified immunity de novo. *Id.* at 421. We reverse.

Sheriff Villanueva argues that his conduct as a supervisor does not violate

** The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

clearly established law. We agree.[1] Officers are entitled to qualified immunity "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *Hopson v. Alexander*, 71 F.4th 692, 697 (9th Cir. 2023) (cleaned up). We may grant qualified immunity when either condition is not satisfied. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

"A constitutional right is 'clearly established' if every reasonable official would have understood that what he is doing violates that right at the time of his conduct." *Sampson v. Cnty. of L.A. ex rel. L.A. Cnty. Dep't of Child. & Fam. Servs.*, 974 F.3d 1012, 1018–19 (9th Cir. 2020) (cleaned up). This means that "officers receive qualified immunity unless they could have read the relevant precedent beforehand and known that it proscribed their specific conduct." *Zorn v. Linton*, 607 U.S. 568, 572 (2026) (per curiam) (cleaned up). Relatedly, "a supervisor faces liability under the Fourth Amendment only where it would be clear to a reasonable supervisor that his conduct was unlawful in the situation he confronted." *Chavez v. United States*, 683 F.3d 1102, 1110 (9th Cir. 2012) (cleaned up). Plaintiffs must therefore make a "particularized showing" that clearly established law prohibited the supervisor's actions, not the actions of "[his] subordinates." *See id*. at 1109.

---

[1] Because this issue is dispositive of the appeal, we do not address Sheriff Villanueva's other arguments.

None of the cases identified by the Plaintiffs clearly establish that Sheriff Villanueva's conduct was unlawful. *Nelson v. City of Davis*, 685 F.3d 867 (9th Cir. 2012), concerned only the actions of frontline officers. *See id.* at 886 (addressing the "firing of a projectile" and "the release of pepper spray"). *Deorle v. Rutherford*, 272 F.3d 1272, 1285 (9th Cir. 2001), also did not concern supervisory conduct. And in *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991), the defendant police chief's conduct was not so similar that Sheriff Villanueva could have known that *Larez* "proscribed [his] specific conduct," *see Zorn*, 607 U.S. at 572 (cleaned up). In *Larez*, the police chief "condoned, ratified, and encouraged the excessive use of force" of his subordinates by signing a letter stating that there would be no disciplinary action for an officer's Fourth Amendment violations. 946 F.2d at 646. But Sheriff Villanueva took no affirmative action to condone, ratify, or encourage his deputies' actions after they occurred. Unlike the *Larez* police chief, Sheriff Villanueva did not dismiss any complaints.

Because the Plaintiffs failed to establish that clearly established law prohibited Sheriff Villanueva's supervisory conduct, he is entitled to qualified immunity.

**REVERSED.**